**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>-- against –<br><br>**TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,**<br><br>                              **Defendants.** | **CIVIL ACTION NO.**<br>4:13-CV-416 |

**[PROPOSED] ORDER TO SHOW CAUSE, AND ORDER FREEZING ASSETS
AND GRANTING OTHER ANCILLARY RELIEF**

Plaintiff Securities and Exchange Commission ("Commission") has moved for an Order directing  Defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST," and together with Shavers, "Defendant(s)") to show cause why an order should not be entered pending final disposition of this action:  (a) freezing Defendants' assets; (b) directing Defendants to provide verified accountings to the Commission; (c) authorizing expedited discovery concerning the location and extent of Defendants' assets; (d) directing Defendants to repatriate any ill-gotten gains; and (e) requiring Defendants to preserve evidence; and, pending adjudication of the foregoing, an Order: (a) freezing Defendants' assets and (b) requiring Defendants to preserve evidence.

The Court has considered (1) the Complaint filed by the Commission on July 23, 2013 ("Complaint"); (2) the Declaration of Philip Moustakis in Support of Plaintiff's Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief, and exhibits thereto; and (3) Plaintiff's Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief.

Based on the foregoing documents, the Court finds that the Commission has made a proper showing, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)] for the relief granted herein, for the following reasons:

1.  This Court has jurisdiction over the subject matter of this action and over Defendants, and venue lies properly in this District.

2.  It appears that Defendants have violated Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

3.  It appears that Defendants used unlawful means to obtain investor funds.

4.  It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the *status quo*; to avoid depletion of investor funds; to protect this Court's ability to award disgorgement of ill-gotten gains from fraud (and prejudgment interest thereon) and civil penalties; and to preserve this Court's ability to approve a fair distribution for victims of the fraud.

5.  It appears that an order requiring Defendants to provide verified accountings of all assets held directly or indirectly by each of them, as specified herein, is appropriate to determine the disposition of investor funds, and to ascertain the total assets that should be subject to the order freezing Defendants' assets.

6.  It appears that an order permitting the Commission to take expedited discovery concerning the location and extent of Defendants' assets is appropriate to effectuate and ensure compliance with the order freezing Defendants' assets.

7.      It appears that a repatriation order is appropriate because proceeds of the unlawful activities described in the Complaint may be outside the jurisdiction of this Court and that Defendants may have assets or business activities outside the jurisdiction of this Court.

8.      It appears appropriate that Defendants be required to preserve documents, electronically stored information, and communications concerning the allegations in the Complaint; Defendants' assets; Defendants' finances or business operations; or the offer, purchase, or sale of any securities offered or sold by or through Defendants and the use of proceeds therefrom.

**NOW, THEREFORE:**

**I.**

**IT IS HEREBY ORDERED** that Defendants show cause why this Court should not enter an Order that, pending a final disposition of this action, Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, service by electronic mail, telephonic service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets (assets shall include for purposes of this Order all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other persons or entities holding such assets of

Defendants to hold or retain within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets.

## II.

**IT IS FURTHER ORDERED** that Defendants show cause why this Court should not enter an Order directing that they each file with this Court and serve upon the Commission, within five (5) business days, or within such extension of time as to which the Commission agrees, a verified written accounting, signed by the Defendant (or a responsible officer thereof), and under penalty of perjury, of:

(1) All assets and liabilities currently held, directly or indirectly, by or for the benefit of such Defendant, describing the amount and current location of each of the items listed, including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by such Defendant, or for his or its direct or indirect benefit, in or at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(3) All assets or income transferred from such Defendant to any individual, or entity, in or at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed; and

(4) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets of such Defendant,

including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets.

### III.

**IT IS FURTHER ORDERED** that Defendants show cause why this Court should not enter an Order directing Defendants to repatriate all assets or funds that were obtained, directly or indirectly, from the activities described in the Complaint and that are now located outside the jurisdiction of this Court by immediately (a) transferring or paying such funds into the Registry of this Court; (b) delivering securities or other assets that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, into the Registry of this Court; (c) transferring all Bitcoin to a single Bitcoin address established for the purpose with notice to the Commission identifying the complete Bitcoin address; and (d) transferring all other virtual currencies to accounts located within the United States or otherwise within the jurisdiction of this Court, with notice to the Commission identifying, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, or other information sufficient to verify the nature, location, custody, or amount of such virtual currencies.

### IV.

**IT IS FURTHER ORDERED** that Defendants show cause why this Court should not enter an Order directing expedited discovery concerning the location and extent of Defendants' assets as follows: Pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without

regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), permitting the Commission to:

    (1) Take depositions, subject to three (3) days' notice by electronic mail or otherwise;

    (2) Obtain the production of documents within three (3) days from service by electronic mail or otherwise of a request or subpoena from Defendants, or any other persons or entities, including non-party witnesses; and

    (3) Obtain other discovery from Defendants, including interrogatories and requests for admissions, within three (3) days from the date of service by electronic mail or otherwise of such other discovery requests, interrogatories, or requests for admissions.

## V.

**IT IS FURTHER ORDERED** that Defendants show cause why this Court should not enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, electronically stored information, and communications that are in the possession, custody, or control of Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, concerning the allegations in the Complaint, including, without limitation, documents and communications concerning the allegations in the Complaint; Defendants' assets; Defendants' finances or business operations; or the offer, purchase, or sale of any securities offered or sold by or through Defendants and the use of proceeds therefrom.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing or determination of the Order to Show Cause, Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, service by electronic mail, telephonic service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other persons or entities holding such assets of Defendants to hold or retain within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing or determination of the Order to Show Cause, Defendants and any person or entity acting at their direction or on their behalf, are restrained and enjoined from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, electronically stored information, and communications that are in the possession, custody, or control of Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, concerning the allegations in the Complaint, including, without limitation, documents and communications concerning the allegations in the Complaint;

Defendants' assets; Defendants' finances or business operations; or the offer, purchase, or sale of any securities offered or sold by or through Defendants and the use of proceeds therefrom.

## VIII.

**IT IS FURTHER ORDERED** that Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _____, ___, 2013, at ____ p.m. Service shall be made by delivering the papers using the most expeditious means available, including the electronic mail address of any of the Commission's attorneys appearing in this action, or to the Commission's Fort Worth Regional Office, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, TX 76102, Attn: Philip Moustakis, or to such other place as counsel for the Commission may direct in writing. The Commission shall have until _____, ___, 2013, at ____ p.m. to serve by the most expeditious means available, including electronic mail or otherwise, any reply papers upon Defendants, or upon their respective counsel, if counsel shall have made an appearance in this action.

## IX.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants, and each of the respective officers, agents, servants, employees, and attorneys, or those person in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.