IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>-- against –<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>         Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR AN ORDER TO SHOW CAUSE,
ASSET FREEZE, AND OTHER ANCILLARY RELIEF

PHILIP MOUSTAKIS (PM-1748)
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 World Financial Center, Ste. 400
New York, NY 10281-1022
(212) 336-0542
MoustakisP@sec.gov
*Admitted Pro Hac Vice*

Of Counsel:

Andrew M. Calamari* (CalamariA@sec.gov)
Valerie A. Szczepanik* (SzczepanikV@sec.gov)
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGONAL OFFICE

Jessica B. Magee (MageeJ@sec.gov)
Matthew Gulde (GuldeM@sec.gov)
SECURITIES AND EXCHANGE COMMISSION
FORT WORTH REGIONAL OFFICE
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102

**not admitted in the E.D. Tex.*

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Reply Memorandum of Law in Support of its Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief [Dkt. # 3] ("Emergency Motion") against defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST," and together with Shavers, "Defendants"). This memorandum replies to "Defendant's preliminary response to show cause" served by email on the Commission by Shavers on July 30, 2013 ("Response").

## PRELIMINARY STATEMENT

All of the preliminary relief the Commission seeks against Defendants pending final disposition of this action may be granted, even without an evidentiary hearing, because: (a) the Commission – by its Emergency Motion and Appendix in Support of its Emergency Motion [Dkt. #4-7] – has made a proper showing that Defendants violated the federal securities laws; and (b) Defendants have failed to dispute a single fact proffered by the Commission in support of its Emergency Motion or to provide a legal reason why any of the preliminary relief the Commission seeks is unavailable or inappropriate.

Shavers does not dispute that he ran a Ponzi scheme, made misrepresentations to investors, or misappropriated investor funds for his personal use. Rather, his response is limited chiefly to the unsupported assertion that the Court lacks jurisdiction over this action. This argument is unavailing: In its July 23, 2013 Order to Show Cause, and Order Freezing Assets and Granting other Ancillary Relief [Dkt. #14] ("Order to Show Cause"), the Court determined that it has jurisdiction over the subject matter of this action and over Defendants, and Shavers offers neither new facts nor a legal reason why the Court should reconsider that determination.

Accordingly, the Commission respectfully requests the Court grant the Commission the preliminary relief it seeks pending final disposition of this action forthwith.

**BACKGROUND**

On July 23, 2013, the Commission filed in this action its Complaint [Dkt. #1] as well as the Emergency Motion and Appendix in Support of the Emergency Motion. On the same day, this Court entered the Order to Show Cause directing Defendants to show cause why an Order should not be entered pending final disposition of this action: (1) freezing Defendants' assets; (2) directing Defendants to provide verified accountings to the Commission; (3) authorizing expedited discovery concerning the location and extent of Defendants' assets; (4) directing Defendants to repatriate any ill-gotten gains; and (5) requiring Defendants to preserve evidence. The Order to Show Cause required Defendants to delivery any opposing papers in response to the Order to Show Cause no later than Tuesday, July 30, 2013.

On July 30, 2013, Shavers served the one-page Response to the Order to Show Cause on the Commission, which reads principally as Shavers' individual opposition to the Order to Show Cause but in some respects may be read as a joint opposition from both Shavers and BTCST. (Because it appears Shavers did not file the Response with the Court, a true and correct of the Response is attached to this memorandum as Exhibit A.) In the Response, Shavers argues "[t]he court does not have jurisdiction because it is not within the securities laws," and the Court has no authority to order Defendants to provide verified accountings to the Commission "because it is not within the jurisdiction and does not show a need for it." Shavers argues further that it is "ridiculous for the Court to freeze my assets that are required to pay rent, utilities, food, etc. and be able to pay for an attorney." With respect to the Commission's request for expedited discovery concerning the location and extent of Defendants' assets, Shavers states that "three days is too short and there is no need for it." Finally, Shavers argues: "I did not have time needed to make a complete response and request more time to respond."

## ARGUMENT AND AUTHORITY

Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b)] ("Securities Act") and Section 21(d)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(1)] ("Exchange Act") authorize the Commission to obtain preliminary injunctive relief "upon a proper showing" whenever it appears that any person is engaged or about to engage in any conduct constituting violations of the federal securities laws. Because the Commission is a statutory guardian charged with safeguarding the public interest in enforcing the securities laws, the showing required of the Commission is less than that of a private party. *See SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). For an asset freeze and other ancillary relief, it is sufficient that the Commission make a *prima facie* showing that a defendant has violated the federal securities laws. S*ee CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978)*; see also, SEC v. Unifund SAL*, 910 F.2d 1028, 1041 (2d Cir. 1990) (holding asset freeze may be granted where there was a "basis to infer" defendants violated the federal securities laws). Moreover, where, as here, there are no facts in dispute, a district court may issue preliminary injunctive relief without an evidentiary hearing. *See Sierra Club v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993).

In the Order to Show Cause, The Court found the Commission made a *prima facie* showing that Defendants violated Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]. The Court found further that it appears Defendants used unlawful means to obtain investor funds.

Defendants have failed to show cause why any of the relief sought by the Commission should not be granted or to provide any reason at all why the Court should reconsider the findings in the Order to Show Cause. Defendants do not contest any of the evidence proffered

by the Commission in support of its Emergency Motion. Shavers does not contest that he created and operated BTCST, or that BTCST was a sham and a Ponzi scheme whereby Shavers used new BTCST investors' Bitcoin ("BTC") to pay purported returns on outstanding BTCST investments. Shavers does not contest that be made numerous misrepresentations to BTCST investors and potential investors concerning the use of their BTC; how he would generate promised returns; and the safety of their investments. Shavers does not contest that he diverted BTCST investors' BTC for his personal use, day-trading it (for U.S. dollars and vice versa) and exchanging it (for U.S. dollars) to pay his personal expenses.[1]

It is far from "ridiculous" that the Court freeze Defendants' assets pending final disposition of this action, including assets Shavers individually claims he needs for personal expenses and an attorney. An asset freeze is appropriate to ensure that sufficient funds are available for any disgorgement and civil penalties the Court may order Defendants to pay. *See Muller*, 570 F.2d at 1300; *SEC v. Reynolds*, 2008 WL 4107528, at *2 (N.D. Tex. Aug. 22 2008); *Amerifirst Funding, Inc.*, 2007 WL 2192632, at *3 (N.D. Tex. July 31, 2007). Moreover, Shavers must show that any modification to the freeze order is "in the interest of the defrauded investors." *See SEC v. Dobbins*, 2004 WL 957715, at *2 (N.D. Tex. Apr. 14, 2004). Here, Shavers has shown neither that he has sufficient funds available to satisfy any potential judgment the Court may enter against him nor that a modification of the freeze order is in the interest of

---

[1] Shavers' failure to contest that BTCST – the unincorporated, online fiction he created to further his scheme – is essentially his alter ego also is fatal to his opposition. Because BTCST is his alter ego, Shavers is responsible for all of BTCST's conduct. *See SEC v. Res. Dev. Int'l, LLC*, 487 F.3d 295, 302 (5th Cir. 2007) (corporate veil is pierced where corporation is alter ego of its owner; used for an illegal purpose; or used as a sham to perpetuate fraud.) Therefore, assuming for the sake of argument the Response raised an evidentiary issue requiring a hearing as to Shavers (which it has not), because all of the relief the Commission seeks is appropriate against BTCST, the relief is appropriate against its alter ego, Shavers, obviating the need for a hearing.

BTCST investors. The general release from the Court's freeze order Shavers seeks – without any documentary support for the same – clearly is not in the interest of BTCST investors as Shavers seeks the funds for his personal living expenses. Additionally, Shavers comingled BTCST investors' BTC with his own BTC, and exchanged BTCST investors' BTC for U.S. dollars, transferring the proceeds to, and comingling them with funds held in, personal accounts. Until Defendants provide more information to the Court, at the very least the verified accountings the Commission seeks, no carve-out from the asset freeze should be granted to Shavers or BTCST. *See id*, at *2-3 (denying defendant's request to modify asset freeze to pay attorneys' fees and living expenses where defendant did not provide court with verified accounting or information sufficient to evaluate request).

Finally, Defendants' request for more time should not be granted. As an initial matter, Defendants fail to explain why they need additional time to respond either to the Court's Order to Show Cause or to discovery. In addition, much of the evidence that will be sought from Defendants was already the subject of an administrative subpoena served on Shavers during the course of the Commission's underlying investigation, hence they are on notice of the categories and kinds of documents and information they will be expected to provide. Furthermore, Shavers was subpoenaed to testify during the Commission investigation but refused to appear.

**CONCLUSION**

For the foregoing reasons, the Commission respectfully requests that the Court grant the asset freeze and other ancillary relief sought by the Commission's Emergency Motion pending the final disposition of this action.

Dated: August 1, 2013
New York, NY

By: */s/ Philip Moustakis*
PHILIP MOUSTAKIS (PM-1748)
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 World Financial Center, Ste. 400
New York, NY 10281-1022
(212) 336-0542
MoustakisP@sec.gov
*Admitted Pro Hac Vice*

Of Counsel:

Andrew M. Calamari* (CalamariA@sec.gov)
Valerie A. Szczepanik* (SzczepanikV@sec.gov)
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGONAL OFFICE

Jessica B. Magee (MageeJ@sec.gov)
Matthew Gulde (GuldeM@sec.gov)
SECURITIES AND EXCHANGE COMMISSION
FORT WORTH REGIONAL OFFICE
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
(817) 978-3821

**not admitted in the E.D. Tex.*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              Plaintiff,<br><br>-- against –<br><br>**TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,**<br><br>                              Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of August, 2013, I, Philip Moustakis, caused to be served Plaintiff's Reply Memorandum of Law in Support of its Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief, and attachments thereto, on:

**By UPS Overnight Delivery and Electronic Mail:**

TRENDON T. SHAVERS
2305 South Custer Road
McKinney, TX 75070

*me@pirateat40.com*
*trendon@buscog.com*
*tshavers@buscog.com*

BITCOIN SAVINGS AND TRUST
c/o Trendon T. Shavers
2305 South Custer Road
McKinney, TX 75070

*me@pirateat40.com*
*trendon@buscog.com*
*tshavers@buscog.com*

              */s/ Philip Moustakis*
              PHILIP MOUSTAKIS (PM-1748)
              Attorney for Plaintiff
              SECURITIES AND EXCHANGE COMMISSION
              NEW YORK REGIONAL OFFICE
              3 World Financial Center, Ste. 400
              New York, NY 10281-1022
              (212) 336-0542
              MoustakisP@sec.gov
              *Admitted Pro Hac Vice*