IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>-- against –<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>          Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

**""""""""ORDER FREEZING ASSETS
AND GRANTING OTHER ANCILLARY RELIEF**

On July 23, 2013, Plaintiff Securities and Exchange Commission ("Commission") filed with this Court an Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief ("Emergency Motion") against defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST," and together with Shavers, "Defendants").

On July 23, 2013, this Court issued an Order to Show Cause, and Order Freezing Assets and Granting other Ancillary Relief ("Order to Show Cause") directing Defendants to Show Cause why the Court should not enter an Order pending final disposition of this action: (a) freezing Defendants' assets; (b) directing Defendants to provide verified accountings to the Commission; (c) authorizing expedited discovery concerning the location and extent of Defendants' assets; (d) directing Defendants to repatriate any ill-gotten gains; and (e) requiring Defendants to preserve evidence. The Order to Show Cause froze Defendants' assets and required the preservation of evidence pending adjudication of the foregoing, and required Defendants to serve any opposing papers in response to the Order to Show Cause on the Commission no later than July 30, 2013.

On July 30, 2013, Defendants served a Response to the Order to Show Cause on the Commission. On August 1, 2013, the Commission filed with this Court its Reply Memorandum of Law in Support of its Emergency Motion.

The Court has considered (1) the Commission's Complaint in this action; (2) the Commission's Emergency Motion; (3) the Declaration of Philip Moustakis in Support of the Commission's Emergency Motion and the exhibits appended thereto; (4) Defendants' Response to the Commission's Emergency Motion; and (5) the Commission's Reply in Support of its Emergency Motion.

**NOW, THEREFORE:**

**I.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, service by electronic mail, telephonic service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets (assets shall include for purposes of this Order all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and each of the financial or brokerage institutions, debtors and bailees, or any other persons or entities holding such assets of Defendants shall hold or retain

within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets.

## II.

**IT IS FURTHER ORDERED** that Defendants file with this Court and serve upon the Commission, within five (5) business days, or within such extension of time as to which the Commission agrees, a verified written accounting, signed by the Defendant (or a responsible officer thereof), and under penalty of perjury, of:

(1) All assets and liabilities currently held, directly or indirectly, by or for the benefit of such Defendant, describing the amount and current location of each of the items listed, including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by such Defendant, or for his or its direct or indirect benefit, in or at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(3) All assets or income transferred from such Defendant to any individual, or entity, in or at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed; and

(4) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets of such Defendant, including, where appropriate, the names of financial institutions or

commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets.

### III.

**IT IS FURTHER ORDERED** that Defendants repatriate all assets or funds that were obtained, directly or indirectly, from the activities described in the Complaint and that are now located outside the jurisdiction of this Court by immediately (a) transferring or paying such funds into the Registry of this Court; (b) delivering securities or other assets that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, into the Registry of this Court; (c) transferring all Bitcoin to a single Bitcoin address established for the purpose with notice to the Commission identifying the complete Bitcoin address; and (d) transferring all other virtual currencies to accounts located within the United States or otherwise within the jurisdiction of this Court, with notice to the Commission identifying, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, or other information sufficient to verify the nature, location, custody, or amount of such virtual currencies.

### IV.

**IT IS FURTHER ORDERED** that the Commission may proceed with expedited discovery concerning the location and extent of Defendants' assets as follows: Pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

    (1)  Take depositions, subject to three (3) days' notice by electronic mail or otherwise;

    (2) Obtain the production of documents within three (3) days from service by electronic mail or otherwise of a request or subpoena from Defendants, or any other persons or entities, including non-party witnesses; and

    (3) Obtain other discovery from Defendants, including interrogatories and requests for admissions, within three (3) days from the date of service by electronic mail or otherwise of such other discovery requests, interrogatories, or requests for admissions.

## V.

**IT IS FURTHER ORDERED** that Defendants, and any persons or entities acting at their direction or on their behalf, are restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, electronically stored information, and communications that are in the possession, custody, or control of Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, concerning the allegations in the Complaint, including, without limitation, documents and communications concerning the allegations in the Complaint; Defendants' assets; Defendants' finances or business operations; or the offer, purchase, or sale of any securities offered or sold by or through Defendants and the use of proceeds therefrom.

**SIGNED this 5th day of August, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE