IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>-- against –<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>         Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

**RULE 26(f) CONFERENCE REPORT**

Plaintiff Securities and Exchange Commission ("Commission"), pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26") and the Court's Standard Initial Order Governing Proceedings ("OGP"), respectfully submits this Rule 26(f) Conference Report. Although Defendant Trendon T. Shavers ("Shavers") made himself available for the parties' Rule 26(f) conference, he declined to participate in the preparation of this Rule 26(f) Conference Report. Defendant Bitcoin Savings and Trust ("BTCST") has not appeared in this action.

**I. Brief Factual and Legal Synopsis of the Case**

The Commission alleges that, from at least September 2011 to September 2012, Shavers operated BTCST, a Bitcoin ("BTC")-denominated Ponzi scheme, raising more than 700,000 BTC in principal investments from BTCST investors, or more than $4.5 million, based on the average price of BTC during that period. Specifically, the Commission alleges that Shavers, operating out of his Texas home and under the Internet name "pirateat40," directly or indirectly, offered and sold BTCST investments over the Internet to at least sixty-six investors residing both in the United States and overseas. Shavers falsely promised BTCST investors up to 7% interest weekly based

on BTCST's purported BTC market arbitrage activities, including selling BTC to individuals who wished to buy BTC "off the radar," quickly, or in large quantities. In reality, Shavers used little, if any, of the BTC he raised for BTCST as represented to investors. Rather, Shavers used new BTCST investor BTC to pay the promised returns on outstanding BTCST investments and diverted BTCST investor BTC for his own use, including day-trading it and exchanging it (for U.S. dollars) to pay his personal expenses.

Based on these claims, the Commission alleges that Shavers and BTCST (together, "Defendants") violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)]. The Commission is seeking permanent injunctions, disgorgement of ill-gotten gains plus prejudgment interest thereon, and civil monetary penalties against Defendants pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

To date, neither Defendant has filed an answer to the Commission's complaint in this action.

## II. Jurisdictional Basis for the Suit

The Court has jurisdiction over this action pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and 77v], and Sections 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa]. Venue is proper in this district under Section 22(a) of the Securities Act and Section 27 of the Exchange Act [15 U.S.C. §§ 77v(a) and 78aa]. The Commission alleges Defendants, directly and indirectly, made use of the means and instrumentalities of interstate commerce and/or the mails in connection with the transactions described in the Commission's complaint in this action.

### III. Initial Mandatory Disclosures

The Commission has made its initial mandatory disclosures to Defendants as required by the OGP and Rule 26(a)(1). The Commission is prepared to produce, upon Defendants' request, all documents, electronically stored information ("ESI"), witness statements, and tangible things, excluding privileged or otherwise undiscoverable material, detailed in its disclosures.

To date, Defendants have not made their initial mandatory disclosures to the Commission.

### IV. Proposed Scheduling Order

The Commission is not requesting any deviation from the Court's standard scheduling order deadlines as set forth in the OGP.

### V. Persons to Be Deposed

The Commission deposed Shavers on September 5, 2013. The Commission anticipates it may also depose Shavers' spouse, Ashley Shavers.

### VI. Preservation and Disclosure of ESI

The Commission does not anticipate any issue with the disclosure of ESI to Defendants in a form and format Defendants can utilize. Defendant Shavers has informed Commission staff that significant portions of his records concerning BTCST-related transactions were destroyed when he deleted certain electronic BTC "wallets" and BTC "addresses," which he used for BTCST-related transactions.

### VII. Orders Under Rules 26(c), 16(b), and 16 (c)

The Commission does not anticipate asking the Court to enter any protective orders pursuant to Rule 26(c). As stated above, the Commission does not anticipate requesting any deviation from the Court's standard scheduling order deadlines. The Commission believes that an

order setting a Rule 16(c) pretrial conference, and identifying matters that may be determined at pretrial conference, is appropriate in this case.

## VIII. Estimated Duration of Trial

The Commission estimates a trial of this action could be completed in three days.

## IX. Counsel Appearing for the Parties

The Commission will be represented at the management conference by Philip Moustakis, undersigned. Other counsel who may appear at the management conference include Jessica B. Magee and Matthew J. Gulde from the Commission's Fort Worth Regional Office, and Valerie A. Szczepanik from the Commission's New York Regional Office.

                                                Respectfully Submitted,

Dated: November 18, 2013  
        New York, NY

*/s/ Philip Moustakis*  
PHILIP MOUSTAKIS (PM-1748)  
Attorney for Plaintiff  
SECURITIES AND EXCHANGE COMMISSION  
NEW YORK REGIONAL OFFICE  
Brookfield Place  
200 Vesey Street, Ste. 400  
New York, NY 10281-1022  
(212) 336-0542  
MoustakisP@sec.gov  
*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

  I certify that, on November 18, 2013, I electronically filed the foregoing Rule 26(f) Conference Report with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, and served a true and correct copy of the same, by UPS Overnight Delivery and electronic mail, on:

| | |
|---|---|
| TRENDON T. SHAVERS | BITCOIN SAVINGS AND TRUST |
| 2305 South Custer Road, Apt. 1507 | c/o Trendon T. Shavers |
| McKinney, TX 75070 | 2305 South Custer Road, Apt. 1507 |
| *tredon@buscog.com* | McKinney, TX 75070 |
| | *trendon@buscog.com* |

        */s/ Philip Moustakis*
        PHILIP MOUSTAKIS (PM-1748)
        Attorney for Plaintiff
        SECURITIES AND EXCHANGE COMMISSION
        NEW YORK REGIONAL OFFICE
        Brookfield Place
        200 Vesey Street, Ste. 400
        New York, NY 10281-1022
        (212) 336-0542
        MoustakisP@sec.gov
        *Admitted Pro Hac Vice*