IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 4:13-CV-416 (RC) (ALM) |
| -- against – | |
| TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST, | |
| Defendants. | |

[PROPOSED] ORDER AND FINAL JUDGMENT

   WHEREAS, on February 27, 2014, plaintiff Securities and Exchange Commission filed a Motion for Summary Judgment against defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST," and together with Shavers, "Defendants"); the Court having found that it has jurisdiction over Defendants and the subject matter of this action:

I.

   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, based upon the submissions by the parties on the Motion, and the entire record herein, the Motion for Summary Judgment against Shavers and BTCST is Granted against each in its entirety.

II.

   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Shavers and BTCST are jointly and severally  liable for disgorgement of $38,638,569,

representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $1,766,098, for a total of $40,404,667.  Pursuant

to 15 U.S.C. §§ 77t(d) and 78u(d)(3), Shavers is liable additionally for a civil penalty in the

amount of $ _____, and BTCST is liable additionally for a civil penalty in the

amount of $ _____.  Shavers shall satisfy his obligations by paying $

_____ (less any of the disgorgement amount paid by BTCST) to the Securities and

Exchange Commission within 14 days after entry of this Final Judgment.  BTCST shall satisfy

its obligations by paying $ _____ (less any disgorgement amount paid by Shavers)

to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Shavers or BTCST as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of any payment and case identifying information to the Commission's counsel in this action.  By making payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Shavers and BTCST shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of

5

disgorgement in this action, argue that he/it is entitled to, nor shall he/it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his/its payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Shavers and/or BTCST by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  _____, _____

_____
RON CLARK
UNITED STATES DISTRICT JUDGE