IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>-- against –<br><br>**TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,**<br><br>                              **Defendants.** | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE,
<u>RULE 37 SANCTIONS, AND OTHER RELIEF</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Motion for an Order to Show Cause, Rule 37 Sanctions, and other Relief against defendant Trendon T. Shavers ("Shavers" or "Defendant") for his willful refusal to comply with: (a) the Court's August 5, 2013 Order Freezing Assets and Granting Other Ancillary Relief [Docket No. 22] ("August 5, 2013 Order"); (b) the Court's August 29, 2013 Order [Docket No. 27]; and (c) his discovery obligations in this litigation.

<u>**FACTS**</u>

The Court's August 5, 2013 Order required Shavers to file with the Court and serve upon the Commission a verified accounting of his assets, liabilities and income by August 12, 2013, which he failed to do.  On August 29, 2013, the Court again ordered Shavers to provide his verified accounting to the Commission, by the next day.

By the express terms of the August 5, 2013 Order, Shavers was required to detail in his verified accounting the following items:

(1) All assets and liabilities currently held, directly or indirectly, by or for the benefit of such Defendant, describing the amount and current location of each of the items listed, including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by such Defendant, or for his or its direct or indirect benefit, in or at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(3) All assets or income transferred from such Defendant to any individual, or entity, in or at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed; and

(4) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets of such Defendant, including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets.

On August 30, 2013, Shavers served upon the Commission a one-page document purporting to detail his current assets and monthly expenses. [See Appendix in Support of Plaintiff's Motion for Summary Judgment, at pages ("App.") 201-02, filed concurrently herewith.] At best, this "accounting" satisfied item 1, above. Shavers provided no information concerning assets or income received by him (or for his benefit) or transferred by him, for the period covered by the August 5, 2013 Order, and he provided no information concerning bailees, debtors, or others currently holding his assets. Shavers did not provide the Commission with information concerning the income, assets, and liabilities of Bitcoin Savings and Trust (BTCST) which, as

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 2 of 8

detailed in Plaintiff's Motion for Summary Judgment or, in the Alternative, for Default Judgment and Memorandum in Support, filed concurrently herewith, is his alter ego.

On August 30, 2013, after being informed by Commission staff that the "accounting" he provided was inadequate, Shavers stated, "the payments and disbursements are already in your initial complaint and supporting documents." [App. 203-04.] Later in the same day, after again being reminded of his obligations by Commission staff, Shavers claimed he did not have access to necessary records and stated: "I truly believe this kind of detailed accounting is exhaustive and most likely duplicate information that the commission and court already have." [App. 207.]

On September 5, 2013, at his deposition in this action, Shavers testified that while he was capable of producing an accounting of his bitcoin-denominated transactions with his BTCST investors, he was in no rush to do so:

> Q: So if you had a computer here now with your computer here [sic] --
>
> A: My computer here.
>
> Q: -- you could tell us which [bitcoin] addresses in [Exhibit] belonged to investors either as deposit or withdrawal addresses and which did not; is that right?
>
> A: It would take a serious amount of time, but yes.
>
> Q: How much time?
>
> A: To go through blockchains, 60 gigs, compare -- that's two cycles. Five days with a computer running constantly.
>
> Q: And why haven't you done that?
>
> A: Like I told you, it's exhaustive.
>
> Q: You're under Court order to provide us with an accounting. Why haven't you provided it if you can do it?

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 3 of 8

> A: Because it's not available.  I'd have to write a program to do it and then hope the system doesn't go down in the middle of the query.
>
> Q: So you can do it.
>
> A: I could do it with the right equipment.
>
> Q: So do it.  Why haven't you done it?
>
> A: I could do it.
>
> Q: Why haven't you done it?  You're under Court order to do it.
>
> A: Because whenever I do it, I'm not just going go for this information.  I'm going to go for everything.  And when I find that information, I will give you the updated information and show you that this was not a Ponzi scheme.  Just give me time.  I promise you.
>
> Q: The process in underway, Mr. Shavers.
>
> A: I understand.

[App. 74.]

To date, Shavers has not provided to Commission staff a verified accounting of either his bitcoin-denominated assets, liabilities, and income, or his U.S. dollar (or other conventional currency) denominated assets, liabilities, and income.

The Court's August 5, 2013 Order also required Shavers to repatriate immediately all assets or funds that were obtained from the activities described in the complaint filed by the Commission and that are now located outside of the jurisdiction of this Court.  To date, Shavers has failed to inform the Commission whether or not such assets exist, and has failed to otherwise comply with the Court's repatriation order.

On October 9, 2013, the Commission served Shavers with Plaintiff's First Request to Defendants for Production of Documents [App. 190-94] which, in light of General Order 13-19

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 4 of 8

[Docket No. 30], the Commission agreed would not be due until November 20, 2013.  For the period from May 1, 2011 to the date of the request, the document request required Shavers to produce, among other things, all documents and communications concerning BTCST; all filed income tax returns for both himself and BTCST; documents sufficient to identify all bitcoins owned or controlled by him; and documents sufficient to identify all accounts at financial institutions held or controlled by him.  To date, Shavers has failed to respond to the Commission's document request.

To date, Shavers has not made his Rule 26 initial disclosures to the Commission.  Shavers also declined to participate in the preparation of a joint Rule 26(f) conference report for the Court. [See Docket No. 30.]

On November 7, 2013, the Commission sent a letter to Shavers by UPS Overnight Delivery and electronic mail reminding him of his obligations to provide a verified accounting to both the Court and the Commission; to comply with the Court's repatriation order; to answer the complaint in this action; to provide his Rule 26 initial disclosures; and to respond to the Commission's October 9, 2013 document request.  [App. 196-99.]  The letter further informed Shavers:  "If you do not provide your verified accounting or meet your other past-due obligations in this litigation, the Commission may seek appropriate sanctions, including a contempt order, against you."  [Id.] To date, Shavers has not responded to the Commission's November 7, 2013 letter.

### ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions for failure to comply with discovery orders.  The Court may direct that certain facts be taken as established for purposes of the action; prohibit the disobedient party from introducing designated evidence; and strike pleadings, dismiss the action, or render a default judgment against the disobedient party.

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 5 of 8

Fed.R.Civ.P. 37(b)(2)(A); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc.*, 447 U.S. at 763-64 (internal quotations omitted). Rule 37(b)(2) requires that any sanction be both just and related to the particular claim that was the subject of the discovery violation. *See Compaq Computer Corp. v. Ergonome Inc.*, 387 F. 3d 403, 413 (5th Cir. 2004) (affirming district court's finding of alter ego liability as a discovery sanction where defendant repeatedly refused to respond adequately to interrogatories aimed at proving alter ego). In addition to the sanctions available under Rule 37, this Court may invoke its inherent powers to enter sanctions for conduct that is not effectively sanctionable pursuant to an existing rule or statute. *See Tobias v. Davidson Plywood*, 21 F.R.D. 590, 592 (E.D. Tex. 2007). In determining whether to impose sanctions under either Rule 37 or its inherent powers, the Court should consider: "(1) Willfulness or bad faith by a party; (2) A clear record of delay; (3) Substantial prejudice to the opposing party; and (4) Whether a lesser sanction would not be appropriate." *Id.*

      Shavers' willfulness, bad faith, and delay are clear from the record in this action. First, Shavers has twice defied the Court's order that he provide a verified accounting to the Court and to the Commission. He claims he does not have access to necessary records to produce the accounting ordered but many of the records he would need were filed with the Court, and served upon Shavers in the form of the Appendix to Plaintiff's Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief [Docket No. 4], including (a) BTCST investor account data; (b) transaction data for Shavers' "main operating wallet" for BTCST; (c) records for Shavers' personal checking account at Woodforest National Bank; (d) records for Shavers'

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 6 of 8

personal account at Dwolla Incorporated; and (e) records for Shavers' personal account at PayPal. Shavers has made no good faith effort to work with these materials. Second, Shavers testified that he is capable of producing an accounting of his bitcoin-denominated transactions with BTCST's investors. However, to date, he has declined to do so. Third, Shavers has refused to respond in any meaningful way to the Court's repatriation order, even to inform the Court or Commission staff whether there are any assets covered by the order. Fourth, Shavers has refused to respond in any way to the Commission's First Request to Defendants for Production of Documents. And finally, Shavers has not made his Rule 26 disclosures to the Commission.

The Court-ordered verified accounting, the repatriation order, and the Commission's demand for, among other things, documents sufficient to identify accounts at financial institutions held or controlled by Shavers and all bitcoins owned or controlled by Shavers, each are aimed at illuminating further the central issue in this action, *i.e.*, what exactly Shavers did with BTCST investors' funds. Moreover, in refusing to make a good faith effort at producing the Court-ordered accounting, Shavers seemed to adopt the Commission's analysis concerning his use of BTCST investors' funds, stating, "the payments and disbursements are already in [the Commission's] initial complaint and supporting documents" and "I truly believe this kind of detailed accounting is exhaustive and most likely duplicate information that the commission and court already have." Therefore, sanctions precluding Shavers from introducing evidence concerning his use of BTCST investors' funds and directing that facts proffered by the Commission concerning the same be taken as established for purposes of this action would be just, appropriately tailored to Shavers' noncompliance, and consistent with the Court's obligation not to impose a more severe sanction (e.g., rendering a default judgment) where lesser sanctions would suffice.

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 7 of 8

## **CONCLUSION**

For the foregoing reasons, the Commission's Motion for an Order to Show Cause, Rule 37 Sanctions, and other Relief should be granted in its entirety and Shavers should be ordered to show cause why the sanctions requested should not be ordered.

Respectfully Submitted,

Dated: March 3, 2014
       New York, NY

*/s/ Philip Moustakis*
PHILIP MOUSTAKIS (PM-1748)
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
(212) 336-0542
MoustakisP@sec.gov
*Admitted Pro Hac Vice*

*SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)
Plaintiff's Motion for Show Cause Order
Page 8 of 8

## CERTIFICATE OF SERVICE

      I certify that, on this 3rd day of March, 2014, I electronically filed the foregoing Plaintiff's Motion for an Order to Show Cause, Rule 37 Sanctions, and other Relief with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, and served a true and correct copy of the same, by UPS Overnight Delivery and electronic mail, on:

| | |
|---|---|
| TRENDON T. SHAVERS | BITCOIN SAVINGS AND TRUST |
| 2305 South Custer Road, Apt. 1507 | c/o Trendon T. Shavers |
| McKinney, TX 75070 | 2305 South Custer Road, Apt. 1507 |
| *tredon@buscog.com* | McKinney, TX 75070 |
| | *trendon@buscog.com* |

      */s/ Philip Moustakis*
      PHILIP MOUSTAKIS (PM-1748)
      Attorney for Plaintiff
      SECURITIES AND EXCHANGE COMMISSION
      NEW YORK REGIONAL OFFICE
      Brookfield Place
      200 Vesey Street, Ste. 400
      New York, NY 10281-1022
      (212) 336-0542
      MoustakisP@sec.gov
      *Admitted Pro Hac Vice*