# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

## DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY RULE 37 SANCTIONS SHOULD NOT BE IMPOSED

### INTRODUCTION

This action, brought by the Securities and Exchange Commission (the "Commission" or the "Government"), is a case of first impression in any district. The result of this case may establish if the Commission has authority to regulate transactions in virtual currency. The Commission may argue Defendants' lack of action or lack of production as the basis for its motion, but the record in this case speaks otherwise. Due to the asset freeze in this case, Defendants have not been able to acquire legal counsel until recently. Defendants have been attempting to defend themselves. Courts favor rulings on the merits; however, the Commission seeks to win, effectively by default, on a procedural defect of "form" related to Defendants' responses to discovery, instead of on the merits of the alleged claims. The Court should allow this case to continue by allowing reasonable continuance to complete discovery in this case now that Defendants are under the advice of counsel.

The Court should not impose the sanctions requested by the Commission. The Commission is already in possession of the same documents it claims Defendants have failed to provide. Prior to filing this action, the Commission solicited Defendants for

...

information regarding the occurrence(s) from early 2011 through August 12, 2012, related, wholly, to transactions involving Bitcoin by way of "informal" investigation and subsequent formal investigative subpoena issued by the Commission. Defendants complied with requests and sent relevant requested information. See, for example, DOC 4-3, 4-4, 4-5, etc. DOC 4-5 is instructive. Per Commission investigative staff, in support of their motion for emergency relief, Ms. Downes, paragraph 6.a. through 6.f., describes all the financial documents the Commission obtained and analyzed in support of its action, including: bank checking accounts, PayPal accounts, Dwolla accounts, and MtGox accounts. Further, paragraph 7 of Ms. Downes' declaration states Mr. Shavers provided account data information for BTCST lenders who lent Bitcoin to Defendants. See paragraph 9 of DOC 4-5. Ms. Downes declared, under penalty of perjury, that the Commission is in possession of that information, specific enough to allege purported exact amounts of lost Bitcoin.

Federal Rule of Civil Procedure 26(b)(2)(C)(i) states that requests for production of cumulative or duplicative discovery must be limited. The vast majority of information alleged to have been willfully and in bad faith denied the Commission in this case is already in their hands. More appropriate should be a motion, by the Commission, to bar any discovery not already submitted. This would only be more appropriate, however, if the Commission had previously filed a motion to compel discovery. The record is void of such procedural requests.

Further, until a mere five days prior to filing this motion for sanctions, the Commission failed to comply with mandatory disclosures under FRCP 26 and Local Rule CV-7 (c) and (d). The Commission comes to this Court with unclean hands.

This document is broken into two relevant sections: 1) the *Tobias* analysis for sanctions related to discovery and or orders of the court; and 2) the alleged failure to comply with the repatriation order. Defendants respectfully submit, based on the

arguments above and below, Defendants have shown good cause why the Court should not impose Rule 37 sanctions against Defendants in this case.

## ARGUMENT

If possible**,** Courts prefer to decide issues decided on the merits of the case over procedure. "Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919 (5th Cir. 1960) (discussing defaults); *See FDIC v. Conner,* 20 F.3d 1376 (5th Cir. 1994) (discussing Rule 37). The Government's strategy is clear in this case. The Government seeks to obtain sanctions barring evidence to obtain dispositive results by way of summary judgment or judgment by default. *See* Docket. If the Court grant's the Government's Rule 37 sanctions request, the Defendants will be denied their trial upon the merits which implicates due process. *Conner*, at 1380.

1. *Tobias v. Davidson Plywood*

The requested sanction is a "remedy of last resort," even "draconian." *Id.* "[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *Id. citing EEOC v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993).

The Government cites *Tobias v. Davidson Plywood*, 241 R.R.D. 590 (E.D. Texas, Lufkin Division, March 30, 2007) as the structure for the court's analysis. There are two (2) four-step processes considered under *Tobias.* Part 1 - For failure to comply with discovery under Rule 26 the court should consider: 1) the importance of the evidence; 2) the prejudice to the opposing party of allowing the evidence to come in; 3) the possibility for curing such prejudice by granting a continuance; and 4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *Tobias* at 592. "The burden is on the party who failed to disclose the information to prove that such failure is

harmless." *Tobias* at 592, citing *Heidtman v. County of El Paso,* 171 F.3d 1038 (5th Cir. 1999).

*Tobias* Part 2 - The second process should be considered if the party has failed to comply with a court order and therefore examines: 1) willfulness or bad faith by the party; 2) a clear record of delay; 3) substantial prejudice to the opposing party; and 4) whether a lesser sanction would not be appropriate. *Tobias* at 592 citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990).

The issue in *Tobias* was a failure to disclose an insurance policy that was relevant to one affirmative defense. Per the *Tobias* record, counsel for defendant made statements to Plaintiff's counsel that he was unable to determine if there was an insurance policy that covered the claims that would be responsive to Rule 26 disclosure. *Tobias* at 593. The court found evidence that defense counsel represented that there was not a policy, but then later tried to introduce the policy. *Tobias* at 593. The Court was especially critical of the admission by the Defense attorney that Defendant knew of the insurance policy all along despite previous representations. *Tobias* at 594. Sanctions were appropriate because of direct conflicting representations regarding discovery.

The issue in *Coane* involved a Plaintiff party who was also the attorney. The attorney brought a personal injury case, ignored discovery requests, was monetarily sanctioned, refused to pay the court sanctions, then voluntarily dismissed his own case. "Coane's handling of this litigation is unworthy of an attorney." *Coane*, 898 F.2d at 1033. The Court found the behavior of Coane to be in bad faith, evidencing a pattern of contumacious conduct. *Id.*

   a. ***Tobias* part 1.**

The Government alleges violations of FRCP 26 mandatory disclosures as a basis for sanctions. Under *Tobias*, a failure to comply with discovery is subject to sanction, and the court should analyze: 1) the importance of the evidence; 2) the prejudice to the

opposing party of allowing the evidence to come in; 3) the possibility for curing such prejudice by granting a continuance; and 4) the explanation, if any, for the party's failure to comply with the disclosure requirements. *Tobias* at 592.

Specifically, the Government argues Defendants have not provided the initial disclosures nor have Defendants responded to the First Request for Production of Documents. The obvious intention of the initial disclosure rule is to facilitate the exchange of relevant information without the need to request it. *See generally* FRCP 26 (a)(1). Under this district's Local Rule CV-26 (c) and (d), the information required to be disclosed is clarified to avoid further dispute.

The Commission comes to this court with apparent unclean hands. "The maxim of unclean hands comes from courts of equity." *Olmstead v. U.S.*, 277 U.S. 438 (1928). "But the principle prevails in courts of law. Its common application is in civil actions between private parties. Where the government is the actor, the reasons for applying it are even more persuasive." *Id.*

The Government seeks discovery sanctions when the Government, itself, failed to provide or comply with FRCP 26 until only five days prior to their motion for sanctions. Local Rule CV-26 (c) requires notice to the Court that the parties have provided FRCP 26(a)(1) disclosures. There is no such Notice in the docket filed by the Commission. Perhaps the Court could consider DOC 30, page 3 § III to be compliance with CV-26 (c); however, by the Commission's own admission in DOC 30, they withheld mandatory disclosure. "The Commission is prepared to produce, ***upon Defendants' request***, all documents, electronically stored information ("ESI"), witness statements, and tangible things, excluding privileged or otherwise undiscoverable material, detailed in its disclosures." DOC 30 § III pg. 3 *emphasis added.* Upon conferral, counsel for the Commission claims a disk of information was sent on or about February 26, 2014, containing the alleged "ESI" discovery (five days prior to filing of DOC 33). Defendants

claim to not be in receipt of the disk of information. The Commission has agreed to send Defendants' counsel the disk. See Declaration of Franklin Jason Seibert ("SEIB-DECL") EXH 1.

Local Rule CV-26 (d) requires disclosures regarding relevant claims and defenses. When counsel for Defendants requested the Commission's investigative file, counsel for the Government stated that such information would not be given without a separate request. SEIB-DECL EXH 2. The duty to provide the investigative file, which would include relevant information under FRCP 26 and CV-26 (d) (including exculpatory evidence), is not contingent upon a separate request. The Government also claims that to obtain the requested information, a separate confidentiality agreement must be engaged prior to delivery. SEIB-DECL EXH 2. Any record to be sealed should be argued as a motion for protective order, not withheld, by a government agency. Again, the Commission defies FRCP 26(c)(1) and Local Rule CV-26(d). The Commission refuses to provide that information necessary for the Defendants to effectively respond to discovery requests and defend against the claims.

While the Commission may choose to file its motion for sanctions without revealing its own culpability in the discovery process, it should not be surprised if it is denied the relief it requests when its own actions are reviewed by this Court. See *Crosby v. Buchanan*, 90 U.S. 420 (1874) (discussion of the doctrine of unclean hands).

Finally, Rule 26 (c)(i) states that parties need not produce duplicative information. The Commission complains that it does not have information already in its possession. *See* Plaintiff's Motion for Summary Judgment and attached exhibits as an example of the information already provided to the Commission by Defendants. The Government has filed numerous exhibits in support of its motions for freezing assets, and these exhibits demonstrate the documents requested were in the Government's possession prior to the filing of the complaint. *See discussion above regarding Ms. Downes.*

### i. The importance of the evidence

Plaintiff would deny Defendants the ability to present exculpatory evidence. The evidence is extremely important and effectively would deny Defendants their due process in court if not allowed to present evidence against Plaintiff's claims. Such a denial would be the type of "draconian" result warned of in *Conner*.

### ii. The prejudice to the opposing party of allowing the evidence to be entered

This motion is not being considered on the eve of trial. The first trial date set for this case is not until March 16, 2015. There is ample time to allow discovery to continue under the guidance of new counsel, provide discovery (if applicable), and give the Government time to analyze and prepare.

### iii. The possibility of curing prejudice by granting a continuance

No prejudice is applicable due to the trial date being nine months away. Further, the trial date is the first trial date set in this matter. Any continuance, if needed, will only increase the months of time the Government already has to prepare. Defendants should be allowed to offer evidence against the Government's claims.

### iv. The explanation, if any, for the failure to comply

Mr. Shavers stated in his deposition, and in subsequent communication to the Government, that he believed he had already complied with the Commission's requests and Court orders. *See* Deposition of Shavers DOC 32-1; Commission's Motion for Sanctions DOC 33. The Commission's takes umbrage, apparently, to the form of reply given. To the extent any outstanding discovery issues remain, Mr. Shavers is not a trained attorney versed in procedure or the rules of discovery. Under the guidance of newly appearing counsel, Defendants will be able to comply, if needed, in the future.

Considering the foregoing, the Commission's own failure to comply until a mere five days prior to filing its motion, and that the trial date is still nine months away, the "draconian" result of denying Defendants their day in court should not be imposed. This Court should not bar Defendants from offering evidence.

### b. *Tobias* part 2.

The Commission complains that Defendants have failed to comply with an Order of the Court to produce a verified accounting, or comply with the "Repatriation Order" (assumed to be section three of the Court's asset freeze order dated August 5, 2013) Under *Tobias*, if a party fails to comply with a discovery order, the Court should consider: 1) Willfulness or bad faith by the party; 2) A clear record of delay; 3) Substantial prejudice to the opposing party; and 4) Whether a lesser sanction would not be appropriate. *Tobias* at 592.

### i. Willfulness or bad faith by the party

The type of willfulness or bad faith by a party contemplated by the court in *Tobias* and *Coane* is not present here. In *Tobias*, the Court considered the acts of an attorney, who knowingly had information pertaining to an insurance agreement and willfully waited until the figurative last moment to present that evidence. In this case, this is *not* the last moment. There are still at least nine months before trial.

In evaluating bad faith, courts should consider if the court has expressly warned the party against whom the FRCP 37 motion is directed – specifically if the court has warned a party that sanctions may occur if the party fails to comply with a discovery order. *Bluitt v. Arco Chem. Co., A Div. Of A. Richfield Co.,* 777 F.2d 188 (5th Cir. 1985). Per the docket, no warnings were issued to Defendants about a failure to comply with any Order, let alone a discovery Order.

These Defendants have attempted to represent their own interests without the benefit of legal counsel, largely because of the asset freeze requested by the Government.

Left to their own devices, Defendants have been unable to interpret procedure and rules, but they have continued to participate in the process to the best of their abilities. For example, in response to the initial motion to freeze assets (DOC 3), Defendants responded (via email) that they did not understand how the Commission has jurisdiction. As a result, the Court considered the email to be an FRCP 12 (b)(1) motion to dismiss for lack of subject matter jurisdiction. Defendants accepted service, and they did not require the Commission to serve them. DOC 17 and 18. Mr. Shavers consented to Magistrate disposition of the asset freeze motion. DOC 19. Mr. Shavers appeared for the asset freeze hearing. DOC 21. Mr. Shavers appeared for Deposition. DOC 32-1. Mr. Shavers has been cooperative.

The verified accounting the Government complains of can still be prepared. Since new counsel appeared, Defendants have contacted the accounting firm of Laffer and Gotlieb. These skilled forensic accountants are well versed in actions with the Commission, and will prepare a document suitable for the Court and for the Commission. Defendants are not sophisticated in accounting practices, and, until now, were unable to afford to seek counsel.

During Mr. Shaver's deposition, held September 5, 2013, Mr. Moustakis pressed why a more detailed accounting was not provided by Mr. Shavers as ordered by the Court. DOC 32-1. (Note – the Order to provide the accounting was issued just August 29, 2013). Mr. Shavers informed Mr. Moustakis that it would take multiple days to create the information. DOC 32-1. Plaintiff complains that this information has still not been provided. DOC 33. The Court should revisit DOC 21, beginning at 10:13 am. Mr. Moustakis requests complete Bitcoin addresses. Mr. Shavers explained why he could not provide this information. At 10:18am, "the Court instructs Defendant to account for all transactions *based on information he has*." *Id.* (emphasis added)

Per the Government's motion for sanctions, DOC 33 pg. 3, Mr. Shavers provided an accounting on August 30, 2013, in compliance with the Court's Order. The Government complained, per its own motion, DOC 33 pg. 3, that the accounting was inadequate, but only complained to Mr. Shavers. On September 5, 2013, despite a clear record by the Court that Mr. Shavers was under no obligation to produce information he did not have, the Commission hounded Mr. Shavers to provide such information. DOC 32-1 pg. 75. (Mr. Shavers stated he would have to write a computer program to obtain the information from the blockchain).

The Government argues that the failure of Mr. Shavers to write a program to parse the blockchain to produce information he does not have is subject to the requirements of the accounting, which is the exact opposite of what the Court instructed Mr. Shavers to produce. *Compare* DOC 33 allegations of failure to provide accounting to DOC 21 explanation of required documents from Judge Mazzant to Defendant Shavers.

The Government could have complained to the Court about Mr. Shaver's alleged lack of compliance with the Court order to produce an accounting, instead, it chose to wait nearly six months to bring up the issue, and only when it would strategically benefit their motion for summary judgment. This Court should not allow such blatant abuse of a *pro se* litigant. To the extent the Court is not satisfied with the current level of compliance by Defendants, the Court should issue a warning (see discussion below on lesser sanctions) and allow time for Defendants to provide another format of the accounting that may be better to the Government's (or the Court's) liking. If the Court allows, Defendants have contacted Laffer & Gottlieb to assist with additional accounting requirements. SEIB-DECL.

  **ii.**  **A clear record of delay**

As discussed above, Defendants have actively participated in this case to the best of their ability without representation. There is no record of delay, only understandable

and excusable belief by Defendants that they had already complied with the requirements put before them. Defendants submitted their accounting, on time, it is only the Government that now complains that the form is insufficient. If there was delay, it created no prejudice based on the current trial date of March, 2015, and that delay was not intentional. If this case is off track, with the assistance of counsel, this case can be brought back on track.

### iii. Substantial prejudice to the opposing party

As discussed above in *Tobias* part 1, and subsequent sections, based on the first trial date assignment of March 2015, there is no prejudice to Plaintiff. Plaintiff still has plenty of opportunity to receive the form of accounting it is looking for to format the data it *already has* into a more collated response.

### iv. Whether a lesser sanction would not be appropriate

As there is no prejudice to Plaintiff in this case, and because Defendants were without the guidance of counsel, a lesser sanction would absolutely be appropriate. Per *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171 (5th Cir. 1977), the Court should consider the aptitude of the *pro se* litigant when determining whether a sanction less than dismissal is the proper level of sanction. In *Griffin*, a *pro se* party was noticed to appear at deposition and did not appear; was sent additional communication requesting explanation of refusal to appear and that there would be consequences by opposing counsel – Griffin did not answer; defendant moved for an order compelling discovery – Griffin's response was completely lacking in merit; and as a result, the district court entered sanctions against Griffin. *Griffin*, 564 F.2d at 1172. On appeal, the 5th Circuit reversed stating that despite repeated failures by Griffin, the Court should have considered if a lesser sanction could have protected the other party's right to discovery. *Id.* at 1173.

In this case, a *pro se* party is not apt in the procedures and rules of this Court. However, unlike Griffin, Defendants actually attempted to comply. They responded to

discovery requests, attended deposition, appeared in Court – all things that Griffin refused to do, and the 5th Circuit *still* reversed the dismissal.

This Court, as a lesser sanction, should consider issuing a warning that further failure to meet Court timelines without good cause, now that Defendants have counsel, shall be met with fine or potential future preclusion of evidence.

In this case, complete denial of use of evidence and established fact for Plaintiff is the equivalent of dismissal and the same "draconian" result courts disfavor when a trial on the merits can still be obtained.

   2. **Defendants have not failed to comply with the "repatriation" Order.**

The August 5, 2013 Order, related to repatriation:

### III.

**IT IS FURTHER ORDERED** that Defendants repatriate all assets or funds that were obtained, directly or indirectly, from the activities described in the Complaint and that are now located outside the jurisdiction of this Court by immediately (a) transferring or paying such funds into the Registry of this Court; (b) delivering securities or other assets that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, into the Registry of this Court; (c) transferring all Bitcoin to a single Bitcoin address established for the purpose with notice to the Commission identifying the complete Bitcoin address; and (d) transferring all other virtual currencies to accounts located within the United States or otherwise within the jurisdiction of this Court, with notice to the Commission identifying, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, or other information sufficient to verify the nature, location, custody, or amount of such virtual currencies.

The Commission provides zero evidence that Defendants have not complied with this Order in its Motion. Within the "repatriation" Order, there is no requirement to inform the Commission or the Court if such things do not exist. There is only an Order to act if such assets do exist. To the extent the Commission wishes to seek a modification to the "repatriation" Order for an affirmative statement regarding lack of assets, the Commission is free to file the appropriate motion before the Court. To the extent the

Court interprets the "repatriation" Order to include an affirmative duty to file such a document, the Court need only inform Defendants of the requirement and Defendants shall comply within a reasonable time.

## CONCLUSION

The Government complains it has not received discovery it already has, that it has not received discovery that Defendants do not possess, and that the Defendants have not complied with a court order they were under no obligation to answer. To the extent such discovery may be outstanding, it is only the form in which Plaintiff received it that Plaintiff complains. Further with the assistance of counsel Defendants, through the use of experts, may seek to introduce exculpatory testimony and exhibits, which would be denied if this Order is entered. The *Tobias* factors, parts 1 and 2, instruct this Court to not enter the kind of "draconian" result that courts disfavor by depriving the Defendants a trial on the merits. Instead, a lesser penalty, by way of warning, is a more appropriate sanction now that Defendants have the assistance and advice of counsel.

Accordingly, the Defendants respectfully submit they have shown good cause why this Court *should not* enter an Order (a) precluding Shavers from introducing evidence in this action concerning his use of BTCST investors' funds, and (b) directing that facts proffered by the Commission concerning Shavers' use of BTCST investors' funds be taken as established for purposes of this action.

Respectfully submitted this 30th day of May, 2014,

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorneys for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that, on this 30th day of May, 2014, I electronically filed the foregoing DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY RULE 37 SANCTIONS SHOULD NOT BE IMPOSED with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i) CERTIFICATE OF CONFERENCE

The forgoing document, DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY RULE 37 SANCTIONS SHOULD NOT BE IMPOSED, did require conferral prior to filing pursuant to Local Rule CV-7(h). Counsel for both sides discussed the issues at length via phone conference and through email exchange. The central issue why an agreement could not be reached rests in a difference of opinion as to the level of compliance with discovery. The discussions ended in a professional impasse leaving the entirety of the issues to be decided by the Court.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*