# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST

Pursuant to Federal Rule of Civil Procedure ("FRCP") 55 (c), Defendants Trendon T. Shavers and Bitcoin Savings and Trust move the Court to set aside the August 22, 2013, Entry of Default as to all Defendants (DOC 25) because good cause exists to do so and courts favor resolution on the merits.

## ARGUMENT

Defendants seek to set aside the Entry of Default requested by the Securities and Exchange Commission (the "Commission" or the "Government") and entered by the Clerk of the Court on August 22, 2013 as DOC 25. A district court may set aside an entry of default or a default judgment under FRCP 55 (c) and 60 (b) for "good cause." "Three factors are examined for determining 'good cause' vel non: (1) whether the act was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir. 2003). "These factors are not exclusive; instead they are to be regarded simply as a means to identify good cause." *Id.*

The 5th Circuit's position on defaults is clear, ". . . federal courts should not be agnostic with respect to entry of default judgments, which are generally disfavored in the law" and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F. 2d 166, 168 (5th Cir. 1984). "Where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919 (5th Cir. 1960). See also, *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). It is not necessary to prove likelihood of success on the merits to set aside a default. *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C. Cir. 1980).

1. **Was the failure to appear willful?**

Defendants' failure to file an answer to the complaint is excusable, and can be cured with the assistance of counsel. Defendants, regardless of their failure to file an answer, thus far attempted their best to navigate the complexities of a $40,000,000 securities fraud case *pro se*. Despite not filing documents with the Court, Defendants were active in defending against the complaint. See, for example, DOC 21, DOC 23, DOC 32-1. Defendants, actively participated in hearings, submitted to deposition, and provided discovery (although the Government would argue not enough discovery, thus far, was produced: *See generally* DOC 33, DOC 42). All the while attempting to represent their own interests *pro se*. *See generally* docket. There is no indication that Defendants acted willfully because Defendants continue to defend themselves.

2. **What prejudice to the Government?**

On August 22, 2013, the Government requested the Clerk enter default against Defendants. DOC 24. On the same date, the Clerk entered Default. On August 28, 2013, the Court set a status conference for August 29, 2013 at 10am. DOC 26. On August 29, 2013, Defendants appeared and attended the status conference, presented argument, and participated. Approximately six days later, the Government deposed Defendant Shavers. All parties, including the Court, have conducted business as though no parties were in default (with the exception of the Government's motion, in the alternative for default judgment filed nearly six months after the entry of default. DOC 32).  Therefore, setting aside the Entry of Default renders no prejudice to the Government. Trial is set for March 2015. There is ample time for the parties to conduct this case and have the issues determined on the merits.

3. **Defendants have meritorious defenses.**

Defendants have meritorious defenses and may have third-party claims. First, based on recent guidance from the Internal Revenue Service and the State of Texas, Bitcoin is not money, but is property, therefore, subject matter jurisdiction is still a concern. Second, As indicated in Mr. Shavers deposition (See DOC 32-1), Mr. Shavers loaned approximately 200,000 Bitcoin, on a short-term loan, to a party identified as "the Big one." The Government claims that Mr. Shavers and Bitcoin Savings and Trust ("BTCST") defrauded third parties and misappropriated assets. Defendants refute that claim, and properly have third-party claims against John Does 1 and 2, which Defendants plan to file in its answer and affirmative defenses after the Entry of Default is set aside. In summary, Defendants defenses and third-party claims are: 1) the alleged transactions did

not involve securities; 2) all transactions are and were accounted for and were not fraudulent or a "Ponzi" scheme; and 3) third-party defendant(s) converted Defendant's property held for themselves and on behalf of others.

## CONCLUSION

Because Defendants meet the test for setting aside a default order and a default judgment, and courts favor issues decided on the merits, this court should grant the requested relief and set aside the Entry of Default (DOC 25).

So moved and respectfully submitted this 3rd day of June, 2014.

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that, on this 3rd day of June, 2014, I electronically filed the foregoing DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i)
## CERTIFICATE OF CONFERENCE

The forgoing document, DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST, did require conferral prior to filing pursuant to Local Rule CV-7(h). The forgoing motion is opposed. On or about May 21, 2014, counsel for Defendants conferred with counsel for Plaintiff via telephone on a number of issues, including the foregoing. The parties were unable to resolve differences sufficient to stipulate on the matter and the discussions ended on an impasse requiring this Court to decide the issue.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*