# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

### MOTION FOR RECONSIDERATION OF COURT OPINION DOC 23 REGARDING SUBJECT-MATTER JURISDICTION AND RENEWED RULE 12(B)(1) MOTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 54(b), Defendants move the Court to reconsider its Memorandum Opinion Regarding Subject-Matter jurisdiction of this matter and renews their FRCP Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.

### ISSUES TO BE DECIDED

1. Should the court, pursuant to FRCP 54(b), reconsider its Memorandum Opinion Regarding the Courts Subject-Matter Jurisdiction (DOC 23)?

2. Should the court dismiss the current proceedings for lack of subject-matter jurisdiction under FRCP Rule 12(b)(1)?

### ARGUMENT

**1. FRCP 54(b) Motion for Reconsideration**

Motions for reconsideration under FRCP 54(b) are at the discretion of the district

court. *See Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. Unit A 1981). (". . .the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.")

Any opposition to a motion for reconsideration is effectively moot if the reconsideration is based on a motion to dismiss for lack of subject-matter jurisdiction because a Rule 12(b)(1) motion can be brought at any time. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to filing of final judgment. *See Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804).")

There is sufficient cause to reconsider subject-matter jurisdiction in this case based on new guidance from federal and state agencies regarding the nature of Bitcoin. The State of Texas issued guidance on Bitcoin on April 3, 2014 stating that Bitcoin is not money and cannot be money until the legislature defines it as such. Seibert Declaration ("SEIB-DECL") (SEIB-DECL EXH 4). The Internal Revenue Service ("IRS") issued guidance on Bitcoin, IRS 2014-21, on March 25, 2014, stating that Bitcoin is not money, but it is property. SEIB-DECL EXH 2. The Department of Treasury Financial Crimes Enforcement Network ("FinCEN") guidance FIN-2013-G001 on Bitcoin was issued on March 18, 2013, stating that decentralized virtual currency such as Bitcoin, does not have legal tender status in any jurisdiction. SEIB-DECL EXH 3.

Per the Court's Opinion, DOC 23, the Court did not consider these documents, but instead relied upon a second-year law student's law review article which did not contemplate any of these important guidelines. Based on the new guidance, not previously considered by this Court, Bitcoin, and the trading and exchanging of Bitcoin,

are not securities subject to regulation under 15 USC §§ 77t & 77v, nor are they subject to regulation under 15 USC 78u & 78aa, and therefore, respectfully, this Court is without jurisdiction to proceed.

## CONCLUSION

For the forgoing reasons, the Court should reconsider its Memorandum on Subject Matter Jurisdiction (DOC 23). See discussion immediately below substantiating Motion to Dismiss for Subject-Matter Jurisdiction for a more detailed analysis.

**12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Defendants move the Court to dismiss all claims brought by the Securities and Exchange Commission (the "Commission" or the "Government") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1) for this Court's lack of subject-matter jurisdiction because the transactions did not involve money nor the sale of securities or notes, and therefore the Commission is without authority to bring these allegations divesting this Court of jurisdiction.

## ISSUES TO BE DECIDED

1. Is a de-centralized virtual currency a form of currency or money under United States law which satisfies jurisdictional requirements under the allegations brought by the Securities and Exchange Commission?

## INTRODUCTION

This is a case of first impression in any district or state in the United States of America. The Court's Memorandum Order (DOC 23) was published in nearly every financial and virtual currency forum on the planet. The consequences of which are far

reaching and historical: What federal agency is going to regulate Bitcoin? Without a final decision in *this* case, the Commission actually published public statements on its own website about the nature of this action, in a manner that reflects final determination (May 7, 2014 – SEC issues investment advisory regarding Bitcoin citing *SEC v. Shavers* as example of Ponzi scheme). *See* SEIB-DECL EXH 1 and EXH 5 for true and correct copy of published release by the Commission. The historical significance of this case should not be taken lightly.

      The Commission, for the first time in apparent history, seeks to impose its will on a transaction that at no point in time involved the actual exchange of legal tender. Based on IRS Notice 2014-21, Bitcoin, is property – not money. SEIB-DECL EXH 2 (true and correct copy of IRS Notice 2014-21). The IRS, while classifying these intangible things as property, defines the "property" as "de-centralized virtual currency" (based in part on the Financial Crimes Enforcement Network of the Treasury Department's guidance FIN-2013-G001- See SEIB-DECL EXH 3 (true and correct copy of FIN-2013-G001)). Per FIN-2013-G001 and the Commission, the transactions alleged to have occurred in this case, define Bitcoin as a "de-centralized" virtual currency: ". . . a de-centralized convertible virtual currency (1) that has no central repository and no single administrator, and (2) that persons may obtain by their own computing or manufacturing effort." FIN-2013-G001. *Compare*: "Bitcoin, commonly abbreviated as "BTC" is a decentralized digital currency. . ...." Plaintiff's Motion for Summary Judgment, DOC 31 ¶ 8. Per the State of Texas, Bitcoin is not money. A unit of cryptocurrency does not require an obligation that an entity must honor and is not "lawful money." SEIB-DECL EXH 4 (True and correct copy of Texas Department of Banking Supervisory Memorandum –

1037 Dated April 3, 2014). "Therefore, cryptocurrencies as currently implemented cannot be considered money. . ." *Id.* "Absent the involvement of a sovereign currency in a transaction, no money transmission can occur." *Id.* Even the Securities and Exchange Commission, on May 7, 2014, stated publically that Bitcoin was not legal tender. SEIB-DECL EXH 1.

As discussed in the Court's opinion, DOC 23, an investment contract is necessarily predicated upon the three elements of *SEC v. Howey,* mainly, the giving of "money." This Court improperly expanded the definition of "money," by effective judicial decree, to include de-centralized cryptocurrencies, like Bitcoin. Such expansion is improper without legislation. *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951).

These alleged transactions, void of any legal tender, did not involve money that would grant the Commission, or this Court, jurisdiction to hear these allegations. Granted, there may be a cause of action by private individuals[1], or perhaps another regulatory agency; however, without the prerequisite investment of "money" under *SEC v. Howey*, 328 U.S. 293 (1946), this action brought by the Commission should be dismissed.

### ARGUMENT

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994), citing "*Willy v. Coastal Corp.,* 503 U.S. 131, 136–137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v.*

---

[1] NB – The State of Texas does not consider a person alleging loss of Bitcoin to have a legal claim. SEIB-DECL EXH 4.

*Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America,* 4 U.S. 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936)." *Kokkonen* at 377.

The Securities and Exchange Commission filed its claims and requested extraordinary relief and damages based on the Securities Act of 1933 (the "33 Act") and the Securities Exchange Act of 1934 (the "34 Act") (15 USC §§ 77t, 77v, 78u, 78aa). The Commission is limited in its authority, expressly by 15 USC §§ 77t and 78u, to bring an action against these Defendants 15 USC §§ 78u and 78aa give jurisdiction to federal district courts to adjudicate only violations under the 33 Act and the 34 Act.

This Court in DOC 23 improperly expanded the definition of "money" by judicial decree without regard to the statutory definition of money, which this Court is bound, and is contrary to the Supreme Court's long standing ruling in *American Fire* (since 1951). The Commission, which bears the burden of establishing jurisdiction, cannot do so without legislative amendment to the definition of money, and, therefore, improperly seeks to expand its U.S. Constitutional Article II powers through this venue.

**BRIEF RESTATEMENT OF PLAINTIFFS' ALLEGATIONS**

1. The Commission alleges fraudulent offer and sale of securities through a Bitcoin-denominated Ponzi scheme. DOC-1 ¶ 1.

2. Bitcoin is a virtual currency with no central authority or repository that may be exchanged for dollars or used to purchase goods and services online. DOC 1 ¶ 2.

3. Defendants received more than 700,467 Bitcoin and Defendants returned 507,148 Bitcoin. DOC 1 ¶¶ 31, 32.

4. Defendants misappropriated Bitcoin. DOC 1 ¶¶ 31-34.

**A. Transactions wholly in Bitcoin are not subject to Commission regulation.**

Pursuant to *SEC v. Howey*, 328 U.S. 293 (1946), examined by the Court's Opinion (DOC 23 *passim*), in order to have an investment contract enforceable by the Commission, there must be: (1) an investment of money; (2) in a common enterprise; (3) with the expectation of profits derived solely from the efforts of the promoter or a third party. The Court's Opinion (DOC 23) relied heavily on its own research, to come to the conclusion that Bitcoin is "money" without actually defining what "money" means under *Howey*. "Money" is specifically defined by federal statute. (*see* detailed discussion below on definition of money; *see also*, SEIB-DECL EXH 4 Footnote 4)

Per the Internal Revenue Service ("IRS"), de-centralized virtual currencies, like Bitcoin, are not money, but instead "property." SEIB-DECL EXH 2. Per the State of Texas, because Bitcoin imposes no obligation on a party to honor it as legal tender, it is not money. SEIB-DECL EXH 4. The exchange of Bitcoin, without the actual involvement of a sovereign currency, like the US Dollar, cannot be treated as an exchange of money. *Id.*

Per *SEC v. Howey*, the first element of a transaction involving an "investment contract" is the giving of money. Per the IRS (SEIB-DECL EXH 2), US Treasury (SEIB-

DECL EXH 3), FINRA (SEIB-DECL EXH 6), FinCEN (SEIB-DECL EXH 3), the Commission (SEIB-DECL EXH 1), and the State of Texas (SEIB-DECL EXH 4), no "money" was ever involved. Compare the allegations to the guidance: Defendants received Bitcoin and returned Bitcoin. DOC 1 ¶¶ 31, 32 with, for example and not exclusively, Texas memorandum, "Exchange of one cryptocurrency for another cryptocurrency is not money transmission. Regardless of how many parties are involved, there is no receipt of money, and therefore no money transmission occurs." SEIB-DECL EXH 4 pg. 4 ¶ 1. Texas' guidance on Bitcoin ATMs[2] is instructive: "[T]here is no money transmission because at no time is money received in exchange for a promise to make it available at a later time or different location." *Id*. pg. 4 ¶ 4. *See* more detailed discussion on Texas regulation below.

Like Texas' guidance, these alleged transactions did not involve a promise to make "money" available at any point in time, at any location. DOC 1.

    **i.**    **IRS guidance states Bitcoin is "property" not currency.**

Bitcoin, as defined by the Internal Revenue Service ("IRS"), is treated as property, not currency. *See* copy of IRS Notice 2014-21 Section 4 - guidance on virtual currency. SEIB-DECL EXH 1. Further the IRS defines virtual currency, like Bitcoin, as a convertible virtual currency. *See* SEIB-DECL EXH 1 Section 2. The IRS expressly states: "[Bitcoin] does not have legal tender status in any jurisdiction." *Id.*

As alleged in the complaint, the Commission states that Defendants accepted Bitcoin and promised to return Bitcoin at a later date with more Bitcoin than they originally had. Compare to Texas discussion on Bitcoin below – such a transaction does

---

[2] The existence of Automated Teller Machines ("ATMs") offering Bitcoin was specifically addressed by Texas and referenced in Texas Banking Memo 1037.

not involve money. SEIB-DECL EXH 4. These transactions, under state and federal regulation, do not involve money.

### ii. The State of Texas rejects Bitcoin as money or an enforceable claim in court.

Texas states that a holder of a unit of cryptocurrency does not hold a "claim." *Id.* pg. 3 ¶ 1. A claim, cited in the Texas memo in Footnote 3 as: "The legal definition of a claim can essentially be stated as a right enforceable by a court. *See* Black's Law Dictionary 264 (8th ed. 2004)." Further, Texas states that Bitcoin cannot be money until it complies with federal law and meets the definition of "lawful money." SEIB-DECL EXH 4 pg. 3 ¶ 1. Lawful money is defined as, "31 U.S.C. §5103; 12 U.S.C. §411 ("The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal Reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.")" SEIB-DECL EXH 4 ¶ 3 Footnote 4.

### iii. The Commission admits Bitcoin is not legal tender.

The Commission's own website states that Bitcoin is not legal tender. On May 7, 2014, the Commission issued the following statement: "Government Regulation: Bitcoins are not legal tender." SEIB-DECL EXH 1 (True and correct copy of SEC press release on Bitcoin). Even The Financial Industries Regulatory Authority (FINRA) states that Bitcoin is not legal tender. SEIB-DECL EXH 6.

***

This Court is wholly without jurisdiction because: 1) The IRS states Bitcoin is not

money; 2) The Department of Treasury says that Bitcoin is not money; 3) The State of Texas says Bitcoin is not money; 4) The Commission itself says that Bitcoin is not money; 5) FINRA says that Bitcoin is not money; 6) Federal statutes do not include Bitcoin as money. Until such time as the legislature decides to modify the definition of a security under the 33 Act or the 34 act, to modify the definition of money in 31 U.S.C. § 5103 or 12 U.S.C. § 411 (or any other applicable statute defining money), or to create, from whole cloth, legislation regarding Bitcoin, the Commission is bereft of authority to bring these allegations before this Court.

**B. If Bitcoin is money, it is exempt from regulation by the Commission.**

Section 3(a)(10) of the 34 Act defines a security as:

> The term 'security' means any note, stock, treasury stock, bond, debenture, certificate of interest or participation in any profit-sharing agreement or in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit, for a security, or in general, any instrument commonly known as a 'security'; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing; **but shall not include currency** or any note, draft, bill of exchange, or banker's acceptance which has a maturity at the time of issuance of not exceeding nine months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited. *Emphasis added.*

15 U.S.C. § 78c(a)(10)

These transactions, as alleged and if adopted by the court to involve virtual currency as a "currency," or "money," are exempt from regulation by the Commission under current U.S. law. By definition, a security does not include currency. 15 U.S.C. § 78c(a)(10). Transactions involving notes with maturity under nine months are also exempt. *Id.*

The allegations do not state that the alleged "investor(s)" gave currency for a member unit in an LLC, or a share of a company, or an interest in a venture. *See* DOC 1. Each allegation involved the exchange of Bitcoin for the return of Bitcoin. Per Texas, and the IRS, the transaction didn't actually involve currency as Bitcoin is not money; however, even if this Court adopts the concept that Bitcoin is money or currency, by definition, the transaction is exempt.

If the transaction is not an investment contract, but instead analyzed as a note for the lending of virtual currency, each term of loan was less than nine months and therefore exempt by definition. *See* 15 U.S.C. §78c(a)(10); DOC 1. The Commission is without authority to proceed.

### C. Transactions involving use or consumption are not securities.

It is well established, as far back as *SEC v. Howey*, 328 U.S. 293 (1946), that when the "purchaser is motivated by a desire to use or consume the item purchased," the transaction is not a security. *Iacobucci v. Universal Bank of Maryland*, 60 USLW 2030, WL 102460, United States District Court, S.D. New York, 1991 citing *United Housing Foundation v. Forman,* 421 U.S. 837, 852-53 (1975) and discussing *Reves v. Ernst & Young,* 494 U.S. 56, 110 S. Ct. 945, 946, 108 L. Ed. 2d 47 (1990).

As alleged, there is no indication that the persons who lent their Bitcoins were going to use the Bitcoin for any other purpose – other than consuming or using the coin. In *Howey*, the Court discussed that a person that intends to use the item involved in the alleged investment contract is not actually investing, but engaged in an act of consumption (i.e. if the persons buying the rows of orange trees were going to eat the oranges, it would not have been a security). Here, the persons lending their Bitcoins had

every intention of using their Bitcoin. That is consumption and under *SEC v. Howey* (and its progeny). Transactions for the purpose of consumption are outside the jurisdiction of the Commission.

## CONCLUSION

Bitcoin, as defined by federal law, is not money. For the Commission to have authority to bring the allegations before this Court, and for this Court to have jurisdiction over these claims, the alleged transactions must have involved the sale of a security. By definition, for an investment contract to be formed, there must be an "investment of money," which, by definition, cryptocurrency is not money. To the extent, these transactions involved money or notes, the transactions were for less than nine months – a clear exemption from the definition of a security. Based on the foregoing, the Court should dismiss the claims under FRCP Rule 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted and moved this 5th day of June, 2014,

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I certify that, on this 5th day of June, 2014, I electronically filed the foregoing MOTION FOR RECONSIDERATION OF COURT OPINION DOC 23 REGARDING SUBJECT-MATTER JURISDICTION AND RENEWED RULE 12(B)(1) MOTION and supporting declaration and exhibits with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i)**
**CERTIFICATE OF CONFERENCE**

The forgoing document, MOTION FOR RECONSIDERATION OF COURT OPINION DOC 23 REGARDING SUBJECT-MATTER JURISDICTION AND RENEWED RULE 12(B)(1) MOTION and supporting declaration and exhibits, did not require conferral prior to filing pursuant to Local Rule CV-7(i)(1) – a motion to dismiss. Regardless, the parties conferred on the issue, specifically of Bitcoin's development across several regulatory agencies since the issuance of DOC 23 and the parties could not come to an agreement on the substantive effect of the guidance. As a result, the forgoing document is opposed.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*