**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>-- against –<br><br>**TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,**<br><br>                              **Defendants.** | **CIVIL ACTION NO.**<br>**4:13-CV-416 (RC) (ALM)** |

**PLAINTIFF'S EMERGENCY MOTION TO STRIKE**
**OR, IN THE ALTERNATIVE, FOR STAY**

Plaintiff Securities and Exchange Commission ("Commission") asks this Court to strike Defendants' Motion for Reconsideration of Court Opinion Doc 23 Regarding Subject-Matter Jurisdiction and Renewed Rule 12(b)(1) Motion [Doc. 46] ("Motion") or, in the alternative, stay the Commission's deadline to respond thereto, respectfully showing the following:

**I.**
**SUMMARY OF REQUESTED RELIEF**

Despite the fact that Defendants never filed answers in this action and are in default, they are improperly attempting to appear before the Court through motions seeking relief on substantive issues relating to liability. Because Defendants are prohibited from appearing and participating in these proceedings unless and until their defaults are vacated, the Commission respectfully requests an order from this Court striking Defendants' Motion or, in the alternative, staying the Commission's deadline to respond to their Motion until the Motion to Set Aside Entry of Default [Doc. 44] is decided.

## II.
## ARGUMENT AND AUTHORITIES

It is undisputed that Defendants were served with process on July 23, 2013. *See* Doc. 16, 16-1, 17, 17-1. To avoid default following service of process, a defendant must file either a motion permitted under FED. R. CIV. P. 12 or an answer. *See Breuer Elec. Mfg. v. Toronado Sys.*, 687 F.2d 182, 184 (7th. Cir 1982). The threat of default, and ultimately judgment by default, encourages parties to timely file responsive pleadings and discourages the use of delay as a litigation tactic. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).

Defendants' failed to answer or otherwise respond to the Commission's Complaint by their August 13, 2013 deadline, and until filing a motion to set aside their defaults on June 3, 2014 made no efforts to do so. *See* Doc. 44.

On August 22, 2013, the Commission requested entry of default against Defendants – notice of which was provided to Defendants – and on the same day, the Court did in fact enter defaults against Defendants. *See* Doc. 24, 24-1, 24-2, 25. If a defendant learns that entry of default has been requested, it can prevent entry of default by filing an answer. *See, e.g., Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). Defendants made no such effort. In fact, during the nine months following their defaults, Defendants made no effort to set them aside or challenge them in order to answer and defend themselves in this action. Now, through newly engaged counsel, Defendants seek to set aside the entries of default against them. *See* Doc. 44.

Importantly, the entry of default against a defendant cuts off the defendant's right to appear in the case with respect to liability issues. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2d Cir. 1992); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988); *Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc.*, 65 F.R.D. 46, 48

(D.P.R. 1974) (*citing Thomson v. Wooster*, 114 U.S. 104, 29 L. Ed. 105, 5 S. Ct. 788 (1885)). And once default is entered, a defendant's <u>only</u> recourse is to file a motion to set aside the entry of default. *See* FED. R. CIV. P. 55(c); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996).

Today, Defendants are in default. Unless and until the Court determines that good cause exists for setting aside Shavers' and/or BTCST's defaults – and the Commission contends there is no good cause – Defendants are barred from appearing in the litigation to contest liability or challenge the Court's prior holdings and orders. This prohibition includes, but is not limited to, Defendants' June 5, 2014 Motion for Reconsideration of Court Opinion Doc 23 Regarding Subject-Matter Jurisdiction and Renewed Rule 12(B)(1) Motion challenging the Court's exercise of subject matter jurisdiction in this case.[1] Allowing Defendants to participate in these proceedings as if they are not in default undermines the purpose of FED. R. CIV. P. 8, 12 and 55 and unfairly prejudices the Commission by requiring it to marshal evidence and respond to Defendants' motions, discovery requests, or other dilatory efforts to participate in the litigation.

---

[1] In addition to the fact that Defendants are prohibited from seeking reconsideration and dismissal because they are in default, the Commission substantively opposes Defendants' efforts to have the Court's exercise of subject matter jurisdiction reconsidered and to dismiss this action for lack of subject matter jurisdiction. Defendants previously asserted arguments against the Court's exercise of subject matter jurisdiction during the August 5, 2013 hearing, which the Court took into consideration, and denied, before issuing its Memorandum Opinion Regarding the Court's Subject Matter Jurisdiction. Doc. 23. And while the Court may revisit its decision, "as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 282 (5th Cir. 2011) (*quoting Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988). Defendants have not established, or even claimed, that there has been a manifest error of law or injustice resulting from the Court's exercise of subject matter jurisdiction and, in fact, there is none. The Court concluded that the investments at issue in this action are investment contracts which, it is well-settled, need not take the form of money only, but may also consist of goods, services, or some other exchange of value. *See Hocking v. Dubois*, 885 F.2d 1449, 1471 (9th Cir.1989), *cert. denied*, 494 U.S. 1078 (1990); *International Brotherhood of Teamsters v. Daniel*, 439 U.S. 551, 560 n. 12 (1979).

## III.
## CONCLUSION

For the foregoing reasons, the Commission respectfully requests an order from this Court striking Defendants' Motion for Reconsideration of Court Opinion Doc 23 Regarding Subject Matter Jurisdiction and Renewed Rule 12(b)(1) Motion or, in the alternative, staying the Commission's deadline to respond to the Motion unless, and until such time as, the Court grants Defendants' Motion to Set Aside Entry of Default [Doc. 44].

Dated: June 6, 2014

Respectfully Submitted,

Of Counsel:
Valerie A. Szczepanik*
Securities and Exchange Commission
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
(212) 336-0175
szczepanikv@sec.gov

*Not admitted in E.D. Tex.*

/s/ Jessica B. Magee
JESSICA B. MAGEE
Texas Bar No. 24037757
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
(817) 978-6465
mageej@sec.gov

PHILIP MOUSTAKIS (PM-1748)
Securities and Exchange Commission
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
(212) 336-0542
moustakisp@sec.gov
*Admitted Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on June 6, 2014, I telephonically conferred with counsel for Defendants regarding the content of this emergency motion and they are opposed.

*/s/ Jessica B. Magee*
JESSICA B. MAGEE

## **CERTIFICATE OF SERVICE**

I further certify that on June 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel who have registered with the Court. All others were served a copy by U.S. mail

F. Jason Seibert
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suit 150
Salem, Oregon 97302
(503) 480-0212
*Attorney for Defendants*

*/s/ Jessica B. Magee*
JESSICA B. MAGEE