# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR STAY

### INTRODUCTION

The Securities and Exchange Commission (the "Commission" or the "Government") wastes the court's time and resources with this motion. The Government argues that the Federal Rule of Civil Procedure ("F.R.C.P." or "Rule") Rule 12(b)(1) motion filed should be stricken because it seeks a determination of liability – that is incorrect. A Rule 12(b)(1) motion does not determine liability, it determines jurisdiction. A Rule 12(b)(1) motion is not a determination on the merits of the allegations, it is procedural. The parties, and this Court, have proceeded as though no default were entered against the Defendants. As argued in Defendants' motion to set aside default, since the Clerk's Entry of Default, dated August 22, 2013, this case proceeded in normal course. It is only now, that Defendants have counsel and have challenged the Government's authority, does the Government take umbrage with this minor procedural defect that never would have occurred if Defendants were not attempting to represent themselves

*pro se*. Finally, if the Government had *actually* conferred with Defendants prior to filing this motion and requested a stipulated stay to respond to the renewed Rule 12(b)(1) motion, Defendants would have agreed.

Because the Rule 12(b)(1) motion is not a determination of liability, it should not be stricken. Because the Government failed to actually confer, their motion should be denied as a matter of course, and the Government should be instructed to proceed with future matters in good faith per local rules.

## ISSUES TO BE DECIDED

1. Should the court strike DOC 46 and DOC 47, 47-1 through 47-6?
2. In the alternative, should the Court grant an extension of time to Plaintiff to respond to DOC 46 until after Defendants' Motion to Set Aside Entry of Default (DOC 44) is decided?

## ARGUMENT

**1. FRCP 12(b)(1) motions are procedural, not substantive.**

Plaintiff vehemently argues that a party is denied their right to appear in a case with respect to liability once defaulted, and that rubric should apply to Defendants' Rule 12(b)(1) motion. Plaintiff's Emergency Motion DOC 49 pg. 2. *citing* "See *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2d Cir. 1992); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988); *Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc.*, 65 F.R.D. 46, 48 (D.P.R. 1974) (*citing Thomson v. Wooster*, 114 U.S. 104, 29 L. Ed. 105, 5 S. Ct. 788 (1885))." *Id.*

Plaintiff fails to acknowledge or inform the court, with the required candor necessary, that a Rule 12(b)(1) motion is not substantive and makes no determination of

liability as to the allegations. *Taylor v. Dam*, 244 F.Supp.2d 747 (S.D. Texas January 7, 2003) *citing* "*Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996)). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, are without power to adjudicate claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998); *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996); *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994). The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002); *Howery,* 243 F.3d at 916; *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 910 (5th Cir.2000); *Stockman,* 138 F.3d at 151; *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury,* 85 F.3d at 248 (citing *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984)); *accord Howery,* 243 F.3d at 916 (citing *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673)." *Id.* at 752.

Further, in ruling on a Rule 12(b)(1) motion, the court may review the complaint alone. *Taylor,* 244 F.Supp.2d at 752 *citing,* "*Den Norske Stats Oljeselskap As v. HeereMac V.O.F.,* 241 F.3d 420, 424 (5th Cir.2001), *cert. denied,* 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002) (citing *Barrera–Montenegro v. United States,* 74

F.3d 657, 659 (5th Cir.1996)); *accord Ramming,* 281 F.3d at 161; *Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir.1997); *McAllister v. FDIC,* 87 F.3d 762, 765 (5th Cir.1996)."

In addition, it is well settled that a court has the power to decide jurisdiction, not a jury – issues of liability are for a jury. *Taylor*, 244 F.Supp.2d at 753 *citing, Williamson,* 645 F.2d at 413. (". . .a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. . .[J]urisdictional issues are for the court-not a jury-to decide, whether they hinge on legal or factual determination." *Id.* The very issue to be decided is this Court's power to hear the case, not the factual truth or merits as to the allegations in the complaint against Defendants. The Government should know the difference.

As a result, the Government's emergency motion to strike the renewed motion regarding jurisdiction, an issue the Supreme Court affirmatively stated is *always* relevant (since 1804 in *Capron v. Van Noorden*, 2 Cranch 126, 2 L.Ed. 229), is a blatant waste of the Court's and the parties' time. The motion should be denied and the Government should respond to the renewed motion relating to subject matter jurisdiction, as is their burden to prove. *See* DOC 46, *citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.E#d. 1135 (1936).

**2. The Government's motion should be denied for failure to confer.**

Local Rule CV-7(h) requires good faith conferral prior to filing motions. A motion to strike a pleading is not included in the list of items exempt from conferral under Local Rule CV-7(i). On January 6, 2014, Ms. McGee from the Commission contacted counsel for Defendants by telephone at approximately 11:45am (Pacific time)

at Defendants' counsel's office in Salem, Oregon. Declaration of Franklin Jason Seibert ("SEIB-DECL"). Ms. McGee stated she was calling to confer on a motion she planned to file that day regarding an emergency motion to strike the Rule 12(b)(1) motion because Defendants were still in default. *Id.* Ms. McGee asked if Defendants were opposed to a motion to strike. *Id.* Counsel for Defendants stated that Defendants were opposed. Ms. McGee concluded the call without further question or conferral - the call lasted less than one minute. *Id.* At no point did Ms. McGee request an extension of time, a stipulated stay, a stipulated abatement or further consideration related to such an extension. *Id.* Counsel for Defendants affirmatively stated that such requests for extensions, if needed, would be available if asked. *See* SEIB-DECL EXH 1.

An examination of the Commission's "certification" attached to its motion is clearly lacking in the required substance under Local Rule CV-7(h). In summary, had the Government *actually* asked for an extension of time to respond to the Rule 12(b)(1) motion, Defendants would have gladly provided the courtesy.

Because the Government failed to comply with the requirements of Local Rule CV-6(h), the Government violates Local Rule AT-3. *See* Local Rule CV-6(h). Short of discipline, this Court should deny the motion and require the Government to respond to Defendants' renewed Rule 12(b)(1) motion within the time allotted under Local Rule CV-7(e).

## CONCLUSION

The Government seeks to strike Defendants' Rule 12(b)(1) motion because they obtained a default against a *pro se* party and that default has not yet been set aside. The basis for the argument is predicated on the belief that a Rule 12(b)(1) motion is a

substantive determination of liability, an assumption that is clearly erroneous. A Rule 12(b)(1) motion is procedural and makes no determinations of fact as to actual liability, but merely allows the court to consider its own ability to preside over the matter. Therefore, the Government's argument is without merit.

Finally, if the Government had requested a stipulated stay of their obligation to respond to Defendants' renewed Rule 12(b)(1) motion, the stipulation would have been freely given; however, the Government failed to request it upon conferral. This "emergency" motion is a waste of the Court's and the parties' time. As a result of the Government's failure to confer, as required under the Local Rules, the motion should be denied and the Government instructed to confer, in the future, in good faith. Respectfully submitted and moved this 8th day of June, 2014,

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that, on this 8th day of June, 2014, I electronically filed the foregoing , MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE OR IN THE ALTNERATIVE STAY and supporting declaration and exhibits with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i)
## CERTIFICATE OF CONFERENCE

The forgoing document, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE OR IN THE ALTNERATIVE STAY did not require conferral prior to filing as it is a response to a motion.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*