# Jason Seibert

| | |
|---|---|
| **From:** | Jason Seibert |
| **Sent:** | Wednesday, May 21, 2014 8:48 AM |
| **To:** | Moustakis, Philip |
| **Subject:** | RE: SEC v. Shavers et al - follow up to phone call - SUBJECT to Rule 408 |

Thanks for the confirmation. Again, if you need additional time, let me know.

Thanks,

Jason

**From:** Moustakis, Philip [mailto:MOUSTAKISP@SEC.GOV]
**Sent:** Wednesday, May 21, 2014 8:40 AM
**To:** Jason Seibert
**Subject:** Re: SEC v. Shavers et al - follow up to phone call - SUBJECT to Rule 408

We spoke about it and I agreed that ewe should have the same two weeks to reply. Thanks.


**From:** Jason Seibert [mailto:jason@seibert-law.com]
**Sent:** Wednesday, May 21, 2014 11:08 AM Eastern Standard Time
**To:** Moustakis, Philip
**Subject:** RE: SEC v. Shavers et al - follow up to phone call - SUBJECT to Rule 408

We forgot to discuss when you want to reply?
Unless I hear from you, I'll submit that you have the original 2 weeks to reply (that would set your new date to June 13, 2014 at 5pm Central. If you require more time than 2 weeks, extensions will be freely stipulated.

Best,

Jason


**From:** Moustakis, Philip [mailto:MOUSTAKISP@SEC.GOV]
**Sent:** Wednesday, May 21, 2014 5:48 AM
**To:** Jason Seibert
**Subject:** Re: SEC v. Shavers et al - follow up to phone call - SUBJECT to Rule 408

Jason:

Agreed that we do not oppose your request for an extension to respond to the Show Cause Order until next Friday. I am out of the office today on a personal matter and will review the remaining items when I return.

Best regards,
Philip

1

**From:** Jason Seibert [mailto:jason@seibert-law.com]
**Sent:** Tuesday, May 20, 2014 08:04 PM Eastern Standard Time
**To:** Moustakis, Philip
**Cc:** Anne West <anne@seibert-law.com>; Jason Seibert <jason@seibert-law.com>
**Subject:** SEC v. Shavers et al - follow up to phone call - SUBJECT to Rule 408

Dear Philip:

Thank you for taking the time to speak with me today. Below is a summary of our conversation. Please inform me if I've failed to capture the information correctly:

1. I requested and you consented to an extension of time to respond to DOC 37 until May 30, 2014, 5pm (Dallas, TX time). I will file the appropriate unopposed application/motion for the extension.
2. Discovery issues: You stated that you want a verified accounting from my clients from the relevant period of 2011 through the present date. You are also looking for initial FRCP 26 disclosures, a statement regarding repatriation of assets (if applicable), and an answer to the complaint. I informed you that answering the complaint would mean I would have to seek leave to file the document and have to file a motion to set aside the defaults entered in the case. I asked if you would stipulate to setting aside the defaults and you indicated you would not agree to that, nor would you agree to stipulate to me filing an answer to the complaint. I informed you that it would take a great deal of work in a short period of time to make it all happen under the expected time frame. You agreed.
3. We briefly discussed settlement issues and if there was room for discussion. I asked you if you had engaged in a Rule 26 discussion with Shavers that included a meaningful settlement portion. You indicated from your contemporaneous notes that you did not have a meaningful discussion regarding settlement. We discussed elements impacting overall potential negotiated settlement dynamics which included damages calculations, allegations of civil penalty based on actual number of persons harmed versus alleged damage to persons. I asked you if you had actually spoken to real people and who they were – you responded by stating that you didn't have a discovery request in front of you to respond to that question and you weren't sure if you would answer it. You also stated you didn't think the number of people allegedly harmed was relevant (paraphrasing). We disagree on this point. We left the settlement discussion under your request for accounting information prior to any further discussion.
4. We briefly discussed a carve-out against the asset freeze order. You indicated the judge considered the carve out and made it contingent upon an accounting – approximately last July.
5. I asked you if you spoke with Mr. Shavers and had recordings of your conversations with him. You stated that you did speak with him, but that you did not have recordings. I asked you if the deposition transcript of Mr. Shavers attached to your motion for summary judgment was the complete transcript of the deposition and you stated it was Exhibit 2 and it was complete.

Thank you for your time today and for your courtesies. Please correct my stream of consciousness bullet points above for clarity.

I look forward to working with you on this issue.

Sincerely,

Jason Seibert