# EXHIBIT A



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

PHILIP R. MOUSTAKIS
SENIOR ATTORNEY
(212) 336-0542
moustakisp@sec.gov

November 7, 2013

**By UPS Overnight Delivery and Electronic Mail:**

Trendon T. Shavers
2305 South Custer Road, Apt. 1507
McKinney, TX 75070-6222
trendon@buscog.com

Re:   *SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)

Dear Mr. Shavers:

I represent the Securities and Exchange Commission ("Commission") in the above-referenced action. I write to remind you of certain past-due obligations on your part, as well as upcoming deadlines.

**I.     PAST-DUE OBLIGATIONS**

**A. Verified Accounting**

The Court's August 5, 2013 Order Freezing Assets and Granting other Ancillary Relief ("August 5, 2013 Order") required you to file with the Court and serve upon the Commission a verified accounting of your assets, liabilities, and income, by August 12, 2013, which you failed to do. On August 29, 2013, the Court ordered you to provide your accounting to the Commission by no later than August 20, 2013, which, again, you failed to do. To date, the Commission has not received an accounting from you. Copies of the August 5, 2013 Order and the August 29, 2013 Order are enclosed for your reference.

As we have discussed repeatedly, including during our August 21, 2013 telephone conference, held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26"), you are required to provide an accounting to the Commission, signed by you, under penalty of perjury, detailing, among other things, the following:

(1) All assets and liabilities currently held by you, describing the amount and current location of each of the items listed, including the names of financial institutions, identifying account names or numbers, Bitcoin

addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by you, at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed; and

(3) All assets or income transferred by you to any individual, or entity, at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed.

Please note, by the express terms of the August 5, 2013 Order, for purposes of your accounting and the repatriation order, discussed below, the term "assets" shall include "all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value." I refer you to Section II of the August 5, 2013 Order for the exact requirements for your accounting.

### B. Repatriation Order

The Court's August 5, 2013 Order required you to repatriate immediately all assets or funds that were obtained, directly or indirectly, from the activities described in complaint filed by the Commission in this action ("Complaint") and that are now located outside the jurisdiction of the Court. To date, you have failed to let us know whether or not such assets exist, or to otherwise comply with this repatriation order. I refer you to Section III of the August 5, 2013 Order for your exact obligations in this regard.

### C. Answer

Your answer to the Complaint was due on August 13, 2013.

## II.   UPCOMING DEADLINES

### A. Initial Disclosures

As we discussed during our August 21, 2013 Rule 26(f) conference, you are required to make initial disclosures to the Commission under both Rule 26(a)(1) and the Court's Standing Initial Order Governing Proceedings ("OGP"). At the time of our conference, these disclosures were due on November 11, 2013. However, in light of General Order 13-19, dated October 9, 2013 ("General Order 13-19"), the Commission will agree that these disclosures are now due November 20, 2013. Copies of Rule 26 and the OGP are enclosed for your reference.

Under Rule 26(a)(1), among other things, you must disclose to the Commission:

(1) The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the

subjects of that information – that you may use to support any claim or defense, unless the use would be solely for impeachment; and

(2) A copy – or a description by category and location – of all documents, electronically stored information ("ESI"), and tangible things that you have in your possession, custody, or control and may use in support of any claim or defense, unless the use would be solely for impeachment.

I refer you to the text of Rule 26 for your complete disclosure obligations under the rule.

Under the OGP, in addition to the disclosures required by Rule 26(a)(1), among other things, your initial disclosures shall include:

(1) The correct names of the parties to the action;

(2) The name and, if known, the address and telephone number of any potential parties to the action;

(3) The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known to such person; and

(4) A copy of all documents and ESI, witness statements, and tangible things in your possession, custody, or control, that are relevant to the claim or defense of any party.

**Pursuant to the OGP, "A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion."** I refer you to the language of the OGP for your complete disclosure obligations under the OGP.

### B. Document Production

On October 9, 2013, the Commission served you with Plaintiff's First Request to Defendants for Production of Documents ("First Request"). At the time, your response to the Commission's First Request was due November 11, 2013. However, in light of General Order 13-19, the Commission will agree that your response is now due November 20, 2013. A copy of the First Request is enclosed for your reference. I refer you to the First Request for the list of documents and communications you are required to produce to the Commission.

\*       \*       \*

If you do not provide your verified accounting or meet other past-due obligations in this litigation, the Commission may seek appropriate sanctions, including a contempt order, against you.

3

If you would like to discuss these matters further, do not hesitate to let me know. Should you retain counsel to represent you in this matter, please have counsel contact me immediately.

Yours truly,

Philip Moustakis

Philip Moustakis

Enclosures:
August 5, 2013 Order
August 29, 2013 Order
Rule 26
Standard Initial Order Governing Proceedings
General Order 13-19
Plaintiff's First Request to Defendants for Production of Documents

# EXHIBIT B



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place; 200 Vesey Street, Suite 400
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

PHILIP R. MOUSTAKIS
SENIOR ATTORNEY
(212) 336-0542
moustakisp@sec.gov

February 26, 2014

**By UPS Overnight Delivery and Electronic Mail:**

Trendon T. Shavers
2305 South Custer Road, Apt. 1507
McKinney, TX 75070-6222
trendon@buscog.com

> Re:    *SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)

Dear Mr. Shavers:

I represent the Securities and Exchange Commission ("Commission") in the above-referenced action. As detailed below, please find enclosed a production of documents by the Commission to you. (A password for the DVD was emailed to you separately.) I write also to remind you of certain past-due obligations on your part in this litigation.

**I.      PRODUCTION OF DOCUMENTS**

On October 9, 2013, the Commission served you with its Initial Disclosures which, among other things, described by category all documents, electronically stored information (ESI), witness statements, and tangible things, excluding privileged or otherwise undiscoverable material, in the possession of the Commission and available to you. A copy of Plaintiff's Initial Disclosures is enclosed for your review. The cover email to the Initial Disclosures invited you to call me to discuss the form and format of production should you desire any of the referenced materials. You have never responded to the Commission's Initial Disclosures or otherwise requested documents or ESI of the Commission. Nevertheless, please find enclosed a DVD containing a production of document and ESI, including documents and ESI received by the Commission during the investigation that led to this action from Dwolla Incorporated, GoDaddy.com, Inc., Mt. Gox, PayPal, and Woodforest National Bank. Other documents referenced in the Commission's Initial Disclosures, including documents, ESI, or statements provided to the Commission from Bitcoin Savings and Trust investors or concerning GPUMAX Technologies, LLC, are not included in this production.

## II.  PAST-DUE OBLIGATIONS

### A. Verified Accounting

The Court's August 5, 2013 Order Freezing Assets and Granting other Ancillary Relief ("August 5, 2013 Order") required you to file with the Court and serve upon the Commission a verified accounting of your assets, liabilities, and income, by August 12, 2013, which you failed to do. On August 29, 2013, the Court ordered you to provide your accounting to the Commission by no later than August 20, 2013, which, again, you failed to do. To date, the Commission has not received an accounting from you. Copies of the August 5, 2013 Order and the August 29, 2013 Order are enclosed for your reference.

As Commission staff have repeatedly informed you, including during our August 21, 2013 telephone conference held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26"), at your September 5, 2013 deposition in this action, and in our November 7, 2013 letter to you ("Nov. 7 Letter"), you are required to provide an accounting to the Commission, signed by you, under penalty of perjury, detailing, among other things, the following:

(1) All assets and liabilities currently held by you, describing the amount and current location of each of the items listed, including the names of financial institutions, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by you, at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed; and

(3) All assets or income transferred by you to any individual, or entity, at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed.

Please note, by the express terms of the August 5, 2013 Order, for purposes of your accounting and the repatriation order, discussed below, the term "assets" shall include "all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value." I refer you to Section II of the August 5, 2013 Order for the exact requirements for your accounting.

### B. Repatriation Order

The Court's August 5, 2013 Order required you to repatriate immediately all assets or funds that were obtained, directly or indirectly, from the activities described in complaint filed by the Commission in this action ("Complaint") and that are now located outside the jurisdiction of the Court. To date, you have failed to let us know whether or not such assets exist, and to otherwise comply with this repatriation order. I refer you to Section III of the August 5, 2013 Order for your exact obligations in this regard.

2

### C. **Answer**

Your answer to the Complaint was due on August 13, 2013.

### D. **Initial Disclosures**

As we discussed during our August 21, 2013 Rule 26(f) conference and detailed in the Nov. 7, 2013 Letter, you are required to make initial disclosures to the Commission under both Rule 26(a)(1) and the Court's Standing Initial Order Governing Proceedings ("OGP"). These disclosures were due, at the latest, on November 20, 2013. Copies of Rule 26 and the OGP are enclosed for your reference.

Under Rule 26(a)(1), among other things, you must disclose to the Commission:

(1) The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that you may use to support any claim or defense, unless the use would be solely for impeachment; and

(2) A copy – or a description by category and location – of all documents, electronically stored information ("ESI"), and tangible things that you have in your possession, custody, or control and may use in support of any claim or defense, unless the use would be solely for impeachment.

I refer you to the text of Rule 26 for your complete disclosure obligations under the rule.

Under the OGP, in addition to the disclosures required by Rule 26(a)(1), among other things, your initial disclosures shall include:

(1) The correct names of the parties to the action;

(2) The name and, if known, the address and telephone number of any potential parties to the action;

(3) The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known to such person; and

(4) A copy of all documents and ESI, witness statements, and tangible things in your possession, custody, or control, that are relevant to the claim or defense of any party.

**Pursuant to the OGP, "A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of**

**a motion."** I refer you to the language of the OGP for your complete disclosure obligations under the OGP.

### E.  **Document Production**

On October 9, 2013, the Commission served you with Plaintiff's First Request to Defendants for Production of Documents ("First Request"). As detailed in the Nov. 7, 2013 Letter, your response to the First Request was due, at the latest, by November 20, 2013. A copy of the First Request is enclosed for your reference. I refer you to the First Request for the list of documents and communications you are required to produce to the Commission.

*         *         *

If you do not provide your verified accounting or meet other past-due obligations in this litigation, the Commission may seek appropriate sanctions, including a contempt order, against you.

If you would like to discuss these matters further, do not hesitate to let me know. Should you retain counsel to represent you in this matter, please have counsel contact me immediately.

Yours truly,

Philip Moustakis

Philip Moustakis

Enclosures:
August 5, 2013 Order
August 29, 2013 Order
Rule 26
Standard Initial Order Governing Proceedings
Plaintiff's Initial Disclosures
Plaintiff's First Request to Defendants for Production of Documents
Nov. 7, 2013 Letter

4

EXHIBIT C

**Moustakis, Philip**

---

| | |
|---|---|
| **From:** | Trendon <tshavers@buscog.com> |
| **Sent:** | Friday, August 30, 2013 1:44 PM |
| **To:** | Moustakis, Philip |
| **Subject:** | Re: Accounting |

Philip,

I don't know how I'd be able to get records for every transaction that happened for the last two years, considering I have no access to Dwolla, Paypal or my bank statements for the past accounts.  To subpoena them all would cost money (which I don't have) and I don't even know how to do it.  I truly believe this kind of detailed accounting is exhaustive and most likely duplicate information that the commission and court already have.

My wife doesn't work, see rarely receives child support from the kids birth father, which he's behind by more than $80,000.

Trendon

On Fri, Aug 30, 2013 at 12:26 PM, Moustakis, Philip <MOUSTAKISP@sec.gov> wrote:
Mr. Shavers:

The Court ordered accounting requires you provide, among other things, an accounting of all assets or income received by you and/or Bitcoin Savings and Trust ("BTCST") and transferred from you and/or BTCST, from August 1, 2011 to the date of the accounting, describing the details of those transfers, as well as the details of your and BTCST's liabilities. Again, I refer you to the text of the Court's Order freezing your assets and requiring you to provide the accounting for the exact requirements. Additionally, as we stated in Court yesterday, we would need to know the income and assets, and expenses and liabilities of your wife and dependents before we have a conversation about a possible carve-out, if any, or any release of funds.

Best regards,
Philip Moustakis

---

**From**: Trendon [mailto:tshavers@buscog.com]
**Sent**: Friday, August 30, 2013 12:05 PM Eastern Standard Time
**To**: Moustakis, Philip
**Subject**: Re: Accounting

Philip,

No one is holding assets for me, the payments and disbursements are already included in your initial complaint supporting documents.

I have nothing else to give you.  Those are my assets and my expenses.

Please advise,

Trendon

On Fri, Aug 30, 2013 at 10:59 AM, Moustakis, Philip <MOUSTAKISP@sec.gov> wrote:
Mr. Shavers:

This accounting is grossly inadequate and incomplete. We would ask that you review the Court's Order freezing your assets and detailing the requirements of a proper accounting, and that you meet your Court-ordered obligations without further delay.

Best regards,
Philip Moustakis

---

**From**: Trendon [mailto:tshavers@buscog.com]
**Sent**: Friday, August 30, 2013 11:33 AM Eastern Standard Time
**To**: Moustakis, Philip
**Subject**: Accounting

Philip,

I've realized that the SEC already has the record of payments or disbursements made by me.  So the only information missing are assets and expenses which are included in the attached document.

Trendon

--
T

--
T

# EXHIBIT D

**Moustakis, Philip**

| | |
|---|---|
| **From:** | Moustakis, Philip |
| **Sent:** | Wednesday, October 09, 2013 2:18 PM |
| **To:** | trendon@buscog.com |
| **Cc:** | Downes, Daphne P.; Szczepanik, Valerie; Gerber, Jacob |
| **Subject:** | SEC v. Shavers, et al, 4:13-CV-416 (RC) (ALM) |
| **Attachments:** | 2013-1009 Initial Disclosures.pdf; Exhibit A (Initial Disclosures).pdf |

Mr. Shavers:

Please find attached the Commission's initial disclosures.  At your convenience, please call me to discuss the form and format of the production referenced in the disclosures.

Best regards,
Philip Moustakis

PHILIP MOUSTAKIS • SENIOR ATTORNEY • DIVISION OF ENFORCEMENT • UNITED STATES SECURITIES & EXCHANGE COMMISSION • 3 WORLD FINANCIAL CENTER, SUITE 400, NEW YORK, NY 10281-1022 • (212) 336-0542 • moustakisp@sec.gov

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        **Plaintiff,**<br><br>-- against –<br><br>TRENDON T. SHAVERS AND BITCOIN<br>SAVINGS AND TRUST,<br><br>                                        **Defendants.** | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's Standard

Initial Order Governing Proceedings ("OGP"), plaintiff Securities and Exchange Commission

("Commission") hereby makes its initial disclosures to defendants Trendon T. Shavers ("Shavers")

and Bitcoin Savings and Trust ("BTCST" and, together with Shavers, "Defendants").  The

Commission will supplement or amend these disclosures as appropriate pursuant to Rule 26(e).

## GENERAL DISCLOSURE

These disclosures reflect the results of a search of the Commission's existing investigative

files in this matter.

## SPECIFIC DISCLOSURES

I.      **Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(1)(A)(i) and the OGP**

A.      The following are the names and, if known, the addresses and telephone numbers of

any potential parties to this action:  Ashley Shavers, 2305 South Custer Road, McKinney, TX

75077.

B.      Attached as Exhibit A to these disclosures are the names and, if known, the addresses and telephone numbers of individuals whom the Commission currently believes likely have discoverable information or knowledge of facts relevant to the claim or defense of any party; a brief characterization of each individual's connection to the case; and a brief description of the subject matter of the individual's discoverable information.

## II.     Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(1)(A)(ii) and the OGP

The following is a description by category of all documents, electronically stored information (ESI), witness statements, and tangible things, excluding privileged or otherwise undiscoverable material, currently in the possession custody and control of the Commission. These documents are located at the offices of the Commission, Brookfield Place, 200 Vesey Street, Ste. 400, New York, NY 10281-1022.

A.      Documents and ESI concerning accounts in the name of, for the benefit of, or controlled by Shavers at Woodforest National Bank, Mt. Gox, Dwolla, and PayPal.

B.      Documents and ESI concerning btcst.com, buscog.com, and gpumax.com.

C.      Documents and ESI concerning GPUMAX Technologies, LLC.

D.      Documents, ESI, and statements concerning BTCST, provided to the Commission by Shavers.

E.      Documents, ESI, and statements, provided to the Commission by BTCST investors. (The Commission is not disclosing witness interview notes or memoranda created by its attorneys or staff because they are not witness statements, i.e., they are not intended to be substantially verbatim recitals of witnesses' orals statements.)

F.      Publicly available documents, including, without limitation, Commission registration records; incorporation records or other public records; internet relay chat logs; and documents, ESI, or communications available on bitcointalk.org.

The Commission will produced the materials listed above to Defendants, except such items that were produced to the Commission by Shavers, on a rolling basis, as soon as the parties agree on a workable format for production.

### III.     Disclosures Pursuant to Fed. R. Civ. Pro. 26(a)(1)(A)(iii) and the OGP

In this civil enforcement action, the Commission seeks various forms of equitable relief and remedial sanctions expressly authorized by statute.  That relief includes disgorgement.  With respect to disgorgement, the Commission seeks an order requiring Defendants to disgorge the gross proceeds of the fraudulent and unlawful sale of unregistered securities alleged in the Complaint, and any other ill-gotten gains, and to pay prejudgment interest thereon from the date of the violation based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

The Commission also seeks civil penalties.  As to penalties, the Commission seeks an order requiring Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  In the event the Commission prevails on any of its claims, and absent a settlement, the Court shall determine the amount, if any, of the civil penalties according to the criteria described in the applicable statutory provisions.  Documents relevant to a determination of

the amounts of disgorgement and civil penalties are contained in the Commission's investigative

files in this matter, as described in Part II above.

Dated:  October 9, 2013
        New York, NY

                                    By:   */s/ Philip Moustakis*
                                          PHILIP MOUSTAKIS (PM-1748)
                                          Attorney for Plaintiff
                                          SECURITIES AND EXCHANGE COMMISSION
                                          NEW YORK REGIONAL OFFICE
                                          Brookfield Place
                                          200 Vesey Street, Ste. 400
                                          New York, NY 10281-1022
                                          (212) 336-0542
                                          MoustakisP@sec.gov
                                          *Admitted Pro Hac Vice*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on this 9th day of October, 2013, I served the foregoing Initial

Disclosures, by UPS Overnight Delivery, and by email, on:

TRENDON T. SHAVERS                      BITCOIN SAVINGS AND TRUST
2305 South Custer Road, Apt. 1507       c/o Trendon T. Shavers
McKinney, TX 75070                      2305 South Custer Road, Apt. 1507
*trendon@buscog.com*                    McKinney, TX 75070
                                        *trendon@buscog.com*


                        */s/ Philip Moustakis*
                        PHILIP MOUSTAKIS (PM-1748)
                        Attorney for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION
                        NEW YORK REGIONAL OFFICE
                        Brookfield Place
                        200 Vesey Street, Ste. 400
                        New York, NY 10281-1022
                        (212) 336-0542
                        MoustakisP@sec.gov
                        *Admitted Pro Hac Vice*

EXHIBIT E

**Moustakis, Philip**

| | |
|---|---|
| **From:** | Jason Seibert <jason@seibert-law.com> |
| **Sent:** | Friday, May 23, 2014 6:42 PM |
| **To:** | Moustakis, Philip |
| **Cc:** | Szczepanik, Valerie |
| **Subject:** | October 3, 2012 interview with Shavers |

Dear Philip,

In our initial conferral, I asked you if you had ever spoken with my client outside of deposition. You said, "yes." I asked you if you had a recording of that. You said, "no."

I've been reviewing the deposition (Doc 32-1) and you are consistently referencing and apparently reading alleged statements my client made during an interview conducted October 3rd, 2012, of my client.

Questions:

1. At the time of the October 3rd, 2012 interview, did the SEC have a formal or informal investigation opened for Mr. Shavers?
2. What was the date of the first subpoena the Commission issued to my client, and under what authority did the Commission represent it had a right to Subpoena any Defendant in this case?
3. Who was in attendance at the phone conference of October 3, 2012? Also, was a court reporter/transcriptionist present?
4. Was my client advised of his right to an attorney prior to speaking with you or any member of the Commission?
5. Was my client advised that the Commission may use the information as part of a criminal investigation?
6. Was my client advised of his Miranda rights prior to speaking with you at any point in time, or with any member of the Commission?
7. Did you advise my client prior to his deposition that his testimony could be used as part of a criminal investigation and advise my client of his Miranda rights? I do not see that anywhere in the record provided in Doc 32-1.

I look forward to your immediate response, specifically, to each question above.

Regards,

F. Jason Seibert
FJ Seibert, LLC – A Law Office
jason@seibert-law.com

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This email communication contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please contact me immediately.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

PHILIP R. MOUSTAKIS
SENIOR ATTORNEY
(212) 336-0542
moustakisp@sec.gov

May 27, 2014

**By UPS Overnight Delivery and Electronic Mail:**

F. Jason Seibert, Esq.
960 Liberty Street SE, Ste. 150
Salem, OR 97302
*jason@seibert-law.com*

     Re:   *SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)

Dear Jason:

     I represent the Securities and Exchange Commission in the above-referenced action. I write to address certain concerns raised by you in recent emails to Commission staff.

     Mr. Shavers is a party to this litigation; it was incumbent upon him to order and review the transcript of his deposition himself. We uploaded the Commission's Motion for Summary Judgment or, in the Alternative, for Default Judgment, and all exhibits thereto, to the Court's ECF system in searchable .pdf format. You may be using outdated software. In any event, for your convenience, shortly after this letter, I will forward to you by email the motion and related exhibits in searchable .pdf format.

     If you would like to request a copy of the formal order of investigation in this matter, the request must be made in writing and addressed to: Valerie A. Szczepanik, Assistant Regional Director, Division of Enforcement, U.S. Securities & Exchange Commission, Brookfield Place, 200 Vesey Street, Ste. 400, New York, NY 10281-1022. Furthermore, the request must include the following representations:

> *The undersigned represents [client's name] in the above captioned matter. Pursuant to 17 C.F.R. §203.7 [I/we] hereby request on behalf of [my/our] client[s] to be furnished with a copy of the Commission's Formal Order of Investigation in the above matter. [I/We] warrant that the Formal Order and information contained therein will remain confidential and will not be disseminated to any person or party except [my/our] client[s] for use in connection with [my/our] representation of [him/her/it/them] in this matter.*

Please find attached for your convenience, a copy of the subpoena and related correspondence, including SEC Form 1662, sent to Mr. Shavers on September 21, 2012. Form 1662 sets forth information for persons requested to supply information voluntarily or directed to supply information pursuant to a Commission subpoena, including routine uses of information. Please know the Commission is a civil regulatory agency; it does not have criminal jurisdiction.

If you have any additional questions or concerns, please do not hesitate to let me know.

Yours truly,

Philip

Enclosures: Sept. 21, 2012 subpoena to Shavers and related correspondence; Plaintiff's Motion for Summary Judgment or, in the Alternative, for Default Judgment, and exhibits thereto (by email only).

2

EXHIBIT F



## DONATE TODAY!!!

"Donate today to restrain the SEC's power grab over bitcoin."

DONATE NOW

GIVE A BIT. SAVE THE BYTES.
POWERED BY F.J. SEIBERT, LLC.



HOME    DONATE    BLOG    DOCUMENTS

CONTACT US

GIVE A
BIT
SAVE
THE
BYTES

SHARE SO YOUR
FRIENDS
CAN DONATE TOO!

 DONATE BITCOIN

We are accepting bitcoin, litecoin, and dogecoin.
(the wallets and private keys are controlled by the law office):
BTC: 1FFUtD3qRMJYzrkWPC8Gq1M5gpRtwbHjc5
DOGE: DNWrU81Rn6y7XfBjZPokqdhVpXDGxtZqhC
LTC: LaDzpczMp3j4Ly2bDqfQiURKLZCeK8j142

GIVE A BIT. SAVE THE BYTES.
POWERED BY F.J. SEIBERT, LLC.



HOME     DONATE     BLOG     DOCUMENTS

CONTACT US



# Read the SEC Complaint Against Trendon Shavers

Support the fight against the SEC. If the SEC is successful in this case it will set a dangerous precedent of allowing the SEC to regulate Bitcoin Exchanges.

READ MORE

# Read the Defendants' Response To the SEC's Motion for Sanctions

The SEC has filed a motion for sanctions in an attempt to win this case without giving Trendon Shavers a fair day in court. This is the defenses motion against the SEC's motion for sanctions. A ruling is expected soon.



Case 4:13-cv-00416-RC-ALM Document 42 Filed 05/30/14 Page 1 of 14 PageID #: 885

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SECURITIES AND EXCHANGE
COMMISSION

v.

CIVIL ACTION NO. 4:13cv416
(Judge Clark/Judge Mazzant)

TRENDON T. SHAVERS AND
BITCOIN SAVINGS AND TRUST

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY RULE 37 SANCTIONS SHOULD NOT BE IMPOSED**

**INTRODUCTION**

This action, brought by the Securities and Exchange Commission (the "Commission" or the "Government"), is a case of first impression in any district. The result of this case may establish if the Commission has authority to regulate transactions in virtual currency. The Commission may argue Defendants' lack of action or lack of production as the basis for its motion, but the record in this case speaks otherwise. Due to the asset freeze in this case, Defendants have not been able to acquire legal counsel until recently. Defendants have been attempting to defend themselves. Courts favor rulings on the merits; however, the Commission seeks to win, effectively by default, on a procedural default of "them" related to Defendants' responses to discovery, instead of on the merits of the alleged claims. The Court should allow this case to continue by allowing reasonable continuance to complete discovery in this case now that Defendants are under the advice of counsel.

The Court should not impose the sanctions requested by the Commission. The Commission is already in possession of the same documents it claims Defendants have failed to provide. Prior to filing this action, the Commission solicited Defendants for

Page 1 of 14

GIVE A BIT. SAVE THE BYTES
POWERED BY F.J. SEIBERT. LLC.

GIVE A BIT SAVE THE BYTES

HOME     DONATE     BLOG     DOCUMENTS

CONTACT US

## GET IN TOUCH!

Name: *

Email: *

Subject: *

Message: *

SUBMIT

### BROUGHT TO YOU BY: THE LAW OFFICE OF FRANKLIN JASON SEIBERT, LLC



## F. J. SEIBERT

Our office works with several legal professionals in the Willamette Valley to provide you with the best advocacy and advice possible. Our office is small with minimal overhead and that enables us to keep your costs manageable.

960 Liberty St SE
View on Google Maps

960 Liberty St SE
Bush's Pasture Park

View Larger Map

GIVE A BIT. SAVE THE BYTES.
POWERED BY F.J. SEIBERT, LLC



| HOME | DONATE | BLOG | DOCUMENTS |
| --- | --- | --- | --- |
| | | | CONTACT US |

# TOP STORIES

Posted Sunday, May 25, 2014

## SEC v. SHAVERS

SUNDAY MAY 25, 2014

This week an extremely important legal event is happening in bitcoin in Texas.  The SEC v Shavers case-filing deadline is on Friday May 30th.

The Securities and Exchange Commission is charging Trendon Shavers with operating an alleged ponzi scheme.  There are many people in the bitcoin community that are upset with Shavers for losing their funds at the Bitcoin Savings and Trust ("BTCST"), formerly known as First Pirate Savings & Trust.  Regardless if you're upset with Shavers over this, you should be concerned about this case because it will have FAR reaching consequences for the bitcoin community outside of Shavers.

The case the SEC is bringing forward -- if won- would establish a very dangerous precedent that says anyone exchanging bitcoin could be SELLING SECURITIES, thus subject to SEC regulation, SEC scrutiny, SEC investigation, and SEC legal action.

This would include peer-to-peer bitcoin exchanging, all trades at Shotoshi Square in NYC, miners selling bitcoin, basically anyone that touches bitcoin and later trades or sells it would be under the scrutiny of the SEC. If you're not registered with the SEC – or if you have engaged in these types of activities in the past without being registered - you could be fined tens of thousands of dollars per transaction, or worse, jail.



The SEC moved the court to impose sanctions against Schavers for effectively failing to provide information the SEC already has. If sanctions are granted by the court, he won't get the chance to present a defense to this case – which means Shavers would automatically be found liable – unless he meets this Friday's filing deadline, presents an argument against sanctions, and convinces the court to hear this issue on the merits.

To make matters worse, the SEC and the court froze all of Shavers' assets so Shavers has no way to hire an attorney to help file the paperwork due on Friday.

After recognizing the importance of this case, Jason Seibert of FJ Seibert Law stepped in on May 20, 2014, and agreed to take the case on a donations basis.

I cannot emphasize enough the importance of this case.  To make a donation to pay for legal fees were accepting bitcoin, litecoin, and dogecoin.

Addresses below (the wallets and private keys are controlled by the law office):
BTC: 1FFUtD3qRMJYzrkWPC8Gq1M5gpRtwbHjc5
DOGE: DNWrU81Rn6y7XfBjZPotqdhVpXDGxtZqhC
LTC: LaDzpczMp3j4Ly2bDqfQiURKLZCeK8j142

GIVE A BIT. SAVE THE BYTES.
POWERED BY F.J. SEIBERT, LLC.