# EXHIBIT B



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place; 200 Vesey Street, Suite 400
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

PHILIP R. MOUSTAKIS
SENIOR ATTORNEY
(212) 336-0542
moustakisp@sec.gov

February 26, 2014

**By UPS Overnight Delivery and Electronic Mail:**

Trendon T. Shavers
2305 South Custer Road, Apt. 1507
McKinney, TX 75070-6222
trendon@buscog.com

      Re:    *SEC v. Shavers, et al.*, **4:13-CV-416 (RC) (ALM)**

Dear Mr. Shavers:

      I represent the Securities and Exchange Commission ("Commission") in the above-referenced action. As detailed below, please find enclosed a production of documents by the Commission to you. (A password for the DVD was emailed to you separately.) I write also to remind you of certain past-due obligations on your part in this litigation.

## I. PRODUCTION OF DOCUMENTS

      On October 9, 2013, the Commission served you with its Initial Disclosures which, among other things, described by category all documents, electronically stored information (ESI), witness statements, and tangible things, excluding privileged or otherwise undiscoverable material, in the possession of the Commission and available to you. A copy of Plaintiff's Initial Disclosures is enclosed for your review. The cover email to the Initial Disclosures invited you to call me to discuss the form and format of production should you desire any of the referenced materials. You have never responded to the Commission's Initial Disclosures or otherwise requested documents or ESI of the Commission. Nevertheless, please find enclosed a DVD containing a production of document and ESI, including documents and ESI received by the Commission during the investigation that led to this action from Dwolla Incorporated, GoDaddy.com, Inc., Mt. Gox, PayPal, and Woodforest National Bank. Other documents referenced in the Commission's Initial Disclosures, including documents, ESI, or statements provided to the Commission from Bitcoin Savings and Trust investors or concerning GPUMAX Technologies, LLC, are not included in this production.

## II. PAST-DUE OBLIGATIONS

### A. Verified Accounting

The Court's August 5, 2013 Order Freezing Assets and Granting other Ancillary Relief ("August 5, 2013 Order") required you to file with the Court and serve upon the Commission a verified accounting of your assets, liabilities, and income, by August 12, 2013, which you failed to do. On August 29, 2013, the Court ordered you to provide your accounting to the Commission by no later than August 20, 2013, which, again, you failed to do. To date, the Commission has not received an accounting from you. Copies of the August 5, 2013 Order and the August 29, 2013 Order are enclosed for your reference.

As Commission staff have repeatedly informed you, including during our August 21, 2013 telephone conference held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26"), at your September 5, 2013 deposition in this action, and in our November 7, 2013 letter to you ("Nov. 7 Letter"), you are required to provide an accounting to the Commission, signed by you, under penalty of perjury, detailing, among other things, the following:

(1) All assets and liabilities currently held by you, describing the amount and current location of each of the items listed, including the names of financial institutions, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by you, at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed; and

(3) All assets or income transferred by you to any individual, or entity, at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed.

Please note, by the express terms of the August 5, 2013 Order, for purposes of your accounting and the repatriation order, discussed below, the term "assets" shall include "all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value." I refer you to Section II of the August 5, 2013 Order for the exact requirements for your accounting.

### B. Repatriation Order

The Court's August 5, 2013 Order required you to repatriate immediately all assets or funds that were obtained, directly or indirectly, from the activities described in complaint filed by the Commission in this action ("Complaint") and that are now located outside the jurisdiction of the Court. To date, you have failed to let us know whether or not such assets exist, and to otherwise comply with this repatriation order. I refer you to Section III of the August 5, 2013 Order for your exact obligations in this regard.

C. <u>Answer</u>

Your answer to the Complaint was due on August 13, 2013.

D. <u>Initial Disclosures</u>

As we discussed during our August 21, 2013 Rule 26(f) conference and detailed in the Nov. 7, 2013 Letter, you are required to make initial disclosures to the Commission under both Rule 26(a)(1) and the Court's Standing Initial Order Governing Proceedings ("OGP"). These disclosures were due, at the latest, on November 20, 2013. Copies of Rule 26 and the OGP are enclosed for your reference.

Under Rule 26(a)(1), among other things, you must disclose to the Commission:

(1) The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that you may use to support any claim or defense, unless the use would be solely for impeachment; and

(2) A copy – or a description by category and location – of all documents, electronically stored information ("ESI"), and tangible things that you have in your possession, custody, or control and may use in support of any claim or defense, unless the use would be solely for impeachment.

I refer you to the text of Rule 26 for your complete disclosure obligations under the rule.

Under the OGP, in addition to the disclosures required by Rule 26(a)(1), among other things, your initial disclosures shall include:

(1) The correct names of the parties to the action;

(2) The name and, if known, the address and telephone number of any potential parties to the action;

(3) The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known to such person; and

(4) A copy of all documents and ESI, witness statements, and tangible things in your possession, custody, or control, that are relevant to the claim or defense of any party.

**Pursuant to the OGP, "A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of**

3

**a motion."** I refer you to the language of the OGP for your complete disclosure obligations under the OGP.

### E. Document Production

On October 9, 2013, the Commission served you with Plaintiff's First Request to Defendants for Production of Documents ("First Request"). As detailed in the Nov. 7, 2013 Letter, your response to the First Request was due, at the latest, by November 20, 2013. A copy of the First Request is enclosed for your reference. I refer you to the First Request for the list of documents and communications you are required to produce to the Commission.

\* \* \*

If you do not provide your verified accounting or meet other past-due obligations in this litigation, the Commission may seek appropriate sanctions, including a contempt order, against you.

If you would like to discuss these matters further, do not hesitate to let me know. Should you retain counsel to represent you in this matter, please have counsel contact me immediately.

Yours truly,

*[signature]*

Philip Moustakis

Enclosures:
August 5, 2013 Order
August 29, 2013 Order
Rule 26
Standard Initial Order Governing Proceedings
Plaintiff's Initial Disclosures
Plaintiff's First Request to Defendants for Production of Documents
Nov. 7, 2013 Letter