# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>-- against --<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>                              Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

Dated: June 17, 2014

Of Counsel:
Valerie A. Szczepanik*
Securities and Exchange Commission
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
(212) 336-0175
szczepanikv@sec.gov

*Not admitted in E.D. Tex.*

Respectfully Submitted,

*/s/ Jessica B. Magee*
JESSICA B. MAGEE
Texas Bar No. 24037757
Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
(817) 978-6465
mageej@sec.gov

PHILIP MOUSTAKIS (PM-1748)
Securities and Exchange Commission
Brookfield Place
200 Vesey Street, Ste. 400
New York, NY 10281-1022
(212) 336-0542
moustakisp@sec.gov
*Admitted Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................... ii-iv

I. BASIS FOR OPPOSITION .................................................................................................. 1

II. ARGUMENTS AND AUTHORITIES ................................................................................. 1

    A. Defendants Never Answered and Ignored Court Orders ............................................... 1

    B. The Legal Standard for Setting Aside Entries of Default Requires a Showing of Good Cause .................................................................................................................. 2

    C. Defendants Do Not Satisfy the Threshold for Establishing That Good Cause Exists to Set Aside the Entries of Default ...................................................................... 2

        1. Defendants' Defaults Were Willful ........................................................................ 3

        2. Defendants Have No Meritorious Defense ............................................................ 5

            a. Defendants' Repeated Challenge to the Court's Subject Matter Jurisdiction Does Not Constitute a Meritorious Defense ...................................................... 6

            b. Defendants May Not Escape Default Through General Denial ........................ 7

            c. Defendants are Barred From Filing Third-Party Claims in This Action ........... 8

        3. Setting Defendants' Defaults Aside Will Prejudice the Commission ................... 10

    D. Any Order Setting Aside One or Both Entries of Default Should Impose Conditions Requiring Immediate Filing of an Answer ................................................ 12

III. CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Admiral Home Appliances, Division of Magic Chef, Inc. v. Tenavision, Inc.*,
 585 F. Supp. 14 (D.N.J. 1982) *affd without op*. 735 F2d 1347 (3d Cir. 1984)..............5

*American Alliance Insurance Co. v. Eagle Insurance Co.*,
 92 F.3d 57 (2d Cir. 1996) .......................................................................................11

*Cohen v Murphey*,
 222 F.R.D. 416 (N.D. Cal. 2004).................................................................................7

*Commercial Bank of Kuwait v. Rafidain Bank*,
 15 F.3d 238 (2d Cir. 1994)........................................................................................11

*Coon v Grenier*,
 867 F.2d 73 (1st Cir.1989)..........................................................................................6

*Copeland v. Rosen*,
 38 F. Supp. 2d 298 (S.D.N.Y. 1999)..........................................................................11

*Delk-McCauley v. Jacobs*,
 2013 U.S. Dist. LEXIS 110050 (S.D. Tex. Aug. 1, 2013)............................................4

*In re Dierschke*,
 975 F.2d 181 (5th Cir. Tex. 1992) ...............................................................................5

*In re OCA, Inc.*,
 551 F.3d 359 (5th Cir. 2008) .......................................................................................5

*In re Tekoil & Gas Corp.*,
 2011 WL 570143 (S.D. Tex. 2011) ...........................................................................11

*Fink v. Swisshelm*,
 182 F.R.D. 630 (D. Kan. 1998)...................................................................................7

*Hawaii Carpenters' Trust Funds v. Stone*,
 794 F.2d 508 (9th Cir. 1986) ......................................................................................6

*J&M Associates v. Callahan*,
 2011 U.S. Dist. LEXIS 131752 (S.D. Ala. Nov. 15, 2011).........................................4

*Jack Gray Transport, Inc. v. Shaw*,
 105 F.R.D. 485 (N.D. Ill. 1984)...................................................................................5

*Lacy v. Sitel Corp.*,
  227 F.3d 290 (5th Cir. 2000) ...............................................................................2, 5, 11

*Marziliano v. Heckler*,
  728 F.2d 151 (2d Cir. 1984)..........................................................................................12

*Parklane Hosiery Co. Inc. v. Shore*,
  439 U.S. 322 (1979).........................................................................................................9

*Pretzel & Stouffer v. Imperial Adjusters, Inc.*,
  28 F.3d 42 (7th Cir. 1994) .............................................................................................7

*SEC v. Better Life Club of America, Inc.*,
  995 F. Supp. 167 (D.D.C. 1998)............................................................................... 9-10

*SEC v. Bradt*,
  1995 WL 215220 (S.D. Fla. Mar. 7, 1995).....................................................................9

*SEC v. Burnett Grey & Co.*,
  1993 U.S. App. LEXIS 25453 (9th Cir. 1993) ...............................................................6

*SEC v. Custable*,
  2004 U.S. Dist. LEXIS 1103 (N.D. Ill. Jan. 29, 2004) ...................................................9

*SEC v. Electronics Warehouse, Inc.*,
  689 F. Supp. 53 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2nd Cir. 1989), *cert.
  denied*, 496 U.S. 942 (1990) .........................................................................................10

*SEC v. Heartland Group, Inc.*,
  2003 U.S. Dist. LEXIS 461, 2003 WL 103015 (N.D. Ill. Jan. 10, 2003)......................9

*SEC v. Lorin*,
  1991 WL 155767 (S.D.N.Y. 1991)...............................................................................10

*SEC v. McCaskey*,
  56 F. Supp. 2d 323 (S.D.N.Y. 1999).............................................................................9

*SEC v. McNulty*,
  137 F.3d 732 (2d Cir. 1998)..........................................................................................11

*SEC v. Tsukuda-America, Inc.*,
  2010 WL 1050971 Fed. Sec. L. Rep. (CCH) ¶ 95,645 (N.D. Tex.
  Mar. 22, 2010)..................................................................................................................9

*SEC v. Wealth Management LLC*,
  2009 WL 3765395 (E.D. Wisc. Nov. 9, 2009) .............................................................9

*SEC v. Wolfson*,
     309 B.R. 612 (D. Utah 2004) ..........................................................................................9

*SEC v. Wozniak*,
     1993 U.S. Dist. LEXIS 1241 (N.D. Ill. Feb. 8, 1993) ....................................................9

*Sloss Industrial Corp. v. Eurisol*,
     488 F.3d 922 (11th Cir. 2007) ........................................................................................4

*St. Claire v. Ensurelink*,
     2001 U.S. Dist. LEXIS 20108, 2001 WL 1568749 (N.D.Tex. Dec. 5, 2001) .............12

*Stelax Industrial, LTD v. Donahue*,
     2004 U.S. Dist. LEXIS 29026, 2004 WL 733844 (N.D.Tex. March 24, 2004) ..........12

*Taishan Gypsum Co. v. Gross (In re Chinese-Manufactured Drywall Products
     Liability Litigation)*,
     2014 U.S. App. LEXIS 9400 (5th Cir. May 20, 2014) ..................................................2

*Teamsters, Chauffeurs, Warehousemen & Helpers Un. Vv. Superline Transport*,
     953 F.2d 17 (1st Cir. 1992) ............................................................................................7

*United States v. One Parcel of Real Prop.*,
     763 F.2d 181 (5th Cir. 1985) .........................................................................................2

## FEDERAL STATUTES

Section 21(g) of the Exchange Act of 1934
     15 U.S.C. § 78u(g) .........................................................................................................9

## FEDERAL RULES

FED. R. CIV. P. 8 ......................................................................................................................7

FED. R. CIV. P. 14 ....................................................................................................................8

FED. R. CIV. P. 14(A) .............................................................................................................10

FED. R. CIV. P. 26 ....................................................................................................................4

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT**

Because Defendants should not be permitted to set aside their defaults and restart the clock in this litigation after nearly a year of willfully ignoring Court orders and pleading and discovery obligations, Plaintiff Securities and Exchange Commission ("Commission") asks the Court to deny Defendants' Motion to Set Aside Entry of Default ("Motion") [Doc. 44], respectfully showing the following:

**I.
BASIS FOR OPPOSITION**

The Court should deny Defendants' request to set aside the August 22, 2013 entries of default against them because there is no good cause to do so insofar as (1) Defendants' defaults were willful; (2) Defendants' have no meritorious defense; and (3) setting aside the defaults will prejudice the Commission and the public.

**II.
ARGUMENT AND AUTHORITIES**

A.   **DEFENDANTS NEVER ANSWERED AND IGNORED COURT ORDERS.**

On July 23, 2013, the Commission filed its Complaint in this action.  [Doc. 1]. Defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST") were served the same day. *See* Doc. 16, 16-1, 17, 17-1.  Defendants' August 13, 2013 deadlines to answer or otherwise respond to the Commission's Complaint passed without efforts by either to defend the allegations asserted against them.  To date, neither Defendant has filed an answer, nor does a proposed answer accompany their Motion.

Furthermore, on August 5, 2013, the Court entered an order that, among other things, froze Defendants' assets; ordered them to file with the Court and provide to the Commission a

verified written accounting of their assets liabilities, and income; required them to repatriate all assets or funds traceable to the activities alleged in the Complaint; and required them to submit to expedited discovery. [See Doc. 22.] On August 29, 2013, the Court again ordered Shavers to provide his verified accounting. [See Doc. 27.] To date, Defendants have willfully refused to participate in these proceedings and have instead ignored the Court's orders and their discovery obligations. Their defaults should not be set aside.

**B. THE LEGAL STANDARD FOR SETTING ASIDE ENTRIES OF DEFAULT REQUIRES A SHOWING OF GOOD CAUSE.**

District courts may set aside entries of default for good cause. *Taishan Gypsum Co. v. Gross (In re Chinese-Manufactured Drywall Prods. Liab. Litig.)*, 2014 U.S. App. LEXIS 9400, 9-10 (5th Cir. May 20, 2014). The decision to set aside a default decree lies within the sound discretion of the district court. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). In deciding whether good cause exists to set aside an entry of default, courts consider (1) whether the default was willful; (2) whether setting it aside would prejudice the plaintiff; and (3) whether the movant has a meritorious defense. *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000).

**C. DEFENDANTS DO NOT SATISFY THE THRESHOLD FOR ESTABLISHING THAT GOOD CAUSE EXISTS TO SET ASIDE THE ENTRIES OF DEFAULT.**

Defendants do not dispute that they were properly served, that they failed to timely answer the Complaint, or that the Court was authorized to enter defaults against them on August 22, 2013. Rather, Defendants argue that good cause justifies setting aside their defaults. Defendants fail to satisfy any of the three required elements.

### 1. Defendants' Defaults Were Willful.

Defendants acknowledge they were timely served and admit that they failed to file answers. *See* Doc. 16-1, 17-1; Motion at p. 2. Defendants do not claim they lacked notice of their obligation to answer the Complaint or that they were unaware the obligation existed. Indeed, on July 26, 2013, the Court notified the parties of Defendants' August 13, 2013 answer deadline in docket entries 16 and 17. Likewise, the Commission reminded Defendants of their answer deadline on August 6, 2013, prior to their default. *See* Declaration of Philip Moustakis ("Moustakis Dec."), attached hereto as Exhibit A and incorporated herein, at ¶ 2. And the Commission reminded Defendants that their answers were past-due on November 7, 2013 and February 26, 2014. *Id.* at ¶¶ 6-7. Defendants ignored the Court's notices and the Commission's correspondence. Nevertheless, Defendants argue that their failure was not willful because "Defendants continue to defend themselves," through Shavers' participation in one hearing and his appearance at his deposition, even though the Court had to order Shavers to appear at his deposition. Essentially, Defendants ask the Court to set aside its entries of default and act *as if* Defendants answered the Commission's Complaint and defended themselves during the year this case has been pending, though the facts clearly show they have affirmatively, willfully ignored these proceedings.

Defendants did not only disregard their obligation to answer the Complaint. Part and parcel of their willful noncompliance, Defendants chose to ignore, without explanation or excuse, *both* of this Court's orders, entered on August 5, 2013 and August 29, 2013, to provide a verified accounting of their assets, liabilities and income. They also chose to ignore this Court's repatriation order, and have never informed the Court or the Commission whether they are in possession of assets located outside of the United States. *See* Moustakis Dec. at ¶ 9.

Additionally, Defendants have ignored and impeded the Court's scheduling order and discovery processes by failing to provide the initial disclosures required by FED. R. CIV. P. 26 or to respond to Plaintiff's First Request to Defendants for Production of Documents, served on October 9, 2013. *See* Docket; *see also* Moustakis Dec. at ¶¶ 4-5. Moreover, Defendants failed to timely respond to the Commission's Motion for Summary Judgment or, in the Alternative, for Default Judgment [Doc. 32] and Motion for an Order to Show Cause [Doc.33].

Perhaps most telling is the fact that Defendants did not challenge the entries of default for more than nine months, and only now move to set them aside on the eve of this Court's determination of the Commission's motions for sanctions and judgment. "The longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *J&M Assocs. v. Callahan*, 2011 U.S. Dist. LEXIS 131752 (S.D. Ala. Nov. 15, 2011) (*citing Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922 (11th Cir. 2007).

Defendants' refusal to plead despite the Court's notices and warnings from the Commission, their refusal to comply with Court orders, and their repeated failure to meet their discovery obligations in this action is the very sort of intentional, contumacious behavior establishing that a default was willful. *See Delk-McCauley v. Jacobs,* 2013 U.S. Dist. LEXIS 110050 (S.D. Tex. Aug. 1, 2013) (defendants' conduct of failing to participate in discovery, comply with discovery orders, or return calls to plaintiff's counsel was "sufficient, by itself, to justify finding an absence of good cause to set aside the entry of default.") ; *J&M Assocs. v. Callahan*, 2011 U.S. Dist. LEXIS 131752 (S.D. Ala. Nov. 15, 2011) (despite the "universal disfavor with which default judgment is viewed by the courts…the length of [defendant's] delay, his willfulness in refusing to appear and defend the allegations against him, and his failure to

contest or acknowledge the entry of default entered against him" constituted contumacious conduct warranting denial of the motion to set aside default judgment);[1] *Jack Gray Transport, Inc. v. Shaw*, 105 F.R.D. 485, 490 (N.D.Ill. 1984) ("Any defendant guilty of sticking his head in the sand ... must be charged with the kind of deliberate inattention that justifies a 'willfulness' label."))' *Admiral Home Appliances, Div. of Magic Chef, Inc. v. Tenavision, Inc.,* 585 F. Supp. 14, 16 (D.N.J. 1982) *affd without op*. 735 F2d 1347 (3d Cir. 1984) (in upholding default judgment, court noted that defendant's awareness of claims and impact of failure to participate, combined with his attitude in dealings with counsel, showed an arrogance and disregard for consequences rather than mistake, inadvertence or excusable neglect).

Importantly, a finding of willful default ends the inquiry of whether good cause warrants vacating a default, for "when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. Tex. 2000) (*quoting In re Dierschke*, 975 F.2d 181 (5th Cir. Tex. 1992) (in *Lacy,* the Fifth Circuit reversed a default judgment where the failure to respond was not willful and defendant presented meritorious defense) (in *Dierschke*, the Fifth Circuit affirmed the district court's order denying relief from entry of default and affirmed subsequent entry of default judgment based on the appellant's willful failure to answer).

Because the willfulness of Defendants' defaults cannot reasonably be disputed, there is no good cause to set aside their defaults and their Motion should be denied.

### 2. Defendants Have No Meritorious Defense.

A court's underlying concern when considering whether to set aside an entry of default is to determine whether there is some possibility that the outcome of the action after a full trial will

---

[1] Courts apply the same legal standard to motions to set aside entries of default and judgments by default. *In re OCA, Inc*., 551 F.3d 359, 369 (5th Cir. 2008).

be contrary to the result achieved by the default. *SEC v. Burnett Grey & Co.*, 1993 U.S. App. LEXIS 25453, 3-4 (9th Cir. 1993)[2] (*citing* 10 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure, § 2697 (Supp. 1992)). A party in default, therefore, "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Id.* (*citing Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). And while the meritorious defense element of a good cause showing does not require a defendant to show a likelihood of success on merits, it must at least allege facts or legal theories that, if proven at trial, would constitute a cognizable defense. *Coon v. Grenier* 867 F2.d 73 (1st Cir.1989).

Defendants assert that they will plead three defenses: "(1) the alleged transactions did not involve securities;[3] (2) all transactions are and were accounted for and were not fraudulent or a "Ponzi" scheme; and (3) third-party defendant(s) converted Defendant's [sic] property held for themselves and on behalf of others." None of these defenses are cognizable or meritorious and, therefore, they do not provide good cause for setting aside Defendants' defaults.

> *(a) Defendants' repeated challenge to the Court's subject matter jurisdiction does not constitute a meritorious defense.*

This Court properly held on August 6, 2013 that it has subject matter jurisdiction in this action. As will be shown through the Commission's forthcoming Response in Opposition to Defendants' Motion for Reconsideration of Court Opinion Doc 23 Regarding Subject Matter Jurisdiction And Renewed Rule 12(b)(1) Motion, there is no basis for the Court to reconsider its decision on subject matter jurisdiction and, even if the issue of jurisdiction is reconsidered, the facts and law clearly establish that jurisdiction is proper in this case. Hence Defendants'

---

[2] In *SEC v. Burnett Grey & Co.,* the Ninth Circuit affirmed the district court's denial of appellant's motion to set aside entry of default and subsequent entry of judgment in favor of the Commission.

[3] The Court has decided to hear Defendants' 12(b)(1) motion, which challenges the Court's subject matter jurisdiction in this action. Should the Court rule in Defendants' favor on that motion, this motion would be moot. If the Court's denies Defendants' 12(b)(1) motion, it will be the second time the Court has determined that Defendants' jurisdictional challenge is without merit.

argument that the Court lacks subject matter jurisdiction – an argument already rejected based on facts and law that have not changed – does not constitute a meritorious defense and, consequently, their Motion should be denied.

*(b) Defendants may not escape default through general denial.*

Defendants' claim that "all transactions are and were accounted for and were not fraudulent or a 'Ponzi' scheme" is so broad that it fails to provide any adequate factual or legal basis for defending the Commission's allegations. *See, e.g., Cohen v Murphey,* 222 FRD 416 (N.D. Cal. 2004); *Fink v. Swisshelm,* 182 F.R.D. 630, 633 (D. Kan. 1998) (holding defendant's motion to set aside default failed to establish meritorious defense where proposed answer simply listed two affirmative defenses because "bald allegation[s]…without the support of facts underlying the defense will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists."); *Teamsters, Chauffeurs, Warehousemen & Helpers Un. v. Superline Transp.,* 953 F.2d 17, 21 (1st Cir. 1992) (conclusory allegation that meritorious defense exists is insufficient). Because this purported defense is so broad and wholly unsupported by facts, it cannot be deemed a meritorious defense.[4]

Defendants' claim that their transactions "were not fraudulent or a 'Ponzi' scheme" is in fact not a defensive *theory* at all but, rather, a general denial of the Complaint. But the mere denial of a plaintiff's claim is not sufficient to constitute a meritorious defense. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994). Federal Rule of Civil Procedure 8(b) requires any party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8. And Rule 8(b) only permits

---

[4] In addition to amounting to no more than a general denial, Defendants' claim that "all transactions are and were accounted for and were not fraudulent or a Ponzi scheme" is puzzling in light of the fact that, for nearly a year now, they have refused to provide the verified accounting *twice* ordered by this Court.

general denials when a defendant *acting in good faith* intends to deny *all* of the allegations in a complaint. *Id.* Defendants previously admitted, at the August 5, 2013 hearing and in their court-ordered deposition, many of the allegations in the Complaint including, but not limited to: Shavers' name and identity, BTCST's name and identity, personal jurisdiction, Shavers' internet name "pirateat40," and Shavers' statements on the Bitcoin Forum. *See* Moustakis Dec. at ¶3; August 5, 2013 Consent to Proceed Before U.S. Magistrate Judge [Doc. 19]; August 5, 2013 Minute Entry for Proceedings [Doc. 21]; Plaintiff's Motion for Summary Judgment or, in the Alternative, for Default Judgment and appendix thereto [Doc. 32 and 32-1 – 5]. Hence, Defendants are precluded from asserting a general denial in this action. Under Rule 8(b), they must either specifically deny particular allegations in the Commission's Complaint or specifically admit particular allegations and generally deny the rest.

Given Defendants' willful, year-long refusal to answer or otherwise participate in these proceedings, they should not be permitted to avoid default now by cloaking an impermissible general denial as a meritorious defense. For this reason, Defendants' Motion should be denied.

(c) *Defendants are Barred From Filing Third-Party Claims in This Action.*

Defendants argue that they will assert third-party claims against "John Doe" defendants. As a preliminary matter, Defendants do not claim or offer any evidence to support a claim that other individuals are responsible for the conduct alleged in the Complaint. As a result, their purported third-party claims cannot pass muster under the narrow scope for permissible impleader under FED. R. CIV. P. 14. Even assuming *arguendo* that Defendants could pursue third-party claims under Rule 14, they are barred from doing so within this enforcement action. Section 21(g) of the Securities Exchange Act of 1934 functions as an absolute bar against the consolidation of third-part claims, counterclaims, and attempts to intervene in Commission

enforcement proceedings where the Commission does not consent. *See* 15 U.S.C. § 78u(g). Specifically, the statute provides:

> Notwithstanding the provisions of section 1407(a) Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

*Id.*

The Commission does not consent to Defendants' "third-party claims against John Does 1 and 2" in this action and, consequently, such claims are barred and do not stand as a meritorious defense. *See SEC v. Tsukuda-America, Inc*., 2010 WL 1050971 at *1, Fed. Sec. L. Rep. (CCH) ¶ 95,645 (N.D. Tex. Mar. 22, 2010); *SEC v. Wolfson*, 309 B.R. 612 (D. Utah 2004) ("Section 21(g) of the Exchange Act bars third-party claims"); *United States SEC v. Custable*, 2004 U.S. Dist. LEXIS 1103 (N.D. Ill. Jan. 29, 2004) (third-party claims barred by Section 21(g)); *SEC v. Heartland Group, Inc*., No. 01-1984, 2003 U.S. Dist. LEXIS 461, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (same); *SEC v. Bradt*, 1995 WL 215220 (S.D. Fla. Mar. 7, 1995) (same).

Courts have referred to Section 21(g) as an "impenetrable wall," as the statute does not encompass equitable considerations or a balancing test and is rigidly enforced by the courts. *See SEC v. Wealth Mgmt. LLC*, 2009 WL 3765395, *2 (E.D. Wisc. Nov. 9, 2009) ("Section 21(g) acts as an 'impenetrable wall.'"); *SEC v. Wozniak*, 1993 U.S. Dist. LEXIS 1241 at *1 (N.D. Ill. Feb. 8, 1993) (stating that, without the Commission's consent, Section 21(g) is an "impenetrable wall"); *see also Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979) ("consolidation of a private action with one brought by the SEC without its consent is prohibited by statute"); *SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) (same); *SEC v. Better Life*

*Club of Am., Inc.*, 995 F. Supp. 167, 179-80 (D.D.C. 1998) ("Section 21(g) 'bars, among other things, a defendant's counterclaims'"); *SEC v. Lorin*, 1991 WL 155767, *1 (S.D.N.Y. 1991) ("[T]he language of [Section 21(g)] is broad enough to bar counterclaims."); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 71-72 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2nd Cir. 1989), cert. denied, 496 U.S. 942 (1990) (counterclaim barred by Section 21(g)).

Because Defendants are barred by Exchange Act Section 21(g) from impleading claims against third-parties in this action, such claims do not constitute a meritorious defense and their Motion should be denied.[5]

### 3. Setting Defendants' Defaults Aside Will Prejudice the Commission.

Since entry of Defendants' defaults in August 2013, the Commission has dedicated time and resources preparing and producing initial disclosures to Defendants, producing documents to Defendants, filing documents pursuant to Court orders [Doc. 30], requesting documents of Defendants, attempting unsuccessfully to correspond with Defendants, and preparing and filing its Motion for Summary Judgment or, in the Alternative, for Default Judgment [Doc. 32] and Motion for an Order to Show Cause, Rule 37 Sanctions, and Other Relief [Doc. 33]. *See* Moustakis Dec. at ¶¶ 2-9. During the same time, Defendants have not participated in these proceedings – even, until recently, to challenge their defaults.

Through their refusal to engage in these proceedings, satisfy their discovery obligations, or comply with Court orders, Defendants have successfully prevented the Commission and the public from obtaining important information concerning what they did with the funds they raised from BTCST investors and the means by which Defendants' carried out BTCST's business, their assets in and outside of the United States, and the extent to which they may still be defrauding

---

[5] Notwithstanding the impenetrable wall of Exchange Act Section 21(g), the scope of federal impleader is narrow and Defendants cannot meet the requirements necessary to sue third parties. *See* Fed. R. Civ. P. 14(a).

the public. *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (proving prejudice through showing that delay will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion). The mere fact that Defendants recently engaged counsel is itself not good cause for setting aside their defaults. To permit Defendants to restart the clock in this litigation would be patently, unfairly prejudicial to the Commission and the public. *See In re Tekoil & Gas Corp.,* 08-80270-G3-11, 2011 WL 570143 (S.D. Tex. 2011) ("[t]he reason for Defendants' tardiness, that they initially answered pro se, but subsequently hired counsel, does not weigh in favor of allowing a . . . trial."); *Copeland v. Rosen*, 38 F. Supp. 2d 298, 303 (S.D.N.Y. 1999) ("[t]he light in which the Court views the complaint is somewhat less forgiving, however, where plaintiff has obtained counsel after filing the original pleading. . . . The *pro se* complaint does not give counsel carte blanche to attempt informally to imply new causes of action or additional allegations regarding existing claims, nor does it provide a meritorious excuse for excessive delays in making formal revisions.").

Even if the Court concludes that the Commission will not be prejudiced if Defendants' defaults are set aside, Defendants are not automatically entitled to have their defaults vacated. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("An absence of prejudice to the non-defaulting party would not in itself entitle the defaulting party to relief from the judgment.").[6] "Courts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct." *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996). Hence this Court may deny Defendants' Motion so long as it is persuaded that their defaults were willful and that they lack any meritorious defense. *McNulty*, 137 F.3d at 738 (*citing Commercial Bank of Kuwait v. Rafidain*

---

[6] In *SEC v. McNulty,* the Second Circuit affirmed the district court's default judgment entered against appellant who failed to answer the complaint and where McNulty failed to prove that he was not culpable in the default or that he had any meritorious defense.

*Bank*, 15 F.3d 238, 244 (2d Cir. 1994)*; Marziliano v. Heckler*, 728 F.2d 151, 157 (2d Cir. 1984) (same with respect to motion to vacate default pursuant to Rule 55(c)). For all of these reasons, the Commission respectfully requests an order denying Defendants' Motion.

D. **ANY ORDER SETTING ASIDE ONE OR BOTH ENTRIES OF DEFAULT SHOULD IMPOSE CONDITIONS REQUIRING IMMEDIATE FILING OF AN ANSWER.**

Should the Court find that good cause exists to set aside its entries of default as to Shavers and/or BTCST, it should impose reasonable conditions on Defendants to avoid undue prejudice to the Commission. *See, e.g., Stelax Indus., LTD v. Donahue,* 2004 U.S. Dist. LEXIS 29026, 2004 WL 733844, *11 (N.D.Tex. March 24, 2004); *St. Claire v. Ensurelink,* 2001 U.S. Dist. LEXIS 20108, 2001 WL 1568749, *3 (N.D.Tex. Dec. 5, 2001). Therefore the Commission respectfully requests that, if the Court sets aside one or both entries of default, it order that the default shall be reinstated if an answer to the Complaint is not filed within five working days of the Court's order.

## III.
## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court enter an order denying Defendants' Motion to Set Aside Entry of Default as well as all other relief to which it may be entitled at law or in equity.

Dated: June 17, 2014

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Of Counsel: | /s/ Jessica B. Magee |
| Valerie A. Szczepanik* | JESSICA B. MAGEE |
| Securities and Exchange Commission | Texas Bar No. 24037757 |
| Brookfield Place | Securities and Exchange Commission |
| 200 Vesey Street, Ste. 400 | Burnett Plaza, Suite 1900 |
| New York, NY 10281-1022 | 801 Cherry Street, Unit 18 |
| (212) 336-0175 | Fort Worth, TX 76102 |
| szczepanikv@sec.gov | (817) 978-6465 |
|  | mageej@sec.gov |
| *Not admitted in E.D. Tex.* |  |
|  | PHILIP MOUSTAKIS (PM-1748) |
|  | Securities and Exchange Commission |
|  | Brookfield Place |
|  | 200 Vesey Street, Ste. 400 |
|  | New York, NY 10281-1022 |
|  | (212) 336-0542 |
|  | moustakisp@sec.gov |
|  | *Admitted Pro Hac Vice* |
|  | ATTORNEYS FOR PLAINTIFF |
|  | SECURITIES AND EXCHANGE COMMISSION |

## CERTIFICATE OF SERVICE

      I further certify that on June 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel who have registered with the Court.  All others were served a copy by U.S. mail

F. Jason Seibert
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suit 150
Salem, Oregon  97302
(503) 480-0212
*Attorney for Defendants*

                                        */s/ Jessica B. Magee*
                                        JESSICA B. MAGEE