

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022

DIVISION OF
ENFORCEMENT

Philip R. Moustakis
Senior Attorney
(212) 336-0542
moustakisp@sec.gov

August 6, 2013

**By UPS Overnight Delivery and Electronic Mail:**

Trendon T. Shavers
2305 South Custer Road, Apt. 1507
McKinney, TX 75070-6222
trendon@buscog.com

    Re:    *SEC v. Shavers, et al.*, 4:13-CV-416 (RC) (ALM)

Dear Mr. Shavers:

    I write to remind you of upcoming deadlines in the above-referenced action and to propose that we hold the conference required by Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)") telephonically on Wednesday, August 21, 2013, at 11 AM (EST). Please confirm your availability for the Rule 26(f) conference as soon as possible.

    First, Section III of the Court's August 5, 2013 Order Freezing Assets and Granting other Ancillary Relief ("Order") requires you to repatriate <u>immediately</u> all assets or funds that were obtained, directly or indirectly, from the activities described in complaint filed by the Commission in this action ("Complaint") and that are now located outside the jurisdiction of the Court. Please let us know whether such assets exist and we can discuss how best to handle their repatriation. A copy of the Order is enclosed for your reference.

    Second, you are required to file with the Court and serve upon the Commission your verified accounting by next Monday, August 12, 2013. The requirements for the accounting are detailed in Section II of the Order.

    Third, your answer to the Complaint is due next Tuesday, August 13, 2013.

    Finally, Rule 26(f) requires all parties to an action to confer as soon as practicable to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." A copy of Rule 26 is enclosed for your reference.

EXHIBIT 1

Should you retain counsel to represent you in this matter, please have counsel contact me immediately.

Yours truly,

*Philip Moustakis*
Philip Moustakis

Encs.: Order; Rule 26

Case 4:13-cv-00416-RC-ALM   Document 22   Filed 08/05/13   Page 1 of 6 PageID #: 560

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>-- against --<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>                              Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

ORDER FREEZING ASSETS
AND GRANTING OTHER ANCILLARY RELIEF

On July 23, 2013, Plaintiff Securities and Exchange Commission ("Commission") filed with this Court an Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief ("Emergency Motion") against defendants Trendon T. Shavers ("Shavers") and Bitcoin Savings and Trust ("BTCST," and together with Shavers, "Defendants").

On July 23, 2013, this Court issued an Order to Show Cause, and Order Freezing Assets and Granting other Ancillary Relief ("Order to Show Cause") directing Defendants to Show Cause why the Court should not enter an Order pending final disposition of this action: (a) freezing Defendants' assets; (b) directing Defendants to provide verified accountings to the Commission; (c) authorizing expedited discovery concerning the location and extent of Defendants' assets; (d) directing Defendants to repatriate any ill-gotten gains; and (e) requiring Defendants to preserve evidence. The Order to Show Cause froze Defendants' assets and required the preservation of evidence pending adjudication of the foregoing, and required Defendants to serve any opposing papers in response to the Order to Show Cause on the Commission no later than July 30, 2013.

On July 30, 2013, Defendants served a Response to the Order to Show Cause on the Commission. On August 1, 2013, the Commission filed with this Court its Reply Memorandum of Law in Support of its Emergency Motion.

The Court has considered (1) the Commission's Complaint in this action; (2) the Commission's Emergency Motion; (3) the Declaration of Philip Moustakis in Support of the Commission's Emergency Motion and the exhibits appended thereto; (4) Defendants' Response to the Commission's Emergency Motion; and (5) the Commission's Reply in Support of its Emergency Motion.

**NOW, THEREFORE:**

**I.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, service by electronic mail, telephonic service, facsimile service, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any assets (assets shall include for purposes of this Order all money, funds, Bitcoin, other virtual currencies; real or personal property; securities or commodities; choses in action; business interests; or anything else of value) of, held by, or under the control of Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and each of the financial or brokerage institutions, debtors and bailees, or any other persons or entities holding such assets of Defendants shall hold or retain

within their control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets.

## II.

**IT IS FURTHER ORDERED** that Defendants file with this Court and serve upon the Commission, within five (5) business days, or within such extension of time as to which the Commission agrees, a verified written accounting, signed by the Defendant (or a responsible officer thereof), and under penalty of perjury, of:

(1) All assets and liabilities currently held, directly or indirectly, by or for the benefit of such Defendant, describing the amount and current location of each of the items listed, including, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets;

(2) All assets or income received by such Defendant, or for his or its direct or indirect benefit, in or at any time from August 1, 2011 to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(3) All assets or income transferred from such Defendant to any individual, or entity, in or at any time from August 1, 2011 to the date of the accounting, describing the transferee/destination and amount of each item listed; and

(4) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets of such Defendant, including, where appropriate, the names of financial institutions or

Case 4:13-cv-00416-RC-ALM   Document 22   Filed 08/05/13   Page 4 of 6 PageID #: 563

commercial service providers, identifying account names or numbers, Bitcoin addresses, or other information sufficient to verify the nature, location, custody, or amount of such assets.

### III.

**IT IS FURTHER ORDERED** that Defendants repatriate all assets or funds that were obtained, directly or indirectly, from the activities described in the Complaint and that are now located outside the jurisdiction of this Court by immediately (a) transferring or paying such funds into the Registry of this Court; (b) delivering securities or other assets that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, into the Registry of this Court; (c) transferring all Bitcoin to a single Bitcoin address established for the purpose with notice to the Commission identifying the complete Bitcoin address; and (d) transferring all other virtual currencies to accounts located within the United States or otherwise within the jurisdiction of this Court, with notice to the Commission identifying, where appropriate, the names of financial institutions or commercial service providers, identifying account names or numbers, or other information sufficient to verify the nature, location, custody, or amount of such virtual currencies.

### IV.

**IT IS FURTHER ORDERED** that the Commission may proceed with expedited discovery concerning the location and extent of Defendants' assets as follows: Pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

4

(1) Take depositions, subject to three (3) days' notice by electronic mail or otherwise;

(2) Obtain the production of documents within three (3) days from service by electronic mail or otherwise of a request or subpoena from Defendants, or any other persons or entities, including non-party witnesses; and

(3) Obtain other discovery from Defendants, including interrogatories and requests for admissions, within three (3) days from the date of service by electronic mail or otherwise of such other discovery requests, interrogatories, or requests for admissions.

## V.

**IT IS FURTHER ORDERED** that Defendants, and any persons or entities acting at their direction or on their behalf, are restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, electronically stored information, and communications that are in the possession, custody, or control of Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, concerning the allegations in the Complaint, including, without limitation, documents and communications concerning the allegations in the Complaint; Defendants' assets; Defendants' finances or business operations; or the offer, purchase, or sale of any securities offered or sold by or through Defendants and the use of proceeds therefrom.

**SIGNED this 5th day of August, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

RULES OF CIVIL PROCEDURE

### Rearrangement of the Discovery Rules

The present discovery rules are structured entirely in terms of individual discovery devices, except for Rule 27 which deals with perpetuation of testimony, and Rule 37 which provides sanctions to enforce discovery. Thus, Rules 26 and 28 to 32 are in terms addressed only to the taking of a deposition of a party or third person. Rules 33 to 36 then deal in succession with four additional discovery devices: Written interrogatories to parties, production for inspection of documents and things, physical or mental examination and requests for admission.

Under the rules as promulgated in 1938, therefore, each of the discovery devices was separate and self-contained. A defect of this arrangement is that there is no natural location in the discovery rules for provisions generally applicable to all discovery or to several discovery devices. From 1938 until the present, a few amendments have applied a discovery provision to several rules. For example, in 1948, the scope of deposition discovery in Rule 26(b) and the provision for protective orders in Rule 30(b) were incorporated by reference in Rules 33 and 34. The arrangement was adequate so long as there were few provisions governing discovery generally and these provisions were relatively simple.

As will be seen, however, a series of amendments are now proposed which govern most or all of the discovery devices. Proposals of a similar nature will probably be made in the future. Under these circumstances, it is very desirable, even necessary, that the discovery rules contain one rule addressing itself to discovery generally.

Rule 26 is obviously the most appropriate rule for this purpose. One of its subdivisions, Rule 26(b), in terms governs only scope of deposition discovery, but it has been expressly incorporated by reference in Rules 33 and 34 and is treated by courts as setting a general standard. By means of a transfer to Rule 26 of the provisions for protective orders now contained in Rule 30(b), and a transfer from Rule 26 of provisions addressed exclusively to depositions, Rule 26 is converted into a rule concerned with discovery generally. It becomes a convenient vehicle for the inclusion of new provisions dealing with the scope, timing, and regulation of discovery. Few additional transfers are needed. See table showing rearrangement of rules, set out following this statement.

There are, to be sure, disadvantages in transferring any provision from one rule to another. Familiarity with the present pattern, reinforced by the references made by prior court decisions and the various secondary writings about the rules, is not lightly to be sacrificed. Revision of treatises and other reference works is burdensome and costly. Moreover, many States have adopted the existing pattern as a model for their rules.

On the other hand, the amendments now proposed will in any event require revision of texts and reference works as well as reconsideration by States following the Federal model. If these amendments are to be incorporated in an understandable way, a rule with general discovery provisions is needed. As will be seen, the proposed rearrangement produces a more coherent and intelligible pattern for the discovery rules taken as a whole. The difficulties described are those encountered whenever statutes are reexamined and revised. Failure to rearrange the discovery rules now would freeze the present scheme, making future change even more difficult.

### Table Showing Rearrangement of Rules

| Existing Rule No. | New Rule No. |
|---|---|
| 26(a) | 30(a), 31(a) |
| 26(c) | 30(c) |
| 26(d) | 32(a) |
| 26(e) | 32(b) |
| 26(f) | 32(c) |
| 30(a) | 30(b) |
| 30(b) | 26(c) |
| 32 | 32(d) |

**Rule 26.  Duty to Disclose; General Provisions Governing Discovery**

(a) *Required Disclosures.*

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) an action for review on an administrative record;

es
ew Rule No.
    30(a), 31(a)
..... 30(c)
..... 32(a)
..... 32(b)
..... 32(c)
..... 30(b)
..... 26(c)
....., 32(d)

Provisions

ed by Rule
ipulated or
1st, without
ovide to the

he address
h individual
le informa-
cts of that
osing party
s or defense
e solely for

by category
ments, elec-
iation, and
sclosing par-
custody, or
support its
ss the use
iment;

category of
e disclosing
ake available
ng as under
or other evi-
privileged or
e, on which
ed, including
e nature and
l; and

ing as under
greement un-
business may
or part of a
 action or to
for payments
ient.

nitial Disclo-
gs are exempt

m administra-

 (ii) a forfeiture action in rem arising from a federal statute;

 (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

 (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

 (v) an action to enforce or quash an administrative summons or subpoena;

 (vi) an action by the United States to recover benefit payments;

 (vii) an action by the United States to collect on a student loan guaranteed by the United States;

 (viii) a proceeding ancillary to a proceeding in another court; and

 (ix) an action to enforce an arbitration award.

(C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) *Time for Initial Disclosures—For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) *Disclosure of Expert Testimony.*

 (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

 (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

  (ii) the facts or data considered by the witness in forming them;

  (iii) any exhibits that will be used to summarize or support them;

  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case.

 (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

  (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

  (ii) a summary of the facts and opinions to which the witness is expected to testify.

 (D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

  (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

  (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

 (E) *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

(3) *Pretrial Disclosures.*

    (A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

      (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

      (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

      (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

    (B) *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause.

  (4) *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

(b) **Discovery Scope and Limits.**

  (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

  (2) *Limitations on Frequency and Extent.*

    (A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

    (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

    (C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

      (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

      (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

  (3) *Trial Preparation: Materials.*

    (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

      (i) they are otherwise discoverable under Rule 26(b)(1); and

e limitations im-

*d Extent.*

r, the court may
iles on the num-
rrogatories or on
nder Rule 30. By
rt may also limit
under Rule 36.
*Electronically*
ty need not pro-
ally stored infor-
the party identi-
ssible because of
motion to compel
ctive order, the
y is sought must
is not reasonably
e burden or cost.
  the court may
ery from such
arty shows good
itations of Rule
y specify condi-

n or on its own,
quency or extent
llowed by these
determines that:
is unreasonably
ve, or can be ob-
er source that is
burdensome, or

scovery has had
obtain the infor-
in the action; or
e of the proposed
its likely benefit,
of the case, the
y, the parties' re-
ice of the issues
, and the impor-
/ in resolving the

s.
*Things.* Ordi-
cover documents
are prepared in
r for trial by or
epresentative (in-
attorney, consul-
isurer, or agent).
4), those materi-

scoverable under

    (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
  (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.
  (C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
    (i) a written statement that the person has signed or otherwise adopted or approved; or
    (ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.
(4) *Trial Preparation: Experts.*
  (A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
  (B) *Trial–Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
  (C) *Trial–Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
    (i) relate to compensation for the expert's study or testimony;
    (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

    (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.
  (D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
    (i) as provided in Rule 35(b); or
    (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.
  (E) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:
    (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
    (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.
(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*
  (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
    (i) expressly make the claim; and
    (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.
  (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and

Rule 26  RULES OF CIVIL PROCEDURE

may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c) **Protective Orders.**

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

(d) **Timing and Sequence of Discovery.**

(1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

(2) *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

(e) **Supplementing Disclosures and Responses.**

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(f) **Conference of the Parties; Planning for Discovery.**

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

ı, the court orders
nd witnesses' con-
of justice:
ıy be used in any

does not require
ts discovery.

l Responses.

.as made a disclo-
ʋho has responded
for production, or
st supplement or
onse:

 party learns that
 the disclosure or
 r incorrect, and if
 ʋe information has
 known to the oth-
 covery process or

pert whose report
le 26(a)(2)(B), the
. extends both to
 report and to in-
 xpert's deposition.
 ɔ this information
 time the party's
 Rule 26(a)(3) are

ıning for Discov-

t in a proceeding
ɔsure under Rule
 urt orders other-
 as soon as practi-
 least 21 days be-
 is to be held or a
 r Rule 16(b).

es' Responsibili-
ies must consider
 ir claims and de-
 for promptly set-
 make or arrange
 by Rule 26(a)(1);
 eserving discover-
 ıp a proposed dis-
 of record and all
 have appeared in
 ible for arranging
 ıg in good faith to
 very plan, and for
 hin 14 days after
 port outlining the
 e parties or attor-
 ə in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) Signing Disclosures and Discovery Requests, Responses, and Objections.

(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 28, 2010, effective December 1, 2010.)

ADVISORY COMMITTEE NOTES

1937 Adoption

Note to Subdivision (a). This rule freely authorizes the taking of depositions under the same circumstances and by the same methods whether for the purpose of discovery or for the purpose of obtaining evidence. Many states have adopted this practice on account of its simplicity and effectiveness, safeguarding it by imposing such restrictions upon the subsequent use of the deposition at the trial or hearing as are deemed advisable. See Ark.Civ.Code (Crawford, 1934) §§ 606 to 607; Calif.Code Civ.Proc. (Deering, 1937) § 2021; 1 Colo.Stat.Ann. (1935) Code Civ.Proc. § 376; Idaho Code Ann. (1932) § 16–906;· Ill.Rules of Pract.Rule 19 (Smith-Hurd Ill. Stats. c. 110, § 259.19); Smith-Hurd Ill.Stats. c. 51, § 24; 2 Ind.Stat.Ann. (Burns, 1933) §§ 2–1501, 2–1506; Ky.Codes