# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>Judge Clark/Judge Mazzant |

### **DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE**

Pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") Rule 65 Defendants move the court to dissolve Section I and III of the Order Freezing Assets and Granting Other Ancillary Relief (the "Order") (Dkt. #22). Because the court lacked authority to issue such relief, which continuously deprives Defendants use of its own assets, this motion is filed on an emergency basis for immediate relief.

### **ISSUES TO BE DECIDED**

1. Did the Court have authority to order the injunctive relief sought by plaintiff in this case?

2. Did the Court's Order lack findings of fact and conclusions of law required for such relief?

3. With subject-matter jurisdiction in question, does the Court have authority to grant injunctive relief?

/ / /

/ / /

## ARGUMENT

**1. The Court is without authority to issue an asset-freeze order in this case.**

A prejudgment asset-freeze is beyond the Court's power in this case. Sections I and III of the Order (Dkt. 22) amount to an asset-freeze. The United States District Court for the Southern District of Texas, Houston Division, considered a similar motion to dissolve an asset-freeze in the case of *Mark Newby v. Kenneth L. Lay, et al* (hereinafter "*Enron*"), 188 F. Supp.2d 684 (S.D. Texas, Houston Jan. 9, 2002). The *Enron* court examined, at length, the standards for asset-freeze orders under *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961, 310 (1999). *Enron* at 695-696. Discussing *Grupo*, the *Enron* court found that an action seeking only money damages rendered a district court without the authority to issue injunctive relief. *Id.* at 695. Examining *Grupo* further, the *Enron* court acknowledged that *Grupo* actually upheld the Supreme Court's decision in *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 65 S. Ct. 1130 (1945). *Id.* at 695. The *De Beers* case is exactly on point.

In *De Beers*, the United States brought an action seeking money damages and injunction from violation of future laws, just like in this case. The government argued in *De Beers* that the preliminary injunction which froze the assets of the defendant, was necessary so that the funds may be available to satisfy any potential judgment, just like in this case. The *De Beers* Court, affirmed by *Grupo* and acknowledged by *Enron*, stated that such an injunction is beyond the power of the district court. The *only* injunctive relief the district court could issue was against future violations of the law, and any pre-judgment asset-freeze was beyond the power of the district court. *De Beers*, at 220.

In its reply memorandum, (Dkt. #18), the Securities and Exchange Commission (the "Commission" or the "Government") cites its authority for injunctive relief under "Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b) ("Securities Act") and Section 21(d)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(1)] ("Exchange Act")]" if "upon a proper showing" there is or is about to be a violation of the securities laws. Further, the Government argues that it only need show a *prima facie* case in order to obtain injunctive relief. Dkt. #18 pg. 4, citing *CFTC v. Muller*, 570 F.2d 1296, 1400 (5th Cir. 1978) and *SEC v. Unifund SAL,* 910 F.2d 1028, 1041 (2d. Cir. 1990).

The Government failed to inform this Court that neither case cited is good law. Based on the affirmation of *De Beers* by the *Grupo* Court, any holding by any circuit granting equitable relief for which there is no authority is beyond the power of the district court.

The *Unifund* case, cited by the Government, actually denied the Commission its requested asset-freeze and ancillary relief. *Unifund*, 910 F.2d at 1042-1043. While the *Unifund* case discussed *De Beers* briefly, the *Unifund* court confuses "relief" with "injunctive relief" which was clarified by *Grupo. Compare Unifund*, 910 F.2d at 1042 "indicating approval of freeze order to protect availability of relief "of the same character as that which may be granted finally" with *Grupo* "And, if so, it is difficult to see why a plaintiff in any action for a personal judgment in tort or contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of a judgment in such a law action. No relief of this character has been thought justified in the long history of equity jurisprudence." *Grupo*, 527 U.S. 327.

The United States actually filed *briefs amici* in *Grupo* in an effort to preserve its ability to maintain asset freezes against defendants:

> "simplicity and uniformity of procedure; preservation of the court's ability to render a judgment that will prove enforceable; prevention of inequitable conduct on the part of defendants; avoiding disparities between defendants that have assets within the jurisdiction (which would be subject to pre-judgment attachment 'at law') and those that do not; avoiding the necessity for plaintiffs to locate a forum in which the defendant has substantial assets; and, in an age of easy global mobility of capital, preserving the attractiveness of the United States as a center for financial transactions." Brief for United States as *Amicus Curiae* 16

*Grupo*, 527 U.S. at 330. The Supreme Court refused to grant such extraordinary equitable powers to the courts stating that the long history of equitable relief, going back to Chancery (for which our courts are bound), have never afforded this type of remedy. *Grupo* 527 U.S. at 330-332.

Put succinctly, this Court only has the power to enjoin Defendants for that injunctive relief for which Plaintiff is entitled. The Commission is expressly limited to that injunctive relief granted by Congress through statute.

The Securities Act of 1933 Section 20(b):

> Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this title, or of any rule or regulation prescribed under authority thereof, the Commission may, in its discretion, bring an action in any district court of the United States, or United States court of any Territory, ***to enjoin such acts or practices***, and upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond... *Emphasis added.*

The Securities Exchange Act of 1934 Section 21(d)(1)

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this title, the rules or regulations thereunder, the rules of a national securities exchange or registered securities association of which

> such person is a member or a person associated with a member, the rules of a registered clearing agency in which such person is a participant, the rules of the Public Company Accounting Oversight Board, of which such person is a registered public accounting firm or a person associated with such a firm, or the rules of the Municipal Securities Rulemaking Board, it may in its discretion bring an action in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United States, ***to enjoin such acts or practices***, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond… *Emphasis added*.

Under *Grupo, De Beers,* and *Enron,* the relief requested by the Government is not within this Court's authority to grant. The authorizing statutes for the Commission do not grant the ability to freeze assets even with a judgment. As the Supreme Court stated, explicitly in *Grupo,* until such time as legislation is changed to entitle such relief, the power does not exist within the Court to provide the relief. *Grupo*, 527 U.S. at 333.

The injunctive relief sought in this case, to enjoin future violations of the securities laws, does not give this Court pre-judgment power to freeze assets. *See* Dkt. #1 (Complaint) (requested relief is to enjoin future violations of securities laws); s*ee also Grupo* and *De Beers*. This Court exceeded its authority when it issued the Order (Dkt. #22), and as such, Sections I and III of the Order (Dkt. #22) should be dissolved.

**2.  The Court failed to make findings of fact and conclusions of law in its Order, as required, therefore the Order is void.**

Rule 52(a) requires that in granting or refusing a preliminary injunction, the district court must "set forth the findings of fact and conclusions of law which constitute the grounds of its action." *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 810 (5th Cir. 1989) *citing* Fed.R.Civ.P. 52(a); *Commerce Park at DFW Freeport v. Mardian Construction Co.,* 729 F.2d 334, 342 (5th Cir.1984); *Inverness Corp. v. Whitehall*

*Laboratories,* 819 F.2d 48, 50 (2d Cir.1987). This requirement is intended in part to ensure that the district court explains its reasoning with sufficient particularity to provide a basis for appellate review.

In order to follow required procedures, and comply with FRCP Rule 52 as enumerated in *Allied Marketing*, the Court is required to include both findings of fact, and conclusions of law in the Order with sufficient particularity to provide a basis for appellate review, and because the Court did not include what conclusions of law (see Dkt. #22) the Court relied upon when granting the Commission's Preliminary Injunction freezing Defendant's assets, the Court did not follow proper procedures, and until proper procedures are followed, the preliminary injunction is not valid. Therefore, the entirety of the Order should be dissolved and/or stricken.

3. **Without confirmed subject-matter jurisdiction, the court is without authority to grant the Order.**

"Because Rule 65 confers no jurisdiction, the district court must have both subject matter jurisdiction and "in personam jurisdiction over the party against whom the injunction runs," and, when that party is the defendant, this "implies either voluntary appearance by him or effective service of process."  The "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction," and an order granting an interlocutory injunction in these circumstances "is erroneous as a matter of law." *Enter. Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 470 (5th Cir. 1985). In the Fifth Circuit, both subject-matter and in personam jurisdiction need to be established before a district court has discretion whether to grant or deny a preliminary injunction. "As we stated long

ago in reviewing the injunctive power of the district court: "[T]he question of jurisdiction is always vital. A court must have jurisdiction as a prerequisite to the exercise of discretion. The question whether a court abused its discretion necessarily involves the question whether a court has any discretion to abuse." *Id.* at 470-471.

Defendants submitted a renewed Rule 12(b)(1) motion challenging subject-matter jurisdiction based on the interpretation by several federal and state agencies that Bitcoin is not legal tender in any jurisdiction. *See* Dkt. #46 *et seq*. The Court is in the process of reconsidering subject-matter jurisdiction in light of the new arguments, and therefore the court has not established if it has subject-matter jurisdiction. And if subject-matter jurisdiction is not established this Court is without authority to grant injunctive relief under FRCP 65. Therefore, the Order (Dkt. #22) should be dissolved or stricken.

## CONCLUSION

For the forgoing reasons, the Court should dissolve Sections I and III of the Order (Dkt. #22) because it lacked authority to grant the relief requested. Further, because the Order lacked the required findings of fact and conclusions of law, and because subject-matter jurisdiction is not established, the entirety of the Order (Dkt. #22) should be dissolved or stricken.

Respectfully submitted and moved this 24th day of June, 2014,

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that, on this 24th day of June, 2014, I electronically filed the foregoing DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i) CERTIFICATE OF CONFERENCE

The forgoing document, DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE, did require conferral prior to filing pursuant to Local Rule CV-7(i)(1). The parties conferred on the issue by electronic mail and by telephone, and the parties could not come to an agreement. As a result, the forgoing document is opposed.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*