# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

## ORDER

Defendants' moved the Court for an Order dissolving the Court's Asset-Freeze Order (Dkt. #22) dated August 5th, 2013. Defendants presented three arguments in support: 1) Under *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961 (1999), which affirmed *De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 65 S. Ct. 1130 (1945), a district court is without authority to grant injunctive relief that is not available in a government agency's controlling statute; 2) this Court did not include findings of fact and conclusions of law in the Order (Dkt. #22) and therefore failed to include sufficient information for appeal, and thus the Order is without effect; and 3) under FRCP 65, which does not confer subject-matter or in personam jurisdiction, this Court is without authority until subject matter jurisdiction is established in light of Defendants' renewed motion to dismiss under FRCP 12(b)(1) which is based on new federal and state interpretation of Bitcoin as *not* being legal tender.

1. **The district court's authority to freeze assets is limited by statute.**

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) *citing Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S. Ct. 1076, 1080, 117 L. Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed.2d 501 (1986), which is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951). The Plaintiff, Securities and Exchange Commission, derives its power from statutes, relevant to this case, as Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b) ("Securities Act") and Section 21(d)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(1)] ("Exchange Act"). The subject-matter of this case and the relief available to Plaintiff by this Court, constitutionally limited by Plaintiff's authority through statute, is therefore limited to that granted by the Securities Act and the Exchange Act. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961 (1999); *see also*, *Mark Newby v. Kenneth L. Lay, et al* (hereinafter "*Enron*"), 168 F. Supp.2d 684 (S.D. Texas, Houston Jan. 9, 2002). No injunctive relief is available that is not available through the agency's statute. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 65 S. Ct. 1130 (1945) aff'd by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961 (1999).

Notably, as the Supreme Court stated in *Grupo*, until the Legislature grants the authority to provide such relief, the district court is without power to do so. Upon examination of the Securities Act and the Exchange Act, neither confers the equitable authority to freeze assets of defendants prior to judgment. Therefore, this Court is without authority to provide that relief. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S.

212, 65 S. Ct. 1130 (1945) aff'd by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S. Ct. 1961 (1999).

Therefore, Sections I and III of the August 5th Order (Dkt. #22) are hereby dissolved.

**IT IS SO ORDERED.**

2. **This Court did not include findings of fact and conclusions of law**

Federal Rule of Civil Procedure ("FRCP" or "Rule") 52(a) requires district courts, when granting injunctions, to include findings of fact and conclusions of law which constitute the grounds of its action. *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.,* 878 F.2d 806, 810 (5th Cir. 1989) *citing* Fed.R.Civ.P. 52(a); *Commerce Park at DFW Freeport v. Mardian Construction Co.,* 729 F.2d 334, 342 (5th Cir.1984); *Inverness Corp. v. Whitehall Laboratories,* 819 F.2d 48, 50 (2d Cir.1987).

Defendants moved the Court to dissolve the entirety of the Order, Dkt. #22, for the Court's failure to include findings of fact and conclusions of law. Rule 52(a) is explicit. Upon examination of Dkt. #22, it is void of findings of fact and conclusions of law.

Therefore, Dkt #22 is dissolved and stricken.

**IT IS SO ORDERED.**

3. **Subject-matter jurisdiction is in question**

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) *citing Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S. Ct. 1076, 1080, 117 L. Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed.2d

501 (1986), which is not to be expanded by judicial decree. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951). Rule 65 does not confer power to this court to grant interlocutory or final injunction against a party over whom it has no acquired valid jurisdiction. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985).

Jurisdiction, in this case, is in question based on recent guidance from several federal and state agencies which expressly state that Bitcoin is not legal tender. Further, the State of Texas expressly stated that any claim based on Bitcoin would not have standing in court for relief. This Court must establish proper jurisdiction before it can grant any relief under Rule 65. This Court is not convinced of its jurisdiction, at this point, and therefore injunctive relief is not proper until such time as that determination is settled. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985).

Therefore, the Order (Dkt. #22) is dissolved and stricken.

**IT IS SO ORDERED.**