# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>(Judge Clark/Judge Mazzant) |

### ORDER GRANTING MOTION TO RECONSIDER

Defendants' moved the Court to reconsider its Memorandum Opinion Regarding the Court's Subject Matter Jurisdiction (Dkt. #23) (the "Opinion"). Defendants correctly point out that a Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(1) may be brought at any time prior to filing of final judgment. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004); *Capron v. Van Noorden*, 2 Cranch, 126, 2 L. Ed. 229 (1804). Therefore, the Court grants Defendants Motion to Reconsider.

**IT IS SO ORDERED.**

### ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #46). Plaintiff moved to strike the motion or in the alternative stay. (Dkt. #49). The Court denied the motion to strike. (Dkt. #53). Subject-matter jurisdiction is always relevant, and the party asserting jurisdiction has the burden to prove jurisdiction exists. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). For

the reasons stated below, Plaintiff did not carry its burden and this action is dismissed.

**1. Bitcoin is not money as defined by statute and law.**

Since the Court issued its Opinion (Dkt. #23), several federal and state agencies issued guidance regarding treatment of de-centralized crypto currencies, Bitcoin, which are the subject of the present action, are property, not money. It is important to note that each agency determined that Bitcoin is *not* legal tender, including Plaintiff. The State of Texas went so far as to state that any claim in court seeking relief based on Bitcoin would lack standing. Such guidance is instructive and was not available to the Court at the time it issued its Opinion (Dkt. #23). Defendants argue under the investment contract test of *SEC v. Howey*, 328 U.S. 293 (1946), that an investment contract that lacks an "investment of money" is fatal to Plaintiff's standing to enforce its actions under 15 USC §§ 77t, 77v, 78u, 78aa which would necessarily divest this Court of jurisdiction under 15 USC §§ 78u and 78aa.

Defendants argue that without legal tender, there cannot be an investment of money, citing numerous cases and federal statutes that define money. Defendants argue that by including Bitcoin in the definition of "money," this court impermissibly expanded the federal definition of money under statute which is forbidden by *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951). Plaintiff argues several cases support their contention that an investment contract can be satisfied by something other than money: *SEC v. SG Ltd.*, 265 F.3d 42 (1st Cir. 2001) (virtual shares in a company were securities); *Uselton v. Commercial Lovelace Motor Freight, Inc.* 940 F.2d 564 (10th Cir. 1991) (exchange of wages for stock option plan); *Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Daniel*, 439 U.S. 551, 99 S.

Ct. 790, 58 L. Ed. 2d 808 (1979) (portion of dues paid into pension fund); *Frazier v. Manson*, 484 F. Supp. 452 (N.D. Tex 1980) (court declined to extend securities determination on exchange of labor for limited partnership interests). However, as Defendants point out, not a single case cited by Plaintiff supports the contention that something other than legal tender was required to form an investment contract.

The *Teamsters* Court was instructive, Plaintiff seeks to impermissibly expand its own authority through enlarging its enforcement powers without express grant of right by the Legislature.

The alleged transactions, in this present action, were stated clearly and did not involve the exchange of legal tender (Bitcoin in exchange for additional Bitcoin returned at a later date – Dkt. #1). An investment contract, traditionally, has certain characteristics, the most common of which is the right to receive "dividends contingent upon an apportionment of profits." *United Hous. Found., Inc. v. Forman*, 421 U.S. 837 (1975). The alleged transactions in this case provided a base percentage amount without regard to profit or loss from Mr. Shavers' activities. *See* Dkt. #1, Dkt. #59-3 (Shavers' Deposition Transcript).

Without the prerequisite giving of money, or the expectation of profits derived from the efforts of others, there can be no investment contract.

**2. Transactions involving notes less than nine months exempt**

As previously stated, federal courts are courts of limited jurisdiction. The power of the court is expressly limited by statute. In this case, the Court is limited to Plaintiff's statute which defines a security, expressly stated by Congress. Within the definition of a security are exemptions, including an exemption for notes less than nine months. The

allegations of the complaint are clear: each loan of Bitcoin lasted approximately one week. Dkt. #1. No loan transaction lasted longer than nine months, nor was it ever alleged that the loan duration would survive longer than nine-months. As such, each loan of Bitcoin was a loan for less than nine months. Plaintiff concedes the transactions were notes, but argues that notes that are investment contracts are exempted based on 1974 Fifth Circuit law. Dkt. #60 pg. 17 *citing McClure v. First Nat. Bank of Lubbock, Tex.,* 497 F.2d 490, 494 (5th Cir. 1974). The *McClure* court stated that absent a ruling from the Supreme Court, the exemption created by the Fifth Circuit would apply. It appears the Supreme Court spoke. In *Reeves v. Ernst & Young*, 494 U.S. 56 (1990), the Supreme Court recognized the existence of the nine-month exemption for notes under the securities definition.

A court cannot omit or add to the plain meaning of a statute. *Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024, 2033 (May 27, 2014). To fail to give the plain meaning of a note less than nine-months being exempted from the definition of a security, as expressly written by Congress, would be to omit the words from the statute, which is not allowed. *CSX Transp., Inc. v. Alabama Dept. of Revenue,* 131 S. Ct. 1101, 1113-1114 (2011) ("Congress wrote the statute it wrote" – a statute going so far and no further).

Regardless, Plaintiff argues that because the transactions were investment contracts, the notes should not be exempt, regardless of duration. Based on the finding that the transactions were not investment contracts, Plaintiffs argument is irrelevant.

Therefore, the transactions, if they were notes, were notes less than nine months and are therefore exempt from the definition of a security and outside Plaintiff's authority to regulate, and outside the jurisdiction of this Court.

Therefore, for the reasons stated above, Plaintiff failed to carry its burden to prove subject-matter jurisdiction based on the allegations of the complaint and the arguments presented before the Court as required by *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). The action is dismissed.

**IT IS SO ORDERED.**