# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>Judge Clark/Judge Mazzant |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST

### INTRODUCTION

In the Fifth Circuit and in federal courts, every opportunity should be given to provide a party with a trial on the merits instead of losing on a technicality because of a missed deadline. *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984).

The Government failed to actually address the motion to set aside Entry of Default. Instead, they cite case law that is only relevant to set aside entry of a default judgment. Like before, the Government wastes the Courts' and the parties' time, efforts and resources.

### ARGUMENT

1. **The Government relies on the wrong case law in response.**

The Government cited Fifth Circuit law on setting aside entries of default, including a three-part test: 1) willfulness of a party in not answering; 2) prejudice to the

plaintiff; 3) meritorious defenses. Dkt. #59 pg. 6 *citing Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Yet, simultaneously, the Government cited case law that is only applicable to setting aside default judgments. Certainly the Government knows the difference? The meritorious reasons to set aside the Entries of Default were and are embodied in Defendants' Motion (Dkt. #44) and are restated here. Specifically, Defendants reply to the Government's response briefly below.

a) **The Government's standard on willful delay is incorrect.**

The Government argues the further away from the date of entry of default judgment, the more courts should *not* consider setting aside the default. Dkt. #59 pg. 9 *citing J&M Assocs. v. Callahan*, 2011 U.S. Dist. Lexis 131752 (S.D. Ala. Nov. 15, 2011) (*citing Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922 (11th Cir. 2007).). In the case cited, the party waited three and a half years to move to set aside a default judgment and the court thought that was too long. *J&M Assocs. v. Callahan*, 2011 U.S. Dist. LEXIS 131752, 27 (S.D. Ala. Nov. 15, 2011).

It is apparent to the Court, and to the Defendants, that no entry of default judgment is in the record. *See generally Court Docket*. Further, it has only been nine months since Entry of Default, including a sequester shutdown of the Government mid-case. Additionally, the Government's attorney continued to act as though no default was entered. *See* Dkt. #59-1 through 59-7 (exhibits to Moustakis Declaration).

While the Government, in a footnote no less, mentions that "Courts apply the same legal standard to motions to set aside entries of default and judgments by default. *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008)" Dkt. 59 pg. 10 Footnote 1, the Government simultaneously, and either recklessly, or intentionally fails to inform this

court that the cited passage is *immediately* negated by the same Court when it stated, "[motions to set aside default orders are] more readily granted than a motion to set aside a default judgment. *Id.*

### b) The Government's standard on prejudice is incorrect.

While the Government's briefing on prejudice begins on page fifteen and continues through page seventeen of their filing, generally requiring the Court to disregard any overage argument per local rule, Defendants reply briefly here. The Government claims it is prejudiced because it had to do basic trail work in this case: 1) "[T]he Commission has dedicated time and resources preparing and producing initial disclosures to Defendants..." (Dkt. #59 pg. 15); 2) "[P]roducing documents to Defendants . . . " *Id.*; 3) "[R]equesting documents of Defendants . . . " *Id.*; 4) "[A]ttempting unsuccessfully to correspond with Defendants . . . " *Id.*; 5) "[P]reparing and filing its Motion for Summary Judgment or, in the Alternative, for Default Judgment . . . " *Id.*; and 5) " . . . [filing a] Motion for an Order to Show Cause, Rule 37 Sanctions, and other Relief. . . ." *Id.*

Each item listed was a decision made by the Government *after* it obtained an Entry of Default. Each alleged prejudicial grievance was and is directly related to the Government operating its case as it chose. The Government cannot claim prejudice for its own actions. Instead, the Government continuously engaged Defendants as though no default were entered, continued to request discovery as though no default were entered, and filed motions for sanctions for allegedly not participating in discovery as though no default were entered. The Government is not prejudiced because setting aside the entries

of default does not change the dispositive stance of the case, nor harm any of the Government's efforts thus far.

### c) Defendants do have meritorious defenses.

Defendants presented meritorious defenses: 1) the transactions were not securities; 2) all transactions were accounted for and were not fraudulent or a "Ponzi" scheme; and 3) third party(ies) converted Defendants' property held for themselves and on behalf of others. The Government claims none of these defenses is cognizable or meritorious.

To the extent Plaintiff argues that the defense of "not a security" is not a cognizable or meritorious defense, Plaintiff wholly discounts and fatally undermines their own allegations of securities law violations. Plaintiff claims the alleged transactions involve the sale of securities, Defendants claim they do not. These are questions of fact that would survive a summary judgment motion based on the amount of information already in the court docket. If the claim is not within the Court's jurisdiction, this action must be dismissed.

Plaintiff claims that Defendants' statement that all transactions are and were accounted for and were not fraudulent or a Ponzi scheme functions as a general denial, without support. Dkt. #59 pg. 12. The Government fails to acknowledge the numerous times it attached the deposition transcript of Mr. Shavers to multiple pleadings in which Mr. Shavers repeatedly explained the transactions, where transactions were sent, how the blockchain works, etc. See Dkt. #59-3 (Deposition transcript of Mr. Shavers).

Finally, Plaintiff is apparently, again, not interested in finding the culpable party(ies) who committed the wrongful acts by expressly denying Defendants the ability

to bring third-party claims against the actual perpetrators of harm. Instead, the Government only seeks a pound of flesh from Mr. Shavers. Dkt. #59 pg. 14-15. (NB: Mr. Shavers' Deposition Transcript is full of statements regarding third-parties that caused the harm in this action – *See* Dkt. #59-3).

## CONCLUSION

The Government cited the wrong law, misinformed the Court, claimed prejudice that does not exist, and seek to deny exculpatory evidence and claims in an effort to deny Mr. Shavers his day in court – a practice that courts take every effort to avoid. Defendants, in their Motion to Set Aside Defaults (Dkt. #44) provided this Court with good cause to set aside the Defaults entered against Trendon Shavers and Bitcoin Savings and Trust, and this Court should grant that motion.

Respectfully submitted this 24th day of June, 2014.

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that, on this 24th day of June, 2014, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i)
## CERTIFICATE OF CONFERENCE

The forgoing document, DEFENDANTS' REPLY TO PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AS TO DEFENDANTS TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST, did require conferral prior to filing pursuant to Local Rule CV-7(h). The forgoing motion is opposed. On or about May 21, 2014, counsel for Defendants conferred with counsel for Plaintiff via telephone on a number of issues, including the foregoing. The parties were unable to resolve differences sufficient to stipulate on the matter and the discussions ended on an impasse requiring this Court to decide the issue.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants
*Admitted Pro Hac Vice*