# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

SECURITIES AND EXCHANGE
COMMISSION
Plaintiff

v.

TRENDON T. SHAVERS AND
BITCOIN SAVINGS AND TRUST
Defendants

CIVIL ACTION NO. 4:13cv416
(Judge Clark/Judge Mazzant)

## ORDER

This cause is before the Court on motion of defendants Trendon T. Shavers and

Bitcoin Savings and Trust to set aside entry of default. Plaintiff Securities and Exchange

Commission has responded in opposition to the motion and the court, having considered

the memoranda of authorities, together with any attachments, submitted by the parties,

concludes that the motion should be granted.

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set

aside an entry of default for "good cause." "Three factors are examined for determining

'good cause' vel non: (1) whether the failure to act was willful; (2) whether setting the

default aside would prejudice the adversary; and (3) whether a meritorious claim has be

presented." *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563

(5th Cir. 2003). "These factors are not exclusive; instead, they are to be regarded simply

as a means to identify good cause." *Id.* No default judgment is entered in this case,

therefore, it is not necessary to prove likelihood of success on the merits to set aside the

entry of default. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 374

(D.C. Cir. 1980).

The court finds that the failure to timely file an answer was not willful or in bad faith, but instead excusable. There is no prejudice to Plaintiff, and defendant submits it has colorable defenses and potential third-party claims. Relief is in order.

The Fifth Circuit is clear:

> Federal courts should not be agnostic with respect to entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

Based on the foregoing, it is ordered that the Motion to Set Aside Entry of Default against all defendants is granted.

**IT IS SO ORDERED.**