IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                                        Plaintiff,<br><br>-- against –<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST,<br><br>                                                    Defendants. | CIVIL ACTION NO.<br>4:13-CV-416 (RC) (ALM) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS
TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST'S
<u>EMERGENCY MOTION TO DISSOLVE ASSET FREEZE</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Response in Opposition to Defendants Trendon T. Shavers' ("Shavers") and Bitcoin Savings and Trust's ("BTCST," and together with Shavers, "Defendants") Emergency Motion to Dissolve Asset Freeze [Doc. 61] ("Motion").

**I.
<u>INTRODUCTION</u>**

As a preliminary matter, Defendants make no evidentiary showing in support of their Motion, and demonstrate no change in circumstances, to warrant dissolving the Court's August 5, 2013 Order Freezing Assets and Granting other Ancillary Relief [Doc. 22] ("August 5, 2013 Order"). For this reason alone, Defendants' Motion should be denied.

Defendants' primary argument is that a district court does not have the power to freeze a defendant's assets in an action seeking legal remedies, specifically money damages, and, therefore, the Court was without authority to issue the asset freeze in this action. *See* Motion, pp. 2-5. This argument fails because it relies on a complete misunderstanding of the remedies

available to the Commission in the enforcement actions it litigates under the federal securities laws as well as the specific relief the Commission seeks in this action. This is not an action involving a claim by a private plaintiff seeking money damages but, rather, a civil enforcement action seeking equitable relief against Defendants.

Here, the Commission seeks disgorgement of Defendants' ill-gotten gains from their fraud, not damages. Disgorgement is an equitable, not legal, remedy designed to deprive wrongdoers of their illicit profits. The Commission seeks the additional equitable remedies of a verified accounting of the funds Defendants solicited from investors, repatriation of all assets or funds obtained by Defendants from their scheme, and an injunction against future violations of the antifraud and registration provisions of the federal securities laws. For these reasons, Defendants' reliance on *Newby v. Enron Corp.*, 188 F. Supp. 2d 684 (S.D. Tex. 2002), *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999), and *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212 (1945) is entirely misplaced. The Court's asset freeze was, and remains, within its authority and appropriate in this action.

Defendants' claim that the Court failed to comply with Federal Rules of Civil Procedure 52(a) when freezing Defendants' assets is equally flawed. In its July 23, 2013 Order to Show Cause, and Order Freezing Assets and Granting other Ancillary Relief [Doc. 14] ("July 23, 2013 Order"), the Court found that it appeared Defendants violated the antifraud and registration provisions of the federal securities laws, and that Defendants used unlawful means to obtain investor funds. *See* July 23, 2013 Order, p. 2. Additionally, the Court incorporated by reference all of the evidence proffered by the Commission in support of its motion requesting the asset freeze, which detailed Defendants' offer and sale of the BTCST investments, their misrepresentations to investors, and their misappropriation of investors' funds. *See id.* The

Court extended the asset freeze by its August 5, 2013 Order [Doc. 22], and further detailed its findings of fact and conclusions of law in its August 6, 2014 Memorandum Opinion Regarding the Court's Subject Matter Jurisdiction [Doc. 23] ("Memorandum Opinion").

Lastly, Defendants use their Motion as a means to raise the question of subject matter jurisdiction for a third time. Defendants should not prevail in their efforts to litigate only those issues they choose, while continuing to ignore their obligation to answer the Commission's complaint, respond to the Commission's motion for summary judgment, comply with their discovery obligations in this action, and comply with the Court's orders to provide a verified accounting of the assets and funds they solicited from their investors. As was concluded by the Court's July 23, 2013 Order and its Memorandum Opinion finding jurisdiction, the Court had – and continues to have – jurisdiction over this matter.

## II.
## ARGUMENT AND AUTHORITY

A. **DEFENDANTS OFFER NO NEW EVIDENCE OR CHANGED CIRCUMSTANCES IN SUPPORT OF THEIR MOTION.**

At the outset, Defendants provide no evidence supporting their Motion. When entreating a district court to dissolve a preliminary injunction it previously imposed, the moving party must make a strong evidentiary showing that changed circumstances warrant the discontinuation of the asset freeze. *See Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*, 2:06-CV-473, 2009 WL 8590962, at *2 (E.D. Tex. June 24, 2009) (citing *United States v. Swift & Co.*, 286 U.S. 106 (1932) (requiring "nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions…." ) Here, Defendants offer no evidence at all and present no changed circumstances. Consequently, Defendants' Motion should be denied.

**B. THE COURT HAD – AND STILL HAS – AUTHORITY TO FREEZE DEFENDANTS' ASSETS.**

Defendants' central contention is that district courts do not have the authority to enter a preliminary asset freeze where a plaintiff seeks remedies in law, specifically money damages, and, therefore, this Court had no authority to issue the asset freeze in this case. *See* Motion, p. 3. But Defendants reliance upon *Enron, Grupo Mexicano*, and *De Beers* is wholly misplaced because the Commission does not seek money damages in this action but, rather, equitable remedies, including disgorgement of Defendants' ill-gotten gains from their fraud, a verified accounting, repatriation, and an injunction against future violations of the federal securities laws.

It is well-settled that, where a plaintiff seeks equitable remedies, district courts have the authority to preliminarily freeze assets to preserve the status quo, to ensure funds will be available to satisfy any final judgment, and to guard against defendants dissipating assets. *See Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940)); *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 562 (5th Cir. 1987) ("Once a plaintiff established an equitable cause of action, the district court may use its full equitable powers to grant appropriate preliminary relief as well.")

Defendants misconstrue the salient issue when they argue that, because *Enron* "found that an action seeking only money damages rendered a district court without the authority to issue injunctive relief," somehow this Court lacks the power to freeze their assets. *See* Motion, p. 2. There is a clear distinction between money damages, a legal remedy sought in *Enron*, and the equitable remedies sought by the Commission in this action. In fact, as the *Enron* court itself stated, when a plaintiff asserts an equitable claim to assets of the defendant, a court may invoke equity to preserve the status quo, pending judgment, where the preliminary relief furthers the court's ability to grant the final relief requested. *See* 188 F. Supp. 2d at 694-6. Here, the

Commission seeks equitable relief that includes an accounting of Defendants' use of BTCST investors' funds as well as disgorgement of the illicit gains from their fraud and, thus, there is a clear nexus between the asset freeze the Court put in place and the remedies sought by the Commission in this action. *See id.* at 696-7; *see also SEC v. Halek,* 537 Fed. App'x 576 (5th Cir. 2013) (disgorgement is equitable); *SEC v. Seghers*, 298 F. App'x 319, 336 (5th Cir. 2008) (same); *Williams v. Wells Fargo Bank, N.A.*, 2014 U.S. App. LEXIS 5137 (5th Cir. 2014) ("a suit for accounting is generally founded in equity"); *SEC v. Manor Nursing Ctrs., Inc.,* 458 F.2d 1082, 1105 (2d Cir. 1972) (accounting is an equitable remedy).

A preliminary order freezing assets is all the more appropriate where, as here, the government is a party, protecting the public interest, and there is a risk that Defendants are hiding or dissipating assets. See *Enron*, 188 F. Supp. 2d at 694-6. The Commission is clearly serving the public's interest, bringing this action on behalf of defrauded investors, and the Commission is concerned Defendants may be dissipating assets, not only for all of the reasons stated in its Emergency Motion for an Order to Show Cause, Asset Freeze, and other Ancillary Relief [Doc. 3], but because Defendants *still* refuse to comply with (a) two Court orders to provide a verified accounting of their use of BTCST investors' funds; and (b) the Court's repatriation order, or to even identify whether there are any assets subject to that order.[1]

Defendants' reliance on *Grupo Mexicano* is similarly incorrect. The *Grupo* court held that the general equitable powers of the federal courts do not include the authority to issue preliminary injunctions in actions solely at law, but explicitly stated that its holding did not reach causes of action seeking equitable relief. *Grupo Mexicano* 527 U.S. at 325; *see also Enron*, 188

---

[1] At the Court's August 5, 2013 evidentiary hearing, to alleviate concerns that Defendants were hiding or dissipating assets, the Court repeatedly offered to Defendants the opportunity to receive a carve-out from the asset freeze if they complied with the Court's order to provide a verified accounting of the funds and assets obtained from their scheme. *See* Audio File of August 5, 2013 Hearing [Doc. 48], beginning at 39:00, 41:10, 45:20, 48:40, 55:00, and 1:09:00. Defendants continue to refuse that offer in favor of their instant Motion.

F. Supp. 2d 694-5 (discussing *Grupo Mexicano*). The Commission recognizes that civil monetary penalties, which it seeks herein, are a legal, not an equitable, remedy. However, "when both money damages and equitable relief are sought, the controlling authority is not *Grupo* but *Deckert*," *see Enron* 188 F. Supp. 2d at 696 (internal quotation marks omitted); and the plaintiff must demonstrate only that its complaint contains allegations which, if proved, entitle it to some equitable relief. *See Deckert*, 311 U.S. at 289. Because the Commission is seeking equitable remedies – a permanent injunction against future violations of various securities laws, an accounting of funds solicited from investors by Defendants, and repatriation and disgorgement of those funds – it has clearly satisfied *Deckert's* standard, and the Court's order freezing Defendants' assets was, and remains, warranted and within the Court's authority.

Furthermore, *De Beers* is not, as Defendants contend, "just like this case." *De Beers* did not consider whether an asset freeze is appropriate when the government is seeking disgorgement or other equitable remedies and, in fact, disgorgement was not available to the government in that case. *See De Beers*, 325 U.S. at 219. Contrary to Defendants' argument, *De Beers* found that a preliminary injunction is always appropriate, as the Court's asset freeze is here, to grant intermediate relief of the same character as that which may be granted ultimately. *See id* at 220.

Finally, the Court was well within its authority to fashion appropriate preliminary relief in this litigation, including the asset freeze, that it deemed necessary to effectuate the purposes of the federal securities laws; to maintain the status quo and prevent dissipation of ill-gotten gains during the pendency of this enforcement action; and to ensure that sufficient funds are available to satisfy any final judgment the court may enter against Defendants. *See CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978); *Manor Nursing Ctrs., Inc.*, 458 F.2d at 1105-06; *SEC v.*

*Amerifirst Funding, Inc.*, 2007 WL 2192632, at *3 (N.D. Tex. July 31, 2007). For all of the foregoing reasons, Defendants' Motion should be denied.

    C. **THE COURT MADE SUFFICIENT FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ITS ORDER FREEZING DEFENDANTS' ASSETS.**

The record demonstrates that the Court satisfied Rule 52(a)'s requirement to state "findings of fact and conclusions of law which constitute the grounds" for a preliminary injunction or asset freeze. FED. R. CIV. P. 52(a). Defendants argue only that the Court failed to make its findings "with sufficient particularity." *See* Motion, p. 6. Defendants ignore that "[w]hen the material facts are not in dispute, a district court that is analyzing a request for a preliminary injunction may employ informal procedures as long as the record supports the district court's decision." *Hurley v. Gunnels,* 41 F.3d 662 (5th Cir. 1994); *See also Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993) (stating that at the preliminary injunction stage the district court's decision need only be supported by the record); *Periodical Publishers' Serv. Bureau, Inc. v. Keys*, 1992 WL 298003 (E.D. La. Oct. 7, 1992) ("Consider[] the record in its entirety, as well as the motions, memoranda in support, and documents annexed . . ." when reviewing the fact findings for a previously ordered asset freeze).

Here, the Court's July 23, 2013 Order, August 5, 2013 Order, and Memorandum Opinion include ample factual findings to support the asset freeze. The evidence the Commission proffered in support of the asset freeze was incorporated by reference in the July 23, 2013 Order. *See* July 23, 2013 Order., at p. 1). In the same Order, the Court made the explicit factual finding that "[i]t appears that Defendants used unlawful means to obtain investor funds." *See id*., p. 2. At the August 5, 2013 preliminary injunction hearing, the Court accepted into the record all of the evidence the Commission proffered in support of the asset freeze. *See* Audio File of August 5, 2013 Hearing, beginning at 20:16 and 27:50. Finally, the Court detailed and summarized in

relevant part the record evidence in the action in its Memorandum Opinion. *See* Memorandum Opinion, *passim*. The asset freeze is further supported by the record evidence submitted by the Commission in support of, and detailed in, its Motion for Summary Judgment. The record of evidence supporting the asset freeze was uncontested at the time the freeze order was entered against Defendants, and remains wholly uncontested by Defendants today. Accordingly, the Court satisfied its obligations under Rule 52(a) when it ordered Defendants' assets be frozen.[2]

Likewise, the Court satisfied its obligation under Rule 52(a) to make conclusions of law before freezing Defendants' assets. FED. R. CIV. P. 52(a). Defendants assert that "the Court did not include what conclusions of law the Court relied upon when granting the Commission's Preliminary Injunction freezing Defendants' assets." *See* Motion, p. 6. The Court's July 23, 2013 Order clearly demonstrates the contrary:

> 1. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue lies properly in this District.
>
> 2. It appears that Defendants have violated Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

July 23, 2013 Order, p. 2. These conclusions of law were, and are, sufficient to satisfy Rule 52(a).[3]

---

[2] Should the Court determine sufficient fact findings have not been made, because all facts are undisputed, the asset freeze should not be dissolved. *See Brown v. Vance,* 637 F.2d 272, 280 (5th Cir. 1981) (upholding a district court's ruling when, in "the absence of factual findings, . . . the evidence in the record speaks for itself); *Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810, 816 (6th Cir. 1954) ("[T]he failure of the District Court to comply with Rule 52(a) in respect of findings of fact does not demand reversal of the correct judgment of the District Court, if a full understanding of the issues could be reached without the aid of findings . . .").

[3] Alternatively, should the Court decide more robust findings of fact or conclusions of law are warranted, the asset freeze should remain in place until that supplementary finding. *See Allied Mktg. Group, Inc. v. CDL Mktg. Inc.*, 878 F.2d 806, 810 (5th Cir. 1989) ("Because we cannot say at this point in time that the district court committed reversible error, we will leave the preliminary injunction in place on the condition that the district court issue a supplementary opinion making the findings of fact and conclusions of law required by this opinion . . .").

### D. THE COURT HAD -- AND STILL HAS – SUBJECT-MATTER JURISDICTION.

Defendants' use their Motion to revisit the question of subject matter jurisdiction for a third time. Defendants argue that "the 'district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction,' and an order granting an interlocutory injunction in these circumstances 'is erroneous as a matter of law.'" *See* Motion, p. 6 (citation omitted). But the Court here already answered the question of jurisdiction in granting its July 23, 2013 Order, explicitly stating, "[t]his Court has jurisdiction over the subject matter of this action and over Defendants, and venue lies properly in this District." *See* July 23, 2013 Order, p 2. Additionally, in its Memorandum Opinion, the Court reaffirmed its earlier finding of jurisdiction. *See* Memorandum Opinion, p. 4.

Defendants intimate that simply because they have renewed their challenge to subject matter jurisdiction, all previous Court orders predicated on jurisdiction are void. *See* Motion, p. 7. That a defendant re-urges a question after it has previously been answered by the district court cannot in and of itself be a sufficient basis for dissolving an injunction. Accepting Defendants' premise that when "[t]he Court is in the process of reconsidering jurisdiction . . . , this Court is without authority to grant injunctive relief," would mean any party subject to a preliminary injunction could effectively cancel that injunction simply by challenging jurisdiction. Such a result would undercut the Court's ability to order preliminary injunctions and other equitable relief, and would subject courts to frivolous Rule 12(b)(1) motions aimed only at undermining their well-founded orders. Because the facts and law remain unchanged since the Court first considered – and rejected – Defendants' jurisdictional challenge, the Court should deny Defendants' Motion.

## III.
## CONCLUSION

For all of the foregoing reasons, the Commission respectfully requests the Court enter an order denying Defendants' Emergency Motion to Dissolve Asset Freeze, and granting to the Commission such relief as the Court deems just and proper.

Dated:  July 8, 2014                                                                Respectfully Submitted,

/s/ Jessica B. Magee

Of Counsel:                                                                         JESSICA B. MAGEE
Valerie A. Szczepanik*                                                              Texas Bar No. 24037757
Securities and Exchange Commission                                                  Securities and Exchange Commission
Brookfield Place                                                                    Burnett Plaza, Suite 1900
200 Vesey Street, Ste. 400                                                          801 Cherry Street, Unit 18
New York, NY 10281-1022                                                             Fort Worth, TX 76102
(212) 336-0175                                                                      (817) 978-6465
szczepanikv@sec.gov                                                                 mageej@sec.gov

*Not admitted in E.D. Tex.                                                          PHILIP MOUSTAKIS (PM-1748)
                                                                                    Securities and Exchange Commission
                                                                                    Brookfield Place
                                                                                    200 Vesey Street, Ste. 400
                                                                                    New York, NY 10281-1022
                                                                                    (212) 336-0542
                                                                                    moustakisp@sec.gov
                                                                                    Admitted Pro Hac Vice
                                                                                    ATTORNEYS FOR PLAINTIFF
                                                                                    SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

  I certify that on July 8, 2014, I electronically filed the foregoing *Plaintiff's Response In Opposition to Defendants Trendon T. Shavers and Bitcoin Savings and Trust's Emergency Motion to Dissolve Asset Freeze* with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to counsel for all parties who have registered with the Court as of the date of this filing.

                */s/ Jessica B. Magee*
                Jessica B. Magee