# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST<br>Defendants | CIVIL ACTION NO. 4:13cv416<br>Judge Clark/Judge Mazzant |

## DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE

### INTRODUCTION

Specifically, this reply will only focus on the issue of the the Securities and Exchange Commission's (the "Commission" or the "Government") power and this Court's authority to grant the asset-freeze. The Commission failed to acknowledge that its powers are limited to those granted to it by statute. Confusingly, the Government argued that this action is merely a ". . . civil enforcement action seeking equitable relief against Defendants" (Dkt. 65 pg. 2) to assert that this Court can exercise multiple, plenary, equitable remedies that are not in the Commission's controlling statute. If this is merely an equitable action, then Defendants accept the Governments' withdrawal of claims for monetary penalties and damages included in its prayer for relief, Dkt. #1, paragraph (d), pg. 10, "Ordering defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and 21 (d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)]" [sic]. In such an instance, the Court should strike the allegation in the Complaint immediately.

Regarding the asset freeze order, the Government was explicit in its reasoning. It sought the relief solely for the purposes of collecting its judgment: ". . .the Commission is concerned that Shavers may dissipate further BTCST investor funds or funds that might otherwise be available to satisfy any final judgment the Court may enter against Defendants." Dkt. #3 pgs. 2-3. (SEC EMGC MTN ASSET FREEZE). The sole purpose of the asset freeze is not to protect investors, but to maintain a desired position of creditor – precisely the kind of relief barred by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999).

The Commission overlooked the reality that this Court is a court of limited jurisdiction and power. The Commission is limited to only the remedies granted to it by statute. The Commission seeks relief that its authorizing statute disallows – disgorgement, accountings, asset-freezes. The Court must therefore dissolve the asset-freeze.

## ARGUMENT

**1. The Court is without authority to issue an asset-freeze order in this case.**

The Government argues that an executive agency is like any other plaintiff at law or equity before the Court. This fundamental disconnect with reality is the issue resolved by *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 65 S. Ct. 1130 (1945) and affirmed by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999). The only authority this court has to enter any relief for a government agency is that which is granted to it by Congress. *De Beers*, 325 U.S. at 220. "This

process is, and can only be, sustained as a method of providing security for compliance with other process which conceivably may be issued for satisfaction of a money judgment. . . ." *Id.*

*De Beers* even contemplates the fact that the defendant in that case owed no duty to the Plaintiff for any amount of money, or even an accounting. *Id.* at 222. Mr. Shavers owes no duty to the Commission in this matter. This is not an administrative proceeding where he may owe an accounting. There is no request for a constructive trust. There is no pleading demanding a receiver. The Commission suffered no loss and the Commission does not seek money to give back assets to investors – the complaint is void of such allegation or authority. *See* Dkt. #1 COMPLAINT.

    A. Disgorgement is an administrative remedy, not a civil court remedy.

Assuming arguendo, this Court chooses to ignore seventy years of consistent United States Supreme Court jurisprudence and grants an executive agency power which was not delegated by Congress, an asset-freeze and disgorgement are not remedies the authorizing statute(s) make available to the Commission.

    i. Securities Act of 1933

Disgorgement is specifically contemplated by the 1933 Act. The power is expressly granted to the Commission, but only in administrative proceedings:

> **Cease-and-Desist Proceedings**
>
> **Section 8(a) – Authority of the Commission**
>
> If the Commission finds, after notice and opportunity for a hearing. . .
>
> **Section 8(e) – Authority to Enter An Order Requiring An Accounting and Disgorgement** – In any cease-and-desist proceeding under subsection

(a), the Commission may enter an order requiring accounting and disgorgement, including reasonable interest. The Commission is authorized to adopt rules, regulations, and orders concerning payments to investors, rates of interest, periods of accrual, and such other matters as it deems appropriate to implement this subsection.

ii. Securities Exchange Act of 1934

Disgorgement is also specifically contemplated by the Securities Exchange Act of 1934, but it is limited only to private rights of actions for those directly harmed and for administrative proceedings.

**2. The Commission failed to cite any authority that supports its contention that it has the authority to obtain an asset freeze order.**

In an attempt at misdirection, the Government tried to switch the question posed by Defendants by claiming that Defendants' argument is that this Court does not have authority to enter an asset-freeze when money damages are sought. Dkt. #65 pg. 4. This is incorrect. Defendants contend that a federal executive agency is limited to those remedies that are provided to it in its controlling statute. "The *only* injunctive relief the district court could issue was against future violations of the law, and any prejudgment asset-freeze was beyond the power of the district court. *De Beers*, at 220" Dkt. 61 pg. 2 Defendants' Emergency Motion to Dissolve Asset-Freeze.

The Response filed by the Government, Dkt. # 65, failed to cite one statute that grants authority to this Court to enter an asset-freeze order. Nor does the Response argue against the fact that the Agency is limited to those remedies exclusively provided by statute. The Commission is not a human, resident, or citizen with standing entitled to all

equitable remedies available to one directly harmed. The Commission's remedies are limited to those provided by its authorizing statute, as expressly stated, and expressly affirmed by *Grupo*. ". . .there is absolutely nothing new about debtors' trying to avoid paying their debts, or seeking to favor some creditors over others. . .the law of fraudulent conveyance and bankruptcy was developed to prevent such conduct; an equitable power to restrict a debtor's use of his unencumbered property before judgment was not." *Grupo* 527 U.S. at 322. "The debate concerning this formidable power over debtors should be conducted and resolved where such issues belong in our democracy: in the Congress." *Id.* at 333.

## CONCLUSION

Federal courts adjudicating claims brought by an executive agency are limited to those powers statute(s) grant the executive agency. Because the Commission was not granted the power to freeze the assets of a defendant in civil court pending the outcome of trial, this Court exceeded its authority and should dissolve the asset-freeze order. Respectfully submitted this 13th day of July, 2014,

/s/ *Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on this 13th day of July, 2014, I electronically filed the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE with the Clerk of the Court for the Eastern District of Texas, Sherman Division, using the CM/ECF system, on all parties registered to receive service on the date of the filing.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7 (i)**
**CERTIFICATE OF CONFERENCE**

The forgoing document, DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO DISSOLVE ASSET FREEZE, did require conferral prior to filing pursuant to Local Rule CV-7(i)(1). The parties conferred on the issue by electronic mail and by telephone, and the parties could not come to an agreement. As a result, the forgoing document is opposed.

/s/*Franklin Jason Seibert*
F. Jason Seibert (OSB 095009)
FJ SEIBERT, LLC – A LAW OFFICE
960 Liberty Street SE Suite 150
Salem, Oregon 97302
(503) 480-0212
jason@seibert-law.com
Attorney for Defendants