# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § | |
| V. § § | CASE NO. 4:13-CV-416 |
| § | Judge Mazzant |
| TRENDON T. SHAVERS and BITCOIN SAVINGS AND TRUST § § | |

### ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT

Pending before the Court is Defendants' Motion to Set Aside Default as to Defendants Trendon T. Shavers and Bitcoin Savings and Trust (Dkt. #44).  After reviewing the motion, the response and the relevant pleadings, the Court finds Defendants' motion is granted, and the clerk's entry of default is vacated.

### BACKGROUND

On July 23, 2014, the SEC filed its Complaint against Defendants in this case (Dkt. #1). On August 22, 2013, the SEC requested a clerk's entry of default against all defendants (Dkt. #24), and on that same day a clerk's entry of default was entered as to both Defendants' for a failure to plead or otherwise defend according to the Federal Rules of Civil Procedure.

### ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55.  The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New*

*York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003)(citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

Defendants contend that the failure to act was not willful since they did appear and participate at Court hearings, submitted to deposition, and provided some discovery to the SEC. Shavers represented his interests *pro se*.[1] Defendants assert that they continue to defend themselves in this litigation, and have obtained counsel to assist them with their defense.

---

[1] Bitcoin Savings and Trust is an unincorporated entity with no brick and mortar presence. The right to *proceed pro se* in civil actions is guaranteed by 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "This right, however, is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se." *IntelliGender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012) (citing *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993); *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)). Thus, Defendant Shavers was entitled to appear *pro se*; however, Defendant Bitcoin Savings and Trust has no right to proceed without counsel and cannot act or appear *pro se* in this case. "As fictional legal entities, corporations and partnerships cannot appear for themselves personally." *Id*. (citing *Sw. Express,* 670 F.2d at 55). "Their only proper representative is a licensed attorney, 'not an unlicensed layman regardless of how close his association with the partnership or corporation.'" *Id*.

Further, Defendants assert that the SEC will not be prejudiced by setting aside the default, as it has continued to conduct business as though no parties were in default. Defendants also assert that they have meritorious defenses, and may have third-party claims to pursue.

The SEC argues that Defendants never answered and have ignored several court orders. The SEC further argues that this Court reminded Defendants of their obligation to answer on July 26, 2013, and noted that there was an answer deadline of August 13, 2013. Further, the SEC continued to remind Defendants that their answers were due or past-due. The SEC also argues that Defendants have no meritorious defense. The SEC states that a challenge to subject-matter jurisdiction is not a meritorious defense, Defendants have only offered a general denial of the SEC's claims, and Defendants are barred from making third-party claims in this action.

The record indicates that Defendants filed their answer on July 24, 2014 (Dkt. #73).

The Court finds that Defendants have shown such good cause here, and default judgment is simply not appropriate here. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendants have now properly appeared in this suit, and have participated in their defense during this litigation. Further, both parties have been proceeding as if there was no default judgment. Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). The Court finds no prejudice to the SEC, and further finds that the clerk's entry of default should be vacated and the motion to set aside default judgment should be granted.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion to Set Aside Default as to Defendants Trendon T. Shavers and Bitcoin Savings and Trust (Dkt. #44) is **GRANTED**, and the clerk's entry of default is vacated.

**IT IS SO ORDERED.**

**SIGNED** this 26th day of August, 2014.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE