# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § § § | |
| v. § § | Case No. 4:13-CV-416 |
| § | Judge Mazzant |
| TRENDON T. SHAVERS and BITCOIN SAVINGS AND TRUST § § | |

## AMENDED FINAL JUDGMENT

Pursuant to the Memorandum Opinion and Order entered on this date, it is

**CONSIDERED, ORDERED** and **ADJUDGED** that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order and final judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further **CONSIDERED, ORDERED** and **ADJUDGED** that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order and final judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further **CONSIDERED, ORDERED** and **ADJUDGED** that Shavers and BTCST and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this order and final judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption: (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the

registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

It is further **CONSIDERED, ORDERED** and **ADJUDGED** that Shavers and BTCST are jointly and severally liable for disgorgement of $38,638,569, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,766,098, for a total of $40,404,667. Pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3), Shavers is liable additionally for a civil penalty in the amount of $ 150,000.00, and BTCST is liable additionally for a civil penalty in the amount of $ 150,000.00.

Shavers shall satisfy his obligations by paying $ 40,554,667 (less any of the disgorgement amount paid by BTCST) to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. BTCST shall satisfy its obligations by paying $ 40,554,667 (less any disgorgement amount paid by Shavers) to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Shavers or BTCST as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of any payment and case identifying information to the Commission's counsel in this action. By making payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Shavers and BTCST shall not, after offset or reduction of any award of

compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he/it is entitled to, nor shall he/it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his/its payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Shavers and/or BTCST by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

    All relief not previously granted is hereby **DENIED**.

    The Clerk is directed to **CLOSE** this civil action.

    **IT IS SO ORDERED**.
    **SIGNED this 19th day of September, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE