## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                            Plaintiff,<br><br>               v.<br><br>SHAVERS, ET AL.<br><br>                        Defendants, | **13-cv-416**<br>**Filed *ex parte* and under seal** |

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO FILE AN APPLICATION FOR AN ORDER TO SHOW CAUSE WHY TRENDON SHAVERS SHOULD NOT BE HELD IN CONTEMPT AND TO FREEZE ASSETS EX PARTE AND UNDER SEAL

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), respectfully requests permission to file its Application for an Order to Show Cause Why Trendon Shavers Should Not Be Held in Contempt and to Freeze Assets ("Contempt Application") *ex parte* and under seal and would show the Court the following:

1. This Court entered a Judgment obligating Shavers and an entity he controlled to pay disgorgement and prejudgment interest of over $40 million for his violations of the federal securities laws.[1] DE 90. To date, Shavers has not paid anything toward the Judgment.

2. Recent post judgment discovery conducted by the SEC reveals that Shavers holds at least one bank account at Wells Fargo and a cryptocurrency account with Coinbase.

---

[1] The Judgment also requires Shavers to pay a $150,000 civil penalty, which is not being sought in this proceeding. *Id*.

3.      Because these accounts are easily dissipated and the SEC's filing of the Contempt Application via the Court's Electronic Case Filing System would alert Shavers to the Commission's knowledge of their existence, the Commission seeks to file its Contempt Application *ex parte* and under seal to ensure that these assets remain within the jurisdiction of the Court.

4.       If the Court determines that the Commission's Contempt Application and accompanying asset freeze should be granted, once entered, the SEC will expeditiously serve the documents on Wells Fargo and Coinbase.

5.      After the accounts have been frozen, the Commission will then serve the Contempt Application, all accompanying moving papers, and the Order to Show Cause on Shavers so that he might appear in Court and be heard as to the propriety of these assets being used to partially satisfy the Judgment entered in this case.

Based on the foregoing, the Commission respectfully requests that the Court grant this Motion to file its Contempt Application *ex parte* and under seal and, should the Court grant the relief the SEC seeks, keep this matter under seal until the asset freeze can be served upon and implemented by the appropriate entities as proposed in the attached Order.

Dated:          Wantagh, New York              s/ Maureen Peyton King
                September 17, 2021              Maureen Peyton King
                                                Senior Trial Counsel
                                                Securities and Exchange Commission
                                                New York Regional Office
                                                200 Vesey Street, Room 400
                                                New York, NY 10281-1022
                                                Tel.: 212-336-0111
                                                E-mail: kingmp@sec.gov

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **13-cv-416** |
| | **Filed *ex parte* and under** |
| **v.** | **seal** |
| **SHAVERS, ET AL.** | |
| **Defendant,** | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FILING APPLICATION FOR AN ORDER TO SHOW CAUSE WHY TRENDON SHAVERS SHOULD NOT BE HELD IN CONTEMPT AND TO FREEZE ASSETS EX PARTE AND UNDER SEAL

**WHEREAS** this Court entered a Judgment obligating Defendant Trendon Shavers ("Defendant") and an entity he controlled to pay disgorgement and prejudgment interest of over $40 million[2] (DE 90);

**WHEREAS** the Securities and Exchange Commission ("Commission") has represented that Defendant has not paid the disgorgement and prejudgment interest he owes;

**WHEREAS** the Commission has identified accounts held by Defendant that it seeks to freeze pending a hearing on its Application to Show Cause Why Trendon Shavers Should Not be Held in Contempt ("Contempt Application"); and

**WHEREAS** the Commission has requested permission to file the Contempt

---

[2] The Judgment also requires Shavers to pay a $150,000 civil penalty, which is not being sought in this proceeding. *Id*.

Application *ex parte* and under seal to ensure that the assets described in the Contempt Application are not dissipated and remain under the jurisdiction of the Court;

**IT IS ORDERED THAT** the Commission may file its proposed Contempt Application and accompanying moving papers *ex parte* and under seal;

**IT IS FURTHER ORDERED THAT** if the Court grants the Commission's Contempt Application, that the Contempt Application and the Order to Show Cause shall remain *ex parte* and under seal until they are served by the SEC upon and implemented by Wells Fargo and Coinbase. After the Commission makes such service, it shall serve the Contempt Application, all accompanying moving papers, and the Order to Show Cause upon Defendant Shavers by mail so that he has notice and an opportunity to be heard while the assets are preserved; and

**IT IS FURTHER ORDERED THAT** once the SEC effects service upon Wells Fargo and Coinbase, the SEC shall so advise the Clerk of Court so that the Clerk may dissolve the seal upon these documents and place them upon the Court's public docket via ECF.

_____
Hon. Amos L. Mazzant, III
United States District Court Judge