UNITED STATES DISTRICT COURT
<u>EASTERN DISTRICT OF TEXAS</u>

SECURITIES AND EXCHANGE COMMISSION,

                                  Plaintiff,           13-cv-416

            v.

SHAVERS, ET AL.

                                  Defendant,

<u>PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANT TRENDON SHAVERS
SHOULD NOT BE HELD IN CIVIL CONTEMPT</u>

Plaintiff Securities and Exchange Commission (the "Commission") respectfully requests that this Court issue an Order to Show Cause why Trendon Shavers ("Shavers") should not be held in civil contempt for failing to pay the disgorgement obligation ordered by this Court on September 19, 2014. Since the entry of the Court's Judgment in this matter, Shavers has paid *nothing* toward his disgorgement obligation of more than $40 million, despite having the ability to pay at least a portion of it. In support of this motion, the Commission submits the Declaration of Maureen Peyton King and attachments thereto and a memorandum of law in support of this motion. For the reasons set forth in the supporting documents, the Commission respectfully requests that the Court grant its motion and enter the proposed Order to Show Cause.

| | |
|---|---|
| Dated:    Wantagh, New York<br>           September 17, 2021 | <u>s/ Maureen Peyton King</u><br>Maureen Peyton King<br>Senior Trial Counsel<br>Securities and Exchange Commission<br>New York Regional Office<br>200 Vesey Street, Room 400<br>New York, NY 10281-1022<br>Tel.: 212-336-0111<br>E-mail: kingmp@sec.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>         v.<br><br>SHAVERS, ET AL.<br><br>            Defendant, | 13-cv-416 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHAVERS SHOULD NOT BE HELD IN CIVIL CONTEMPT**

Maureen Peyton King
Judith A. Weinstock
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.: 212-336-0111 (King)
E-mail: kingmp@sec.gov
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

September 17, 2021

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………..…….ii

PRELIMINARY STEMENT…………………………………………………………...….…1

BACKGROUND…………………………………………………………………………….....1

ARGUMENT……………………………………………………………………………....…..2

    A. Shavers Failure to Pay His Disgorgement Obligation Constitutes Civil Contempt of This Court's Judgment……………………………………………………………….………2

        a. Contempt Standard………………………………………………………...…2

        b. The Commission Has Shown Shavers Contempt of the Court's Judgment…..........4

    B. The Court Should Impose Remedial Sanctions…………………………………….....5

CONCLUSION…………………………………………………………………………….........6

## **TABLE OF AUTHORITIES**

### **Statutes and Rules**

Fed. Rul. Civ. P. 70……………………………………………………………………………2

18 U.S.C. § 401…………………………………………………………………………….....2

### **Cases**

*SEC v. First Fin. Group of Texas, Inc.,* 659 F.2d 660 (5th Cir.1981)………………….……….2

*Shillitani v. United States*, 384 U.S. 364 (1966)……………………………………………….2

*Int'l Business Machines Corp. v. U.S.*, 493 F.2d 112 (2d Cir. 1973)……….……….……….…3

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949)……………………………………..3

*Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392 (5th Cir.1987)……………..3

*Travelhost, Inc. v. Blandford*, 68 F3d 958, 961 (5th Cir. 1995)……………………………..…3

*United States v. Rylander,* 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)……........3

*SEC v. Faulkner*, 2019 WL 277621 (N.D.Tex.)………………………………………….……3

*Huber v. Marine Midland Bank*, 51 F.3d 5 (2d Cir. 1995)……..……….………………..……..4

*SEC v. Musella*, 818 F. Supp. 600 (S.D.N.Y. 1993)……………………………………………4

*SEC v. Bilzerian*, 112 F. Supp. 2d 12 (D.D.C. 2000)……………………………………………4

*EEOC v. Local 28*, 247 F. 3d 333 (2d Cir. 2001)……………………………………………..4

*N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854 (2d Cir. 1984)…………...………….……4

## PRELIMINARY STATEMENT

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), respectfully submits this memorandum of law in support of Plaintiff's Application for an Order to Show Cause Why Defendant Trendon Shavers ("Shavers") Should Not Be Held in Contempt ("Application") along with a supporting declaration of Maureen Peyton King ("King Decl."). This Court entered its Amended Final Judgment on September 9, 2014 ("Judgment") (Docket Entry ("DE") 90). The Judgment requires that Shavers pay disgorgement and prejudgment interest totaling $40.4 million ("Disgorgement Obligation"). *Id*. Despite this, Shavers has not paid anything towards the Amended Judgment – notwithstanding having the ability to do so. King Decl. ¶4. Thus, the Commission respectfully requests that the Court find Shavers in civil contempt of the Court's Judgment and impose sanctions.

## BACKGROUND

On July 23, 2013, the Commission filed a complaint alleging that Shavers defrauded investors with a Ponzi scheme involving Bitcoin. DE 1. The Commission alleged that through the scheme, Shavers raised at least 700,000 Bitcoin in Bitcoin Savings and Trust ("BTCST") investments, which amounted to more than $4.5 million based on the average price of Bitcoin in 2011 and 2012 when the investments were offered and sold Shavers promised investors up to 7 percent weekly interest based on BTCST's Bitcoin market arbitrage activity, which supposedly included selling to individuals who wished to buy Bitcoin "off the radar" in quick fashion or large quantities. In reality, Shavers used Bitcoin from new investors to make purported interest payments and cover investor withdrawals on outstanding BTCST investments. Shavers also diverted investors' Bitcoin for day trading in his account on a Bitcoin currency exchange, and exchanged investors' Bitcoin for U.S. dollars to pay his personal expenses. *Id*.

This Court entered Judgment obligating Shavers and an entity he controlled to pay disgorgement and prejudgment interest of $40,404,667. DE 90. The Amended Judgment also requires Shavers to pay a $150,000 civil penalty, which is not being sought in this proceeding. *Id*. To date, Shavers has paid nothing toward the Judgment. King Decl. ¶4.

Post judgment discovery conducted by the Commission reveals that Shavers holds two Wells Fargo bank accounts, -5366 solely, and -6932 jointly with his wife. King Decl. ¶5, Exs. 1,2. For the eight month period from January through August 2021, account -6932 transferred approximately $111,000 to Shavers' account -5366. King Decl. ¶6, Ex. 1, Table D.

Moreover, from January through June 2021, Shavers transferred $13,500 to Coinbase. King Decl. ¶7. Shavers also transferred approximately $38,700 using Zelle. King Decl. ¶8, Ex. 1, Table A. In addition, since January 2021, Shavers has spent over $11,000 on Uber and gaming. King Decl. ¶9, Ex.1, Tables B and C.

## ARGUMENT

### A. Shavers' Failure to Pay His Disgorgement Obligation Constitutes Civil Contempt of This Court's Judgment.

#### a. Contempt Standard.

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 669 (5th Cir.1981). Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also* Fed. R. Civ. P. 70 (where a judgment requires a specific act, courts may hold a disobedient party in contempt). Moreover, Congress codified the contempt power of the federal judiciary at 18 U.S.C. § 401, which provides, in relevant part: "A court of the United States shall have power to

punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as...(3) Disobedience or resistance to its lawful...order...."

"The hallmark of civil contempt is that the sanction imposed is only contingent and coercive....Civil contempt, moreover, has a remedial purpose— compelling obedience to an order of the court for the purpose of enforcing the other party's rights, or obtaining other relief for the opposing party." *Int'l Business Machines Corp. v. U.S.*, 493 F.2d 112, 115 (2d Cir. 1973) (internal citations omitted). *See also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (civil contempt is remedial and "is a sanction to enforce compliance with an order of the court...."). The severity of the sanction, even jail, does not change civil contempt to criminal contempt. *Int'l Business Machines Corp.* at 116 (internal citations omitted).

In the Fifth Circuit, "[t]he movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir.1987) (internal citations omitted). *See also Travelhost, Inc. v. Blandford*, 68 F3d 958, 961 (5th Cir. 1995). To meet its initial burden, the plaintiff need only show a failure to comply; it is not necessary to show that the defendant's disobedience was willful. *United States v. Rylander*, 460 U.S. 752, 755 (1983).

After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply. *Petroleos* at 401 (internal citations omitted). "The alleged contemnor bears the burden of producing credible evidence to show that compliance is impossible." *SEC v. Faulkner*, 2019 WL 277621, *2 (N.D.Tex.) (internal citation omitted). A defendant's "*complete* inability, due to poverty or insolvency, to comply with an order to pay

- 3 -

court-imposed monetary sanctions is a defense to a charge of civil contempt." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (emphasis added; internal citations omitted). That said, contempt is not avoided by showing an inability to pay the *entire* judgment. *SEC v. Musella*, 818 F. Supp. 600, 602 (S.D.N.Y. 1993). "Inability to comply is only a complete defense if [the defendant] cannot pay *any* of the judgment; otherwise, he must pay what he can." *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 17 (D.D.C. 2000) (internal citations omitted) (emphasis added). This is so "even if making the payment results in a diminution of [the defendant's] income or his relatively comfortable standard of living." *Musella* 818 F. Supp. at 602.

Furthermore, a defendant's mere assertion of an inability to pay is insufficient. The defendant's substantiation of his inability to comply with the Court's order must be made "categorically and in detail." *SEC v. Bilzerian*, 112 F. Supp. at 16 (internal citations omitted). In fact, a defendant must establish that compliance is "factually impossible" and a court is not required to credit an alleged contemnor's "incredible" denials of an ability to pay. *Rylander,* 460 U.S. at 757; *Huber,* 51 F.3d t 10 (internal citations omitted). Once contempt has been established, a district court has "broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions." *EEOC v. Local 28*, 247 F. 3d 333, 336 (2d Cir. 2001) (quoting *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir. 1984)).

### b. The Commission Has Shown Shavers' Contempt of the Court's Judgment.

All of the requisite elements to establish contempt are present here. This Court's Judgment clearly and unambiguously imposed a disgorgement obligation in its Judgment that Shavers has not satisfied. DE 193; King Decl. ¶ 4. In fact, Shavers has paid *nothing*.

Shavers cannot claim satisfying the Judgment is impossible. Shavers' recent bank account records show that he makes routine transfers to Coinbase. King Decl. ¶7. Coinbase is used to "invest, spend, save, earn, and use crypto." *Id.* Such transfers strongly suggest that Shavers holds cryptocurrency. Thus, there is a risk Shavers could transfer the assets, likely cryptocurrency, from Coinbase.

What's more, Shavers' Wells Fargo accounts show routine receipts, over $38,700 in Zelle transfers and over $11,000 dollars in spending on Uber and gaming in the past several months. King Decl. ¶¶5,6,8,9 and Tables A-D. The record is clear that Shavers has the means to make payments toward the Judgment, but is instead dissipating his funds and ignoring this Court's lawful order.

### B. The Court Should Impose Remedial Sanctions.

The Commission respectfully requests that the Court hold Shavers in civil contempt and impose remedies including ordering Shavers to: (i) provide an accounting of all of his assets and income with supporting documents including but not limited to all Coinbase.com accounts; (ii) issue an immediate asset freeze so that Shavers does not further dissipate the assets he currently possesses; (iii) make an immediate good-faith payment in an amount to be determined by the Court; (iv) appear for a deposition; and (v) propose a payment plan acceptable to the Commission to address the Court's Judgment.

- 6 -

## **CONCLUSION**

For the reasons set forth above, the Court should grant the Commission's motion for an order requiring Shavers to show cause, if any, why he should not be held in civil contempt for failure to pay the Court's Judgment.

Dated: Wantagh, New York
   September 17, 2021

s/ *Maureen Peyton King*
Maureen Peyton King
Judith A. Weinstock
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.: 212-336-0111 (King)
E-mail: kingmp@sec.gov