UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SECURITIES AND EXCHANGE COMMISSION,

          **Plaintiff,**    13-cv-416

    v.

SHAVERS, ET AL.

          **Defendant.**

**SECURITIES AND EXCHANGE COMMISSION'S**
**MOTON TO COMPEL DISCOVERY**

  Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") respectfully moves pursuant to Federal Rule of Civil Procedure 37 for an Order compelling Defendant Trendon Shavers ("Shavers") to provide specific documents and information ahead of the January 6, 2022 contempt hearing.  In support of this Motion, the SEC states the following:

  This Court entered a Judgment obligating Shavers and an entity he controlled to pay disgorgement and prejudgment interest of $40,404,667.[1]  DE 90.  To date, Shavers has not paid anything toward the Judgment.  King Decl. ¶4.  As a result, the Commission sought, and the Court granted, an asset freeze and issued an Order to Show Cause requiring Shavers to appear at a hearing on January 6, 2022.  DE 96.

  In connection with post-judgment discovery, on August 3, 2021, the Commission issued a document request to Shavers.  *See* Declaration of Maureen Peyton King ("King Decl.") Exs. 1,

---

[1] The Judgment also requires Shavers to pay a $150,000 civil penalty, which is not being sought in this proceeding.  *Id*.

2. Although Shavers claims he did not receive the document request at either address to which Commission counsel sent it, UPS tracking information reflects that the package was delivered. King Decl. ¶5, Ex. 2. On November 30, 2021, Shavers received the SEC's document request by email. King Decl. ¶6, Ex. 4.

Shavers told Commission counsel he would provide documents by December 3, 2021. But he has so far provided none. King Decl. ¶7. In order to assess the full extent of Shavers' ability to pay and make the hearing more productive, the Commission respectfully asks that the Court compel Shavers to respond to its document request by no later than December 15, 2021 to ensure that the SEC has time to review the documents and prepare for the hearing in January.

In addition, the Commission has identified individuals that may have information relevant to Shavers' ability to pay. The Commission sought Shavers' consent to these witnesses appearing at the hearing, but Shavers would not agree unconditionally. Instead, he replied: "I object to asking anyone to do anything beyond what they want to do." King Decl. ¶8, Ex. 3. Thus, the Commission will issue subpoenas for the following witnesses to appear at the Court's hearing on January 6, 2022: (i) Ashley Shavers, wife of Defendant Shavers; and (ii) Chris Thompson, who the Commission expects can provide information about Shavers' cryptocurrency investments.

## ARGUMENT

Federal Rule of Civil Procedure 69(a)(2) and the law of this Circuit provide that a judgment creditor "[i]n aid of the judgment or execution ... may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." *Mitchell v. Sizemore*, 536 Fes. Appx. 443, 444 (5th Cir. 2013). "The judgment creditor is allowed discovery to find out about assets on which execution can issue or

about assets that have been fraudulently transferred or are otherwise beyond the reach of execution." Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3014 (2d ed. 1997).

In accordance with Federal Rule of Civil Procedure 34, on August 3, 2021, the SEC issued a document request to Shavers. The Commission also sent the document request to a second address. King Decl. ¶3. Rule 34(b)(2) provides that a party must respond to a Request for Production of Documents "within 30 days after being served." Shavers did not provide documents in response to the Commission's document request. King Decl. ¶7. Federal Rule of Civil Procedure 37(a)(1) requires a party moving for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.Proc. 37(a)(1). *See Anzures v. Prologis Texas I LLC*, 300 F.R.D. 314 (E.D.TX 2012). When Shavers claimed he did not receive the document request, Commission counsel resent it via email. King Decl. ¶¶5-6, Ex. 4. After discussion with Commission counsel, Shavers indicated to Commission counsel that he would provide documents by December 3, 2021. To date, Shavers has not produced any documents. King Decl. ¶7. Consequently, pursuant to Rule 37(a)(3)(B), the Commission requests an Order compelling Shavers to comply with its Request for the Production of Documents no later than December 15, 2021, so that the SEC can prepare for the hearing before the Court on this matter on January 6, 2022. "The party requesting discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable." *Olivas v. U.S. Steel Corp.*, 2012 WL 5270136, *1 (E.D. Texas 2012) (internal citation omitted). The Commission's request is designed to elicit information about Shavers' ability to pay the Court's Judgment.

Thus, the documents sought are relevant and clearly discoverable.  Therefore, the Commission has met its burden.

Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the non-movant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted.  As the Commission's Request for the Production of Documents is permitted under Rule 69, and has been lawfully served, Shavers should be ordered to respond to the SEC's post-judgment discovery request.

## CONCLUSION

For the reasons set forth above, the Court should grant the relief the Commission seeks.

Dated: Wantagh, New York  
       December 6, 2021

s/ *Maureen Peyton King*  
Maureen Peyton King  
Judith A. Weinstock  
Securities and Exchange Commission  
New York Regional Office  
200 Vesey Street, Room 400  
New York, NY 10281-1022  
Tel.: 212-336-0111 (King)  
E-mail:  kingmp@sec.gov