

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 2, 2021

**Via UPS**
Trendon T. Shavers
10012 Long Branch Drive
McKinney, TX 75072

Re: *Securities and Exchange Commission v. Shavers et al.*

Dear Mr. Shavers:

    I am writing to follow up on the enclosed document request, which I originally sent to you at 2305 South Cluster, Apt. 1507, McKinney, TX 75070.  Please let me know if you had received the enclosed request at that address and when I will receive your response.  If you have any questions concerning this matter, you may call me at 212.336.0111.

                               Very truly yours,

                                 s/ *Maureen Peyton King*
                               Maureen Peyton King
                               Senior Trial Counsel

Enclosures: Request for Documents, SEC Data Delivery Standards



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

August 3, 2021

**Via UPS**
Trendon T. Shavers
2305 South Cluster, Apt. 1507
McKinney, TX 75070

      Re:    *Securities and Exchange Commission v. Shavers et al.*

Dear Mr. Shavers:

    The enclosed document request has been issued to you in connection with the above referenced civil litigation. Please produce the requested documents in compliance with the technical requirements set out in the attached copy of the SEC's Data Delivery Standards. You should contact me prior to production in an electronic format other than those identified in the Data Delivery Standards. Your production should include a list briefly describing each item you send and stating the paragraph(s) in the attachment to which each item responds.

    Please send the documents required to:
ENF-CPU
U.S. Securities and Exchange Commission
6315 Bren Mar Drive, Suite 175
Alexandria, VA 22312

    Smaller electronic productions (under 10MB) should be sent to the following e-mail address: kingmp@sec.gov and ENF-CPU@sec.gov. Passwords for documents, files, compressed archives or encrypted media should be sent separately by e-mail to ENF-CPU@sec.gov. If you have any questions concerning this matter, you may call me at 212.336.0111.

                                       Very truly yours,

                                       s/ *Maureen Peyton King*
                                       Maureen Peyton King
                                       Senior Trial Counsel

Enclosures: Request for Documents, SEC Data Delivery Standards

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br><br>v.<br><br>SHAVERS, ET AL.<br><br>                                        Defendant, | 13-cv-416 |

**FIRST POSTJUDGMENT REQUEST FOR PRODUCTION OF DOCUMENTS
FROM DEFENDANT BY PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION PURSUANT TO
FED. R. CIV. PROC. 34 AND 69 AND 28 U.S.C. § 3015**

**TO:    TRENDON T. SHAVERS ("Defendant")**

Pursuant to Rules 34 and 69 of the Federal Rules of Civil Procedure and 28 U.S.C. § 3015, Plaintiff Securities and Exchange Commission ("Commission") hereby requests that Defendant produce for discovery, inspection and photocopying the documents described herein on or before August 30, 2021, at the offices of the Commission, located at 200 Vesey Street, Room 400, New York, New York 10281-1022 by sending them to the address specified in the cover letter.

**Definitions**

1. The Local Rules of the Eastern District of Texas are incorporated herein.

2. Unless otherwise specified, the "Relevant Period" shall be January 1, 2018 through the present.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "document" shall have the meaning set forth in in Fed. R. Civ. P. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

5. "You" and "Your" shall refer to the Defendant and Defendant's representatives.

6. The terms "all," "any," and "each" shall each be read as interchangeable.

7. "And" and "or" shall be read as interchangeable.

**Instructions**

1. Where any document is withheld, in whole or in part, due to any claim of privilege, please provide a privilege log.

2. Each document requested is to be produced in its entirety, including all non-identical copies and drafts, without abbreviation, expurgation, or redaction in an electronic format consistent with the SEC Data Delivery Standards appended hereto.

3. Each request shall be answered fully unless it is subject to a good faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only, and respond to the remainder of the request.

4. If any document sought by these document requests once was, but no longer is, within Your possession, custody or control, please identify each such document and its present or last known custodian, and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft or other disposal of the document.

5. You are not required to produce exact duplicates of any documents that You have previously produced to the Commission staff. If You exclude any document responsive

- 3 -

to a request on the basis that You have already produced it, please identify by Bates number the responsive documents previously produced.

6. This request is ongoing in nature and You should continue to produce responsive documents as they are found or created on an ongoing basis.

**Documents Requested**

1. All Federal, State, and foreign tax returns filed by or on behalf of You for the relevant period.

2. Documents sufficient to show all accounts You hold, held or beneficially own(ed), directly or indirectly, at foreign and domestic financial institutions including but not limited to banks and brokerage accounts and statements for each of these accounts for the Relevant Period.

3. Documents sufficient to show account statements for each account identified at request (2).

4. Documents sufficient to show all financial accounts over which you have signatory authority.

5. All documents concerning credit cards in your name or held for your benefit including periodic statements reflecting all charges made by or for you.

6. Documents sufficient to show all income received during the Relevant Period, directly or indirectly, including the amount and source of funds.

7. Documents sufficient to show how You receive each income source, directly or indirectly.

8. Documents sufficient to show all persons and entities that receive income on Your behalf.

9. Documents sufficient to show Your affiliation with any entity during the Relevant Period.

10. Documents sufficient to show any interest you hold in any entity.

11. For any business with which You are affiliated, documents sufficient to show your affiliation, projected revenue, financial statements and projections of anticipated income to you.

12. For any business acquired in the last 3 years, documents sufficient to show the name of the business and the purchase price paid or contributed by You.

13. Documents sufficient to show every interest You hold in real property or shares of a property, e.g. a cooperative.

14. Documents sufficient to show every interest You hold in personal property valued at $5,000 or more.

15. All documents concerning any crypto currency you hold directly or indirectly.

16. Documents sufficient to show every safety deposit box you hold, directly or indirectly, and the contents therein.

17. Documents sufficient to show the owner(s) of your residence and any changes thereto in the last 5 years.

18. Documents sufficient to show every transfer of money or property You made, directly or indirectly, in the amount of $5,000 or more during the Relevant Period including every investment and loan made to a person or entity.

19. All documents concerning any transfers of United States Dollars into any other currency by You during the Relevant Period.

20. All documents concerning any withdrawal of cash of more than $1,000 by You during the Relevant Period.

21. Documents sufficient to show all parties who owe You more than $100 or who are holdings funds in excess of $100 to which You have a right or claim.

22. Documents sufficient to show Your net worth.

23. Documents sufficient to show all of Your asset, liabilities, income and expenses over $5,000.

24. Documents sufficient show each statement you have made under oath about your finances, financial prospects, assets, liabilities, income and expenses during the Relevant Period.

25. Documents sufficient to show payments for education expenses made for yourself or others including but not limited to the name of the educational institution, the amounts paid and the source of funds.

26. All documents concerning trusts you created (without date limitations of any kind) including but not limited to assets transferred, beneficiaries, and trustee appointment.

27. All documents concerning funds transferred to any trust (without date limitations of any kind).

28. All documents concerning any trust of which you are the beneficiary.

29. All documents and communications with any book keeper or accounting firm concerning your assets, income, expenses and liabilities.

30. Documents sufficient to show contact information for all financial advisors, tax preparers, bankers, attorneys, accountants, and book keepers.

31.     Documents sufficient to show all court ordered monetary obligations you owe.

Dated:     New York, New York
           August 3, 2021

                                                                 s/Maureen Peyton King
                                                                 Maureen Peyton King
Senior Trial Counsel
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, New York 10281-1022
Tel.:    212-336-0111
E-mail: kingmp@sec.gov

U.S. Securities and Exchange Commission
Data Delivery Standards



# U.S. Securities and Exchange Commission

# Data Delivery Standards

This document describes the technical requirements for paper and electronic document productions to the U.S. Securities and Exchange Commission (SEC).   ***Any questions or proposed file formats other than those described below must be discussed with the legal and technical staff of the SEC Division of Enforcement prior to submission.***

General Instructions……………………………………………………………………………………………… 1

Delivery Formats……………………………………………………………………………………………… 2

    I.   Imaged Productions………………………………………………………………………………3

        1.   Images…………………………………………………………………………………3

        2.   Image Cross-Reference File …………………………………………………………3

        3.   Data File…………………………………………………………………………… 3

        4.   Text………………………………………………………………………………… 3

        5.   Linked Native Files……………………………………………………………………3

    II.   Native File Productions without Load Files………………………………………………… 4

    III.   Adobe PDF File Productions ……………………………………………………………… 4

    IV.   Audio Files ………………………………………………………………………………… 4

    V.   Video Files ………………………………………………………………………………… 4

    VI.   Electronic Trade and Bank Records………………………………………………………… 4

    VII. Electronic Phone Records ………………………………………………………………… 4

    VIII. Audit Workpapers………………………………………………………………………… 5

    IX. Mobile Device Data …………………………………………………………………………5

**General Instructions**

Due to COVID-19 restrictions the current, temporary mailing address for all <u>physical productions</u> sent to the SEC is:
**ENF-CPU, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312**

Electronic files must be produced in their native format, i.e. the format in which they are ordinarily used and maintained during the normal course of business.  For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet.   *(Note:  An Adobe PDF file is <u>not</u> considered a native file unless the document was initially created as a PDF.)*

In the event produced files require the use of proprietary software not commonly found in the workplace, the SEC will explore other format options with the producing party.

The proposed use of file de-duplication methodologies or *computer-assisted review* or *technology-assisted review* (TAR) during the processing of documents must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF).  If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name and file location and, 2) make that unique metadata part of your production to the SEC.

U.S. Securities and Exchange Commission
Data Delivery Standards

General requirements for **ALL** document productions are:

1. A cover letter must be included with each production and should include the following information:
    a. Case number, case name and requesting SEC staff member name
    b. A list of each piece of media included in the production with its unique production volume number
    c. A list of custodians, identifying the Bates range for each custodian
    d. The time zone in which the emails were standardized during conversion
    e. Whether the production contains native files produced from Mac operating system environments
2. Data can be produced on CD, DVD, thumb drive, etc., using the media requiring the least number of deliverables and labeled with the following:
    a. Case number
    b. Production date
    c. Producing party
    d. Bates range (if applicable)
3. All submissions must be organized by **custodian** unless otherwise instructed.
4. All document family groups, i.e. email attachments, embedded files, etc., should be produced together and children files should follow parent files sequentially in the Bates numbering.
5. All load-ready collections should include only one data load file and one image pointer file.
6. All load-ready text must be produced as separate document-level text files.
7. All load-ready collections should account for custodians in the custodian field.
8. All load-ready collections must provide the extracted contents of any container files to ensure all relevant files are produced as separate records.
9. Audio files should be separated from data files if both are included in the production.
10. Only alphanumeric characters and the underscore character are permitted in file names and folder names. Special characters are not permitted.
11. All electronic productions submitted on media must be produced using industry standard self-extracting encryption software.
12. The SEC uses 7zip to access compressed files. Note that the SEC **cannot** accept files that use AES-256 Jpeg or pkAES-256-Cert Deflate compression methods, even if the files are created with 7zip. If you have any questions or need additional information, please reach out to the requesting SEC staff member.
13. Electronic productions of 20 GB or less are strongly encouraged to be submitted via Secure File Transfer. All Secure File Transfers should be sent to the SEC Centralized Production Unit (ENF-CPU@sec.gov) with a CC to the requesting SEC staff member. If you do not have your own Secure File Transfer application, you may reach out to the requesting SEC staff member for a link to the SEC system in order to upload your production. If using the SEC Secure File Transfer system, you will NOT be able to CC individuals outside the SEC on your upload transmission. Note that the SEC **cannot** accept productions made using file sharing sites such as Google Drive, Microsoft Office 365 or Dropbox.
14. Productions containing BSA or SAR material must be delivered on encrypted physical media. The SEC **cannot** accept electronic transmission of BSA or SAR material. Any BSA or SAR material produced should be segregated and appropriately marked as BSA or SAR material, or should be produced separately from other case related material.
15. Passwords for electronic documents, files, compressed archives and encrypted media must be provided separately either via email or in a cover letter apart from the media.
16. All electronic productions should be produced free of computer viruses.
17. Before producing forensically collected images, parties should reach out to the requesting SEC staff member in order to discuss appropriate handling.
18. Before producing unique data sets (large sets of relational data, website reconstruction, chat room data, etc.), parties should reach out to the requesting SEC staff member in order to discuss an appropriate production format.
19. Additional technical descriptions can be found in the addendum to this document.

   ***Please note that productions sent to the SEC via United States Postal Service are subject to Mail Irradiation, and as a result electronic productions may be damaged.***

**Delivery Formats**

I. **Imaged Productions**
   The SEC prefers that all scanned paper and electronic file collections be produced in a structured format including industry standard load files, Bates numbered image files, native files and searchable document-level text files.

   1. **Images**
      a. Black and white images must be 300 DPI Group IV single-page TIFF files
      b. Color images must be produced in JPEG format
      c. File names cannot contain embedded spaces or special characters (including the comma)
      d. Folder names cannot contain embedded spaces or special characters (including the comma)
      e. All image files must have a unique file name, i.e. Bates number
      f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image
      g. The number of image files per folder should not exceed 2,000 files
      h. Excel spreadsheets should have a placeholder image named by the Bates number of the file
      i. AUTOCAD/photograph files should be produced as a single page JPEG file

   2. **Image Cross-Reference File**
      The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format:
      *ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

   3. **Data File**
      The data file (.DAT) contains all of the fielded information that will be loaded into the database.

      a. The first line of the .DAT file must be a header row identifying the field names
      b. The .DAT file must use the following *Concordance®* default delimiters:
         Comma ¶ ASCII character (020)
         Quote þ ASCII character (254)
      c. If the .DAT file is produced in Unicode format it must contain the byte order marker
      d. Date fields should be provided in the format: mm/dd/yyyy
      e. Date and time fields must be two separate fields
      f. The time zone must be included in all time fields
      g. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments
      h. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media.  The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file.
      i. For productions with native files, a LINK field must be included to provide the file path and name of the native file on the produced storage media. The native file must be named after the FIRSTBATES.
      j. BEGATTACH and ENDATTACH fields must be two separate fields
      k. A complete list of metadata fields is available in **Addendum A** to this document

   4. **Text**
      Text must be produced as separate document-level text files, not as fields within the .DAT file. The text files must be named per the FIRSTBATES/Image Key and the full path to the text file (OCRPATH) should be included in the .DAT file. Text files may be in either ANSI or Unicode format, however, ALL text files must be in the same format within the same production. Note that productions containing text with foreign characters must produce text files in Unicode format to preserve the foreign characters. Text files must be in a separate folder, and the number of text files per folder should not exceed 2,000 files. There should be no special characters (including commas) in the folder names. For redacted documents, provide the full text for the redacted version.

   5. **Linked Native Files**
      Copies of original email and native file documents/attachments must be included for all electronic productions.
      a. Native file documents must be named per the FIRSTBATES number
      b. The full path of the native file must be provided in the .DAT file for the LINK field
      c. The number of native files per folder should not exceed 2,000 files

II. **Native File Production without Load Files**
With prior approval, native files may be produced without load files. The native files must be produced as they are maintained in the normal course of business and organized by custodian-named file folders. When approved, native email files (.PST or .MBOX) may be produced. A separate folder should be provided for each custodian.

III. **Adobe PDF File Production**
With prior approval, Adobe PDF files may be produced in native file format.
1. All PDFs must be unitized at the document level, i.e., each PDF must represent a discrete document.
2. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.

IV. **Audio Files**
Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file. The metadata must include, at a minimum, the following fields:

1) Caller Name:             Caller's name or account/identification number
2) Originating Number:      Caller's phone number
3) Called Party Name:       Called party's name
4) Terminating Number:      Called party's phone number
5) Date:                    Date of call
6) Time:                    Time of call
7) Filename:                Filename of audio file

V. **Video Files**
Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

VI. **Electronic Trade and Bank Records**
When producing electronic trade records, bank records, or financial statements, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

VII. **Electronic Phone Records**
When producing electronic phone records, provide the files in the following format:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details. Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeroes as text).
   a. The metadata that must be included is outlined in **Addendum B** of this document. Each field of data must be loaded into a separate column. For example, Date and Start_Time must be produced in separate columns and not combined into a single column containing both pieces of information. Any fields of data that are provided in addition to those listed in **Addendum B** must also be loaded into separate columns.

**VIII. Audit Workpapers**

    The SEC prefers for workpapers to be produced in two formats: (1) With Bates numbers in accordance with the SEC Data Delivery Standards; and (2) in native format or if proprietary software was used, on a standalone laptop with the appropriate software loaded so that the workpapers may be reviewed as they would have been maintained in the ordinary course of business. The laptop must have printing capability, and when possible, the laptop should be configured to enable a Virtual Machine (VM) environment.

**IX. Mobile Device Data**

    Before producing mobile device data (including but not limited to text messages) parties should reach out to the requesting SEC staff member in order to discuss the appropriate production format.

# ADDENDUM A

The metadata of electronic document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated in each record representing an attachment "child" document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided<br>Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT/TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized during conversion.<br>Native: (empty)<br>**This data must be a separate field and cannot be combined with the DATE_SENT field |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion.<br>Email: Time zone<br>Native: (empty) |

6

U.S. Securities and Exchange Commission
Data Delivery Standards

| | | |
|---|---|---|
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| MIME_TYPE | application/msword | The content type of an email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the email or native file document; will vary depending on the format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| LAST_AUTHOR | Jane Doe | Email: (empty)<br>Native: Last Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |
| TIME_CREATED/TIME_ZONE | 10:25 AM GMT | Email: (empty)<br>Native: Time the document was created including time zone<br>**This data must be a separate field and cannot be |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD/TIME_ZONE | 07:00 PM GMT | Email: (empty)<br>Native: Time the document was last modified including the time zone<br>**This data must be a separate field and cannot be |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD/TIME_ZONE | 07:00 PM GMT | Email: (empty)<br>Native: Time the document was last accessed including the time zone<br>**This data must be a separate field and cannot be |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |

7

Rev 12/2020

| | | |
|---|---|---|
| HEADER | Return-Path: <example_from@dc.edu> X-SpamCatcher-Score:1[X] Received:from[136.167.40.119] (HELO dc.edu) by fe3.dc.edu (CommuniGate Pro SMTP4.1.8) with ESMTP-TLS id 61258719 for example_to@mail.dc.edu; Mon, 23 Aug 2004 11:40:10 -0400 Message-ID: <4129F3CA.2020509@dc.edu> Date: Mon, 23 Aug 2005 11:40:36 -400 From: Taylor Evans <example_from@dc.edu> User-Agent:Mozilla/5.0 (Windows;U; Windows NT 5.1; en-US;rv:1.0.1) Gecko/20020823 Netscape/7.0 X-Accept-Language:en-us,en MIME-Version:1.0 To: Jon Smith <example_to@mail.dc.edu> Subject:Business Development Meeting Content-Type: text/plain;charset=us-ascii; format=flowed Content-Transfer-Encoding:7bit | Email: The email header information Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

Sample Image Cross-Reference File:

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000004.TIF,Y,,,
IMG0000005,,E:\001\IMG0000005.TIF,Y,,,
IMG0000006,,E:\001\IMG0000006.TIF,,,,
```

U.S. Securities and Exchange Commission
Data Delivery Standards

# ADDENDUM B

For Electronic Phone Records, include the following fields in separate columns:

For Calls:

1) Account Number
2) Connection Date – Date the call was received or made
3) Connection Time – Time call was received or made
4) Seizure Time – Time it took for the call to be placed in seconds
5) Originating Number – Phone that placed the call
6) Terminating Number – Phone that received the call
7) Elapsed Time – The length of time the call lasted, preferably in seconds
8) End Time – The time the call ended
9) Number Dialed – Actual number dialed
10) IMEI Originating – Unique id to phone used to make call
11) IMEI Terminating– Unique id to phone used to receive call
12) IMSI Originating – Unique id to phone used to make call
13) IMSI Terminating- Unique id to phone used to receive call
14) Call Codes – Identify call direction or other routing information
15) Time Zone – Time Zone in which the call was received or placed, if applicable

For Text messages:

1) Account Number
2) Connection Date – Date the text was received or made
3) Connection Time – Time text was received or made
4) Originating Number – Who placed the text
5) Terminating Number – Who received the text
6) IMEI Originating – Unique id to phone used to make text
7) IMEI Terminating– Unique id to phone used to receive text
8) IMSI Originating - Unique id to phone used to make text
9) IMSI Terminating- Unique id to phone used to receive text
10) Text Code – Identify text direction, or other text routing information
11) Text Type Code – Type of text message (sent SMS, MMS, or other)
12) Time Zone – Time Zone in which the call was received or placed, if applicable

For Mobile Data Usage:

1) Account Number
2) Connection Date – Date the data was received or made
3) Connection Time – Time data was received or made
4) Originating number – Number that used data
5) IMEI Originating – Unique id of phone that used data
6) IMSI Originating - Unique id of phone that used data
7) Data or Data codes – Identify data direction, or other data routing information
8) Time Zone – Time Zone in which the call was received or placed, if applicable

Rev 12/2020