UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 13-cv-416 |
| v. | |
| SHAVERS, ET AL. | |
| Defendants, | |

**PLAINTIFF SEC'S MOTION FOR ENTRY OF A CIVIL CONTEMPT ORDER
AGAINST DEFENDANT TRENDON SHAVERS**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully requests that this Court issue a civil contempt order against Trendon Shavers ("Shavers").  The Commission sought contempt against Shavers because he had failed to pay the $40.4 million disgorgement obligation ordered by this Court on September 19, 2014.

On January 6, 2022, the Court held a hearing on the Commission's contempt application. Following the hearing, the parties met and agreed to terms which were incorporated into the Court's Order entered on January 13, 2022 (Dkt. #100) requiring Shavers, among other things to: (i) respond to the Commission's request for sworn financial statements and supporting documents in the form provided by the Commission no later than January 21, 2022; and (ii) provide all documents sought in the Commission's document request (Dkt. #97), no later than January 31, 2022.  The Order further stated that: "[t]he Court's finding of contempt shall be held in abeyance unless and until Shavers violates the terms of this Order and the Commission seeks entry of a contempt order."

As of this date, Defendant Shavers has not provided sworn financial statements to the Commission and provided only some of the documents the Commission sought in its document request.  Commission counsel contacted Shavers about the delinquent documents and Shavers indicated that he would provide the sworn financial statements and see what documents still need to be produced – but he has not.  As no sworn financials have been submitted, the Commission respectfully requests entry of a contempt order against Shavers and all relief appropriate in the premises.

| | | |
|---|---|---|
| Dated: | Wantagh, New York<br>February 15, 2022 | s/ Maureen Peyton King<br>Maureen Peyton King<br>Senior Trial Counsel<br>Securities and Exchange Commission<br>New York Regional Office<br>200 Vesey Street, Room 400<br>New York, NY 10281-1022<br>Tel.: 212-336-0111<br>E-mail: kingmp@sec.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **13-cv-416** |
| v. | |
| **SHAVERS, ET AL.** | |
| **Defendants,** | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SEC'S MOTION FOR ENTRY OF A CIVIL CONTEMPT ORDER AGAINST DEFENDANT TRENDON SHAVERS**

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), respectfully submits this memorandum of law in support of Plaintiff SEC's Motion for Entry of a Civil Contempt Order Against Defendant Trendon Shavers ("Shavers") ("Motion") along with a supporting declaration of Maureen Peyton King ("King Decl.").

## BACKGROUND

As described more fully in the Commission's contempt application, DE 94, on July 23, 2013, the Commission filed a complaint alleging that Shavers defrauded investors with a Ponzi scheme involving Bitcoin. DE 1. On September 19, 2014, this Court entered Judgment obligating Shavers and an entity he controlled to pay disgorgement and prejudgment interest of $40,404,667. DE 90. The Amended Judgment also requires Shavers to pay a $150,000 civil penalty, which is not being sought in this proceeding. *Id*. To date, Shavers has paid $400 toward the Judgment – and only after a January 6, 2022 hearing on the Commission's application for a finding of contempt against Shavers for his failure to pay the Judgment. King Decl. ¶4.

Following the contempt hearing, the Court's Order required Shavers, among other things, to: (i) respond to the Commission's request for sworn financial statements and supporting documents in the form provided by the Commission no later than January 21, 2022; and (ii) provide all documents sought in the Commission's document request (Dkt. #97), no later than January 31, 2022. The Order further stated that: "[t]he Court's finding of contempt shall be held in abeyance unless and until Shavers violates the terms of this Order and the Commission seeks entry of a contempt order." DE 100.

Shavers did not provide a sworn financial statement as ordered. King Decl. ¶5. In fact, in a January 21, 2022 letter-response Shavers emailed to the SEC along with some documents, Shavers stated that: "[i]ncome accounting is burdensome due to the nature of work." King Decl.

1

¶7, Ex. 2.  Despite efforts to get Shavers to comply with the Order, and Shavers' representation on Tuesday, February 1, 2022 that the Commission would receive the Sworn Financial Statement "by Friday," he has not produced the Sworn Financial Statement as ordered.  King Decl. ¶7, Ex. 3.  Shavers also has not provided all of the documents the Commission sought in its document request.  DE 97, Ex. 1.  The Commission's document request defines the relevant period as January 1, 2018 through the present and seeks 31 categories of documents.  *Id.*  While Shavers claims not to have documents responsive to every category of documents, even for categories where he has produced documents, he has not produced documents for the entire relevant period for certain categories including tax returns.   King Decl. ¶7, Ex. 2.

## ARGUMENT

**A. Shavers' Failure to Pay His Disgorgement Obligation and His Disregard for the Court's Order Concerning Post-Judgment Discovery Constitutes Civil Contempt of This Court's Judgment.**

The Commission set forth the applicable civil contempt standard and Shavers' failure to pay the Judgment in its application.  In short, in the Fifth Circuit, "[t] he movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 401 (5th Cir.1987) (internal citations omitted). *See also Travelhost, Inc. v. Blandford*, 68 F3d 958, 961 (5th Cir. 1995).  "Inability to comply is only a complete defense if [the defendant] cannot pay *any* of the judgment; otherwise, he must pay what he can." *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 17 (D.D.C. 2000) (internal citations omitted) (emphasis added).

- 3 -

### B. The Commission Has Shown Shavers' Contempt of the Court's Judgment.

All of the requisite elements to establish contempt are present here.  This Court's Judgment clearly and unambiguously imposed a disgorgement obligation in its Judgment that Shavers has not satisfied.  DE 90; King Decl. ¶3.  Further, Shavers has not complied with the post-judgment discovery order, DE 100, to provide sworn financials and all requested documents.  King Decl. ¶5-6.

Shavers cannot claim satisfying the Judgment or complying with post-judgment discovery is impossible.  Indeed, Shavers' testified at the contempt hearing that he makes around $4,000 per month.  King Decl. ¶8, Ex. 4.  What's more, Shavers' own emails acknowledge that he did not timely comply with the Court's post-judgment discovery order to produce sworn financials.  Indeed, Shaves has neither produced all of the required documents nor produced the sworn financials. King Decl. ¶7, Ex. 3.

### C. The Court Should Impose Remedial Sanctions.

The Commission respectfully requests that the Court hold Shavers in civil contempt and impose appropriate relief until Shavers complies with the Court's Orders by providing the ordered discovery and paying the Commission what he can toward his Judgment obligation.

- 4 -

## **CONCLUSION**

For the reasons set forth above, the Court should grant the Commission's motion for an order requiring Shavers to show cause, if any, why he should not be held in civil contempt for failure to abide by the Orders of the Court .

Dated: Wantagh, New York  
       February 15, 2022

s/ *Maureen Peyton King*  
Maureen Peyton King  
Marsha Massey  
Securities and Exchange Commission  
New York Regional Office  
200 Vesey Street, Room 400  
New York, NY 10281-1022  
Tel.: 212-336-0111 (King)  
E-mail:  kingmp@sec.gov