UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                        Plaintiff,<br><br>v.<br><br>SHAVERS, ET AL.<br><br>                                        Defendant, | 13-cv-416 |

**STATUS REPORT AND MOTION TO REINSTATE CIVIL CONTEMPT
PROCEEDINGS AGAINST DEFENDANT TRENDON SHAVERS**

Maureen Peyton King
Marsha C. Massey
Judith A. Weinstock
Securities and Exchange Commission
New York Regional Office
100 Pearl Street, Room 20-100
New York, NY 10004
Tel.: 212-336-0111 (King)
E-mail:  kingmp@sec.gov
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

June 30, 2022

## PRELIMINARY STATEMENT

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), respectfully submits this Motion to Reinstate Civil Contempt Proceedings Against Defendant Trendon Shavers ("Shavers") ("Motion").

## BACKGROUND

On July 23, 2013, the Commission filed a complaint alleging that Shavers defrauded investors with a Ponzi scheme involving Bitcoin.  This Court entered its Amended Final Judgment on September 9, 2014 ("Judgment") (Docket Entry ("DE") 90), which required Shavers to pay disgorgement and prejudgment interest totaling $40.4 million ("Disgorgement Obligation"). *Id.*  In order to collect the Judgment, the SEC took steps including filing an application to have Shavers held in contempt for failing to make payments toward the Judgment despite an ability to do so. DE 102.

The Court held a contempt hearing on January 6, 2022 ("Jan. 6 Hearing").  During the Jan. 6 Hearing, Shavers testified that he earns around $4,000 a month for his work as an automotive technician and from providing tech support.  Jan. 6 Hearing Transcript ("Jan. 6 tr.") 6.  Shavers also testified that he had received a $100,000 cash-loan from a family member.  Jan. 6 tr.  25.

Following the Jan. 6 Hearing, the Court held contempt in abeyance and ordered Shavers to provide documents and sworn financials and to make payments of $400 per month for six months ("Order").  DE 100.  Shavers violated the Court's Order by failing to: provide sworn financial statements and make some of the ordered monthly payments.  The Court then ordered another hearing.  Ahead of that hearing, the SEC advised the Court that Shavers agreed to: (i) cure the payment delinquency by paying the SEC $800 by May 13, 2022; (ii) continue making

payments of $400 per month going forward with the amount to be reassessed annually (and to provide documents such as tax returns upon request); (iii) provide non-notarized sworn financial statements by email; and (iv) provide notarized sworn financial statements by no later than June 24, 2022. DE 104. As requested, the Court cancelled the hearing; ordered the SEC to provide a status update by July 1, 2022; and ordered Shavers, among other things, to cure his $800 delinquency and make monthly $400 payments to the SEC. DE 105. On June 8, 2022, the Court denied the contempt motion subject to reinstatement at the request of the SEC. DE 106. Shavers provided SEC counsel with non-notarized financials but has otherwise violated the Court's Order as he has not provided notarized sworn financial statements, nor cured his delinquency by paying $800, nor made subsequent monthly payment(s).

Shavers has not responded to the SEC's emails seeking to discuss his failure to make payments and provide notarized financials. Thus, it appears Shavers will not comply with the Court's orders voluntarily. In addition, the SEC has learned that Shavers may have access to previously undisclosed cryptocurrency assets. Accordingly, the SEC files this Motion to update the Court as ordered and to seek reinstatement of the contempt proceedings for Shavers' violations of the Court's Final Judgment and order to make payments. DE 90, 105.

## ARGUMENT

### A. Shavers' Failure to Pay His Disgorgement Obligation and Comply with the Payment Plan Order Constitutes Civil Contempt of This Court's Judgment.

#### a. Contempt Standard.

As set forth more fully in the SEC's application for contempt, "[a] party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Financial Group of Texas, Inc.,* 659 F.2d 660, 669 (5th Cir.1981). Courts

have the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also* Fed. R. Civ. P. 70 (where a judgment requires a specific act, courts may hold a disobedient party in contempt). Here, Shavers has clearly defied the Court's Final Judgment and Payment Plan Order ("Orders") by failing to make payments to the SEC. Shavers testified at the Jan. 6 Hearing that he has an income and agreed to make $400 monthly payments. It is indisputable that he has knowledge of the Orders and some means to pay the SEC. Thus, Shavers' failure to do so is contemptuous.

"The hallmark of civil contempt is that the sanction imposed is only contingent and coercive….Civil contempt, moreover, has a remedial purpose— compelling obedience to an order of the court for the purpose of enforcing the other party's rights, or obtaining other relief for the opposing party." *Int'l Business Machines Corp. v. U.S.*, 493 F.2d 112, 115 (2d Cir. 1973) (internal citations omitted). *See also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (civil contempt is remedial and "is a sanction to enforce compliance with an order of the court…."). The severity of the sanction, even jail, does not change civil contempt to criminal contempt. *Int'l Business Machines Corp.* at 116 (internal citations omitted). The choice of civil contempt remedies is essentially a monetary sanction or incarceration. Here, incarceration is the most appropriate means to compel compliance as Shavers already owes a $40 plus million dollar Judgment. Adding to that amount will not likely incentivize Shavers to pay. Shavers has acknowledged an ability to pay – and *agreed* to make $400 per month payments. Thus, the threat of certain incarceration is most likely to end Shavers' contumacious behavior.

## CONCLUSION

For these reasons, the SEC respectfully requests that the Court hold Shavers in civil contempt and order Shavers incarcerated unless he commences monthly $400 payments due by the 10th of each month after entry of this Order.

Dated: Wantagh, New York  
       June 30, 2022

s/ *Maureen Peyton King*  
Maureen Peyton King  
Marsha C. Massey  
Judith A. Weinstock  
Securities and Exchange Commission  
New York Regional Office  
100 Pearl Street, Room 20-100  
New York, NY 10004  
Tel.: 212-336-0111 (King)  
E-mail:  kingmp@sec.gov